IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ARTURO MORENO, JR., et. al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 05-142C |
| v. | ) |
| | ) (Judge Firestone) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S OUT OF TIME MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, PLAINTIFFS' FIRST SET OF INTERROGATORIES, AND PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS ACCOMPANYING ITS NOTICE OF DEPOSITION OF WAYNE COLEMAN

Pursuant to the Court's order dated April 3, 2006, the Court bifurcated the issues of liability and damages in this case, and ordered that "[d]iscovery shall proceed on liability" and "[d]iscovery regarding damages is stayed." Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant requests an enlargement of time of 25 days, to and including August 4, 2006, within which to respond to plaintiffs' First Request for Production Of Documents, First Set Of Interrogatories, and Request For Production Of Documents Accompanying its Notice of Deposition of Wayne Coleman. Our response was due, by agreement of the parties, on July 10, 2006. This is our first request to the Court for an enlargement of time for this purpose. Plaintiffs' counsel has indicated that he opposes an enlargement of time for this purpose.

BACKGROUND FACTS

On or about May 15, 2006, plaintiffs sent by postal mail and

electronic mail its First Request for Production of Documents, its First Set of Interrogatories, and a Request for Production of Documents accompanying a notice of deposition. See Exhibit 1. On June 14, 2006, prior to the expiration of the standard 30-day period for responses, the parties agreed to extend the response deadline until July 10, 2006. See Exhibit 2 (electronic email and letter requested by plaintiffs' counsel to memorialize the agreement by counsel for defendant and counsel for plaintiffs counsel).

On July 7, 2006, upon approaching the agreed-upon deadline of July 10, 2006, defendant's counsel realized that it would not be possible to meet this deadline, and sent a revised proposed schedule to plaintiffs' counsel by postal mail and electronic mail. See Exhibit 3. After discussing this proposal with plaintiffs' counsel on the telephone on July 10, 2006, defendant proceeded to follow the proposed revised schedule upon the basis that plaintiffs' counsel had indicated that he was adverse to proceeding by motion, and pending plaintiffs' counsel's written response. Plaintiffs' counsel was notified of this action by electronic mail. See Exhibit 4.

On the afternoon of July 12, 2006, plaintiffs' counsel asserted by electronic mail that all of defendant's objections had been waived by not asserting those objections on or before July 10, 2006. See Exhibit 5. In order to preserve its

objections, which it clearly did not waive, considering the parties' ongoing discussion of the matter of the appropriate response deadline, defendant files this out of time motion for an enlargement of time.[1]

REASONS FOR AN ENLARGEMENT OF TIME

Defendant requires an enlargement of time for three reasons. First, since the parties' agreement on June 14, 2006, agency counsel has left the agency, requiring newly assigned agency counsel rapidly to become familiar with the case. Second, plaintiffs' requests, if interpreted literally, go far beyond the scope of the Court's order limiting discovery to the issue of liability, and have caused significant effort by defendant and agency counsel in attempting to determine what documents might be responsive or relevant to the claims of any of the more than 500 individual plaintiffs, and in contacting various Government entities that could possess such documents. The fact that this case also presently involves over 500 individual plaintiffs, compounds the issue of unduly burdensome requests, forcing defendant to determine and accomplish a reasonable response in a

[1] Obviously, had plaintiffs' counsel clearly stated on July 10, 2006, that it believed that proceeding by motion was the only means whereby defendant could preserve its objections because plaintiffs would otherwise argue that all objections had been waived, defendant would have filed a timely motion for an enlargement of time. Plaintiffs' delayed response on July 12, 2006, is the only reason defendant has necessarily filed this motion out of time.

very limited amount of time.

Finally, defendant's counsel has had numerous other responsibilities competing for his time. Among other assignments, defendant's counsel was unexpectedly required to address the issue of additional notice and payments to plaintiffs in the related case of Porta v. United States, No. 05-14210 (Fed. Cl.), and was required to prepare for and argue a substantive dispositive motion before this Court on July 6, 2006, in Harper/Nielsen-Dillingham Builders, Inc. v. United States, No. 05-269C (Fed. Cl.), and an appeal before the Court of Appeals for the Federal Circuit on July 10, 2006, in BENMOL Corp. v. Paulson, No. 05-1532 (Fed. Cir.). Defendant's counsel also has been preparing initial disclosures in California Human Development Corp. v. United States, No. 05-1029C (Fed. Cl.), now due by agreement of the parties on July 14, 2006, and discovery responses in Porta, due to plaintiffs' counsel on July 17, 2006. Defendant's counsel was also responsible for obtaining detailed affidavits from personnel at over twenty armed services facilities to be filed on July 5, 2006, ensuring that the affidavits fully complied with an order of this Court in United Medical Supply Co. v. United States, No. 05-289C (Fed. Cl.).

In the upcoming weeks, defendant's counsel also will be required to file defendant's motion for summary judgment in Delpin-Aponte v. United States, No. 05-1043 (Fed. Cl.), and

formal appellate briefs in Bannum, Inc. v. United States, et. al, No. 06-5066 (Fed. Cir.), and Bolden v. Department of Veterans Affairs, No. 06-3158 (Fed. Cir.). For these reasons, defendant's counsel has not been able to meet the deadline to which the parties had agreed on June 14, 2006, and defendant's counsel anticipates that defendant's responses will require until August 4, 2006.

For the foregoing reasons, defendant requests that the Court grant this motion for an enlargement of time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Jeffrey S. Pease
JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 307-0292
Fax: (202) 514-8624

July 13, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 13th day of July 2006, a copy of the foregoing "DEFENDANT'S OUT OF TIME MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, PLAINTIFFS' FIRST SET OF INTERROGATORIES, AND PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS ACCOMPANYING ITS NOTICE OF DEPOSITION OF WAYNE COLEMAN" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jeffrey S. Pease

# EXHIBIT 1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**ARTURO MORENO, JR.,**
**individually and on behalf of others similarly situated,**

**Plaintiffs,**

**v.**

**No. 05-142C**
**Judge Firestone**

**THE UNITED STATES OF AMERICA, et al.,**

**Defendants.**

---

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

In accordance with Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiffs request that the Defendant produce the following documents, records and things for inspection and copying at the Law Office of Dan Getman, 9 Paradies Lane, New Paltz, NY 12561 on or before 30 days from the date of service of this request. (Please take notice of the provisions of Rule 34(b) requiring a party to whom a request is directed, to serve a written response thereto within thirty (30) days after service of the request.)

In accordance with the provisions of Rule 34(b), the Defendant is to organize and label these documents, records and data to correspond with the numbered paragraphs, subparagraphs, and categories in this request.

If a document could be produced with respect to a narrow request or a more general request, it shall be organized and submitted with respect to the more narrow request.

The Plaintiffs request a written response to the requests for production setting forth with respect to each request whether such documents exist, whether inspection will be permitted as requested, and if not, stating specifically defendant's objections to inspection.

You are under a duty to produce any documents in your possession, custody or control, or

in the possession, custody or control of any agent, attorney, accountant, partner, officer or employee of the Defendant and all other from whom you may freely secure these documents and things.

Any objections on the basis of a privilege must be accompanied by a privilege log stating the type of document, date of the document, its subject matter, the author, any recipients, and the basis of the privilege.

In the event that any document called for by this request has been destroyed or discarded or otherwise disposed of, that document is to be identified as completely as possible, including, without limitation, the following information: (I) identify each and every author of the document; (ii) identify each and every addressee or recipient of the document; (iii) state the date and subject matter of the document; (iv) state the date and reason for disposal of the document; (v) identify each and every person who authorized disposal and/or disposed of the document.

This request is continuing and requires prompt supplemental production if any additional responsive documents are found, become available, or are created. RCFC 26(e).

**DEFINITIONS**

The following definitions apply to the discovery requests: (1) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise); (2) The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in RCFC 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term; (3) When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification

of that person; (4) When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s); (5) The term "Defendant" as well as the Defendant's full or abbreviated name or a pronoun referring to the Defendant mean the Defendant and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates; (6) The term "person" is defined as any natural person or any business, legal or governmental entity or association; (7) The term "concerning" means relating to, referring to, describing, evidencing or constituting; (8) The term "FLETC" means the Federal Law Enforcement Training Center; (9) The terms "Defendant" or "Defendants"(including their possessive forms) refers to Defendants individually and together or in any grouping (including members of the putative class), as well as their employees, agents, partners, accountants, attorneys, joint venturers and businesses, successors, predecessors, divisions, subdivisions, and affiliates, individually or jointly in any combination; (10) The term "legacy INS employees" means employees of the Immigration and Naturalization Service or any successor entity, such as the Bureau of U.S. Citizenship and Immigration Services of the United States Department of Homeland Security; (11) The term Plaintiffs (including the possessive form) means all legacy INS employees who trained at the FLETC for six days in a week but were paid for only 5 days of work; and (12) The term "named Plaintiff" (including the possessive form) refers to named Plaintiff Moreno.

The following rules of construction apply to these discovery requests: (1) The terms "all" and "each" shall be construed as all and each; (2) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; (3) The use of the singular form of any word includes the plural and vice versa.

In all instances the terms of these requests are to be interpreted broadly and expansively. These requests are to be read to apply to the broadest quantity of materials to which they could pertain.

When responsive documents pertain to different individuals, the response shall segregate such documents by the individuals to which they pertain.

**THE DOCUMENTS AND THINGS TO**
**BE PRODUCED ARE AS FOLLOWS:**

1. All documents concerning the Plaintiffs' work and training (whether at the FLETC or elsewhere) including but not limited to:

    a. All hours and dates of work or training;

    b. Remuneration;

    c. Bonuses or commissions (or nonpayment of bonuses or commissions);

    d. Deductions from pay;

    e. Expense reimbursements;

    f. Employment Benefits;

    g. Job or training duties;

    h. Job or training performance;

    i. Application for employment;

    j. Job references;

    k. Personnel file;

    l. Termination.

2. All documents concerning any employee alleged to be supervised by the Plaintiffs from January 1, 2002 through August 31, 2003, including but not limited to:

    a. All hours and dates of work or training;

b. Remuneration;

c. Bonuses or commissions (or nonpayment of bonuses or commissions);

d. Deductions from pay;

e. Expense reimbursements;

f. Employment Benefits;

g. Job or training duties;

h. Job or training performance;

i. Application for employment;

j. Job references;

k. Personnel file;

l. Termination.

3. All documents concerning any registers, statements, or other bookkeeping or ledger with respect to the payment of wages or benefits to the Plaintiffs.

4. All documents concerning hours and dates of work or training (whether at the FLETC or elsewhere), remuneration, job or training duties, job or training performance, for any persons trained at the FLETC at any time from January 1, 1999 through the present who were required to train for 6 days a week and were paid for 6 days of work.

5. All blank forms used by Defendant or the FLETC to record hours or wages of any employee during his or her training at the FLETC from January 1, 1999 through the present.

6. All documents concerning any payments made to Plaintiffs for training more than 5 days in a week.

7. Any handbook or statements of policies pertaining to the Plaintiffs. Include all prior versions of such handbooks which were applicable to the Plaintiffs during their work.

8. All documents concerning the Defendant's overtime policies with respect to Plaintiffs.

9. All documents concerning the Defendant's payment or non-payment of wages or overtime wages for a 6th day of training in a week at any facility to any employee.

10. All documents concerning the Defendant's payment or non payment of its employees for hours spent training (whether at the FLETC or elsewhere).

11. All documents related to the U.S. Office of Personnel Management position on the Defendant's obligation to pay Plaintiffs overtime wages for the 6th day of training each week at the FLETC from January 1, 1999 through the present.

12. All documents related to any changes in the U.S. Office of Personnel Management position on the Defendant's obligation to pay employees for training, from January 1, 1999 through the present.

13. All documents concerning the training of legacy INS employees at any facility, including the FLETC, from January 1, 1999 through the present.

14. All documents relating to the Defendant's compliance with the Fair Labor Standards Act

15. All documents relating to compliance with the Fair Labor Standards Act at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained.

16. All documents related to the posting of notice explaining the Fair Labor Standards Act, as prescribed by the Wage and Hour Division, in conspicuous places at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained.

17. All documents concerning any advice or opinions the Defendant received concerning the payment of wages or overtime wages for training and compliance with the Fair Labor Standards Act.

18. All documents concerning communication between any governmental entity and the

Defendant or its agents regarding payment of wages or overtime wages for training, including without limitation training at the FLETC.

19. All documents concerning any review, investigation, communication or opinion pertaining to the legality or propriety of the Defendant's non-payment of wages or overtime wages for training, including without limitation training at the FLETC.

20. All documents concerning the Defendant's reasonable grounds for not paying Plaintiffs wages or overtime wages for the 6th day of training at the FLETC in the pay period that the training was performed.

21. All documents showing concerning the Defendant's good faith in failing to pay Plaintiffs wages or overtime wages for the 6th day of training at the FLETC in the pay period that the training was performed..

22. All documents concerning the laws concerning the Defendant's responsibility to pay wages or overtime wages for training.

23. All documents concerning any investigation of any of the Plaintiffs or the claims raised in this case.

24. All documents concerning public statements by the Defendant regarding the payment or non-payment of wages or overtime wages for training, including without limitation wages or overtime wages for a 6th day of training in a week, including any postings on the internet.

25. All documents concerning any communications by the Defendants regarding its policies for remunerating employees for time spent training, including time spent training at the FLETC.

26. All documents concerning communications between the Defendants and anyone employed by it from January 1, 1999 through the present regarding remuneration for time spent training, including time spent training at the FLETC.

27. All documents concerning communications between any FLETC personnel and anyone employed by the Defendant from January 1, 1999 through the present, regarding remuneration for time spent training.

28. All e-mails to and from any of the Plaintiffs concerning training or payment for training.

29. All e-mails concerning the training or payment for training for any of the Plaintiffs.

30. All documents concerning any complaints by any individual or entity concerning the Defendant's non-payment of wages or overtime wages for a 6th day of training in a week. Include any informal or formal complaints, responses, analyses, settlements, or resolutions and all other related documents.

31. All statements or writings or documents signed or authored or purportedly transcribing or recording statements of the Plaintiffs concerning their employment, pay, or leave, or matters related to the claims or defenses herein.

32. All union contracts applicable to any persons the Defendant required to train for 6 days in a week from January 1, 1999 through the present.

33. All documents concerning the Defendant relating to:
   a. Whether any other individual or entity, named or unnamed, may be liable to the Plaintiffs herein.

   b. Any agreements under which any individual or entity may be liable for any part of a judgment entered herein.

34. All documents concerning the veracity of the Plaintiffs.

35. All complaints, answers, judgments or settlements of all lawsuits involving the Defendants concerning the payment of wages or overtime wages for employee training.

36. All documents received by the Defendant pursuant to any authorization provided by any of the Plaintiffs.

37. All documents received by the Defendant pursuant to subpoena in this action.

38. All documents or other tangible evidence concerning any of the Defendant's affirmative

defenses, organized by the defense to which such evidence, if any, pertains.

39. All documents concerning an agreement with any former or current employee of the Defendant who at any time raised any claim under the FLSA or other wage payment statute regarding the payment of wages or overtime for training, which agreement promised,
   a. not to voluntarily cooperate with any other individual;
   b. not to disclose facts, occurrences, settlements or other matter pertaining to such claim; or
   c. to supply notice to the Defendants concerning a subpoena or other inquiry.

40. All documents identified in any initial mandatory disclosure required by RCFC 26(a).

41. Any and all documents or other tangible evidence which the Defendant will proffer as evidence at trial of this matter. Please identify all such documents, but only produce those documents or pieces of evidence <u>not previously produced in a previously numbered request in this request</u>. However, any documents which have been previously produced should be identified in response to this request but not produced again.

Dated: New Paltz, New York
May 15, 2006

Respectfully submitted,

Michael J.D. Sweeney
9 Paradies Lane
New Paltz, New York 12561
(845) 255-9370

Counsel to Plaintiffs

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
**ARTURO MORENO, JR.,**
**individually and on behalf of others similarly situated,**

**Plaintiffs,**

**v.**

**No. 05-142C**
**Judge Firestone**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

---

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

In accordance with Rule 33 *et seq.* of the of the Rules of the United States Court of Federal Claims ("RCFC"), the Plaintiffs request that the Defendant answer the interrogatories attached.

Please take notice of the provisions of Rule 33(b) requiring a party to whom a request is directed, to serve a written response thereto within thirty (30) days after service of the request.

Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objections shall be stated in lieu of an answer. If you cannot answer any one or sub-part of an interrogatory that requires an answer in more than one part, the parts should be separated in the answer so that each is clearly understandable. If you cannot answer any one or sub-part of an interrogatory in full, after exercising due diligence to secure the information to do so, explicitly so state. Answer every other interrogatory and sub-part and give any information in your possession which may answer the interrogatory or sub-part which you cannot answer in full or which may lead to the plaintiffs' discovering the answer thereto.

The answers are to be signed by the person making them, and the objections, if any, signed by the attorney making them. The Defendant shall serve a copy of the answers, and objections if any, within thirty (30) days after the service of the interrogatories. All answers should comply with the requirements of Rule 33 and should be supplemented in accordance with Rule 26(e) if you obtain further or different information after your initial answer and before trial.

In answering the interrogatories include all pertinent information known to attorneys for the Defendant in addition to the personal knowledge of the Defendant. State whether the information furnished is within the personal knowledge of the person answering, and, if not, the name, if known of each person to whom the information is a matter of personal knowledge. Identify each person who assisted or participated in preparing and/or supplying any of the information given in answer to or relied upon in preparing answers to these interrogatories as part of the answer to that interrogatory. Identify by date, description, location and custodian each document relied upon or which forms a basis for the answer given or the substance of what is given in answer to these interrogatories.

Any question which requires an answer in the singular includes an answer in the plural, and any question which requires an answer in the plural includes an answer in the singular.

Any interrogatory propounded to you inquiring as to your knowledge or conduct is also directed to the knowledge or conduct of any persons, entities, associates, employees, associations or organizations in or over which you have a legal or equitable interest or authority.

**DEFINITIONS**

The following definitions apply to the discovery requests: (1) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise); (2) The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in RCFC 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term; (3) When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person; (4) When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s); (5) The term "Defendant" as well as the Defendant's full or abbreviated name or a pronoun referring to the Defendant mean the Defendant and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates; (6) The term "person" is defined as any natural person or any business, legal or governmental entity or association; (7) The term "concerning" means relating to, referring to, describing, evidencing or constituting; (8) The term "FLETC" means the Federal Law Enforcement Training Center; (9) The terms "Defendant" or "Defendants"(including their possessive forms) refers to Defendants individually and together or in any grouping (including members of the putative class), as well as their employees, agents, partners, accountants, attorneys, joint venturers and businesses, successors, predecessors, divisions, subdivisions, and

affiliates, individually or jointly in any combination; (10) The term "legacy INS employees" means employees of the Immigration and Naturalization Service or any successor entity, such as the Bureau of U.S. Citizenship and Immigration Services of the United States Department of Homeland Security; (11) The term Plaintiffs (including the possessive form) means all legacy INS employees who trained at the FLETC for six days in a week but were paid for only 5 days of work; and (12) The term "named Plaintiff" (including the possessive form) refers to named Plaintiff Moreno.

The following rules of construction apply to these discovery requests: (1) The terms "all" and "each" shall be construed as all and each; (2) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope; (3) The use of the singular form of any word includes the plural and vice versa.

In all instances the terms of these requests are to be interpreted broadly and expansively. These requests are to be read to apply to the broadest quantity of materials to which they could pertain.

When responses pertain to different individuals, the responses shall be segregated by the individuals to which they pertain.

INTERROGATORIES

1. Identify the individuals responsible for determining the Plaintiffs' training schedules at the FLETC.

2. Identify the individuals responsible for administering the Defendant's payroll to Plaintiffs for hours training at the FLETC and for hours working at other locations.

3. Identify what entities provide the funds to pay the Plaintiffs overtime wages for the 6th day of training at the FLETC.

4. Identify any training facilities other than the FLETC in Glynco, Georgia at which legacy INS employees trained from January 1, 1999 through the present.

5. Identify all documents describing the Defendant's payment policies for legacy INS employees' training from January 1, 1999 through the present.

6. Identify the individuals responsible for setting the Defendant's payment policies for training of legacy INS employees from January 1, 1999 through the present.

7. Identify the individuals involved in the decision to pay the Plaintiffs wages for the 6th day of training at the FLETC.

8. Identify any legacy INS employees assigned to work at the FLETC on a full time basis from January 1, 1999 through the present.

9. Identify the individuals at the FLETC was responsible for responding to questions from Plaintiffs regarding hours of training and compensation for training from January 1, 2002 until the present.

10. Identify the individuals responsible for the Defendant's compliance with the Fair Labor Standards Act minimum wage and overtime provisions from January 1, 1999 through the present.

11. Identify the individuals responsible for compliance with the Fair Labor Standards Act at the FLETC from January 1, 1999 through the present.

12. Identify any documents that provide any part of the reasonable grounds upon which the Defendant relied for not paying the Plaintiffs overtime wages for the 6th day of training at the FLETC with their regular pay for the training period.

13. Identify all individuals with knowledge of any part of the reasonable grounds upon which the Defendant relied for not paying the Plaintiffs overtime wages for the 6th day of training at the FLETC with their regular pay for the training period.

14. Identify all individuals with knowledge of any part of the grounds upon which the Defendant relies for not paying the Plaintiffs liquidated damages pursuant to 29 U.S.C. §216(b) for failure to pay overtime wages for the 6th day of training at the FLETC.

15. Identify precisely where at the FLETC the Defendant posted notice explaining the Fair Labor Standards Act, as prescribed by the Wage and Hour Division from January 1, 2002 until August 23, 2003.

16. Identify the individuals responsible for ensuring that notice explaining the Fair Labor Standards Act, as prescribed by the Wage and Hour Division, was posted in conspicuous places at the FLETC from January 1, 2002 until August 23, 2003.

17. Identify precisely where at the establishments that the Plaintiffs were employed the Defendant posted notice explaining the Fair Labor Standards Act, as prescribed by the Wage and Hour Division from January 1, 2002 until the present.

18. Identify the individuals responsible for ensuring that notice explaining the Fair Labor Standards Act, as prescribed by the Wage and Hour Division, was posted in conspicuous places at the establishments that the Plaintiffs were employed from January 1, 2002 until the present.

19. What has been the Defendant's policy(ies) with respect to the payment of overtime wages to the Plaintiffs since January 1, 1999 through the present, including the policy with respect to overtime wages for training.

20. What was the legal basis for the Defendant's failure to pay the Plaintiffs overtime wages for the 6th day of training at the FLETC in the pay period that the training was performed.

21. What is the legal basis for the Defendant's refusal to pay the Plaintiffs liquidated damages in this action as required under 29 U.S.C. 216(b).

22. What are the facts supporting the Defendant's good faith and reasonable grounds for believing that not paying the Plaintiffs overtime wages for the 6th day of training at the FLETC was not a violation of the Fair Labor Standards Act.

23. What are the reasons for the time between the Defendant's decision to pay Plaintiffs back pay for the 6th day of training at the FLETC and the actual payment of those wages.

24. What is the legal basis for failing to pay the Plaintiffs back pay for the 6th day of training at the FLETC when the Defendant acknowledged the pay was due.

Dated: New Paltz, New York
May 15, 2006

Respectfully submitted,

By: ______________________

Michael J.D. Sweeney, Esq.
9 Paradies Lane
New Paltz, New York 12561
(845) 255-1884
Fax (845) 255-8649
msweeney@getmanlaw.com

Counsel to Plaintiffs

I, ________________, declare under penalty of perjury that the foregoing answers are true, complete and correct.

Dated:

______________________
Signature

______________________
Name

______________________
Title

______________________

______________________

______________________
Address

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**ARTURO MORENO, JR.,**
**individually and on behalf of others similarly situated,**

**Plaintiffs,**

**v.**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

**No. 05-142C**
**Judge Firestone**

---

**NOTICE OF DEPOSITION TO DEFENDANT**

Please take notice that pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), the Plaintiffs give notice that they will take the deposition of Wayne Coleman, Senior Compensation Policy Specialist with the United States Bureau of Immigration and Customs Enforcement on June 21, 2006 at the offices of counsel for the Plaintiff, 9 Paradies Lane, New Paltz, NY 12561, before an officer authorized by law to take depositions, and continuing until such time and date as the deposition is complete. In accordance with RCFC 30(b)(5), the deponent must produce the documents and things requested in the attahce Request for Production of Documents.

Dated: May 12, 2006

Respectfully Submitted,

Michael J.D. Sweeney, Esq.
Attorney for Plaintiffs

**Getman Law Office**
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370
fax (845) 255-8649

## DEFINITIONS

"Defendant" means the United States and any related agency or entity, and their agents, employees, attorneys, accountants, consultants or other persons acting or purporting to act for the Defendant or on its behalf. The "Coleman Declaration" means the October 11, 2004 Declaration of Wayne Coleman, Senior Compensation Policy Specialist with the United States Bureau of Immigration and Customs Enforcement in the matter of *Arturo Moreno, Jr., et al., v. Bureau of U.S. Citizenship and Immigration Services, Department of Homeland Security, U.S. District Court for the District of Columbia*, Civil No. 04-0899 (PLF), attached hereto as Exhibit A.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Copies of any and all documents concerning the matters addressed in the Coleman Declaration.

2. Copies of any and all documents you referred to for the Coleman Declaration.

3. Copies of any and all documents concerning any communications regarding the Coleman Declaration, whether before, during or after its creation.

4. Copies of any and all concerning any communications regarding any of the matters discussed in the Coleman Declaration.

5. Copies of any and all documents referred to in the Coleman Declaration.

6. Copies of any and all documents concerning the statements in paragraph 2 of the Coleman Declaration, including without limitation the following statements:
   a. "Since the civilian federal workforce was covered by the Fair Labor Standards Act on May 1, 1974, it has been the understanding of the various Federal Agencies that federal employees attending training that provided them with the basic skills and knowledge needed to perform their jobs were not entitled to overtime for any hours that exceeded 40 in a work week."

   b. "To the best of my knowledge this interpretation was given because the basic training did not meet the requirements outlined in 5 CFR §551.423(a)(2), which generally prohibits the payment of premium pay to those attending training paid for from appropriated funds."

7. Copies of any and all documents concerning the statements in paragraph 3 of the Coleman Declaration, including without limitation the following statements
   a. "All of the federal agencies with employees in law enforcement related occupations that utilize FLETC for basic training were affected by this decision to go to a six-day training week";

   b. "Based upon OPM's original guidance, employees who did not meet one of the enumerated exemptions (as set out in 5 C.F.R. §551.423) were not paid for this additional eight hours of training";

   c. "Employees in entry-level training, such as Plaintiff, did not meet any of the enumerated exemptions."

8. Copies of any and all documents concerning the statements in paragraph 4 of the Coleman Declaration, including without limitation OPM's policy reinterpretation discussed in the paragraph.

9. Copies of any and all documents concerning the statements in paragraph 5 of the Coleman Declaration, including without limitation your statement "The CPM is the standard method for notifying federal agencies of an official change in OPM policy."

10. Copies of any and all documents concerning the statements in paragraph 6 of the Coleman Declaration, including without limitation your statements regarding
   a. ICE authority to pay FLSA overtime to legacy INS employees who were assigned and attended basic training on a regularly scheduled 6th day during a basic training week;

   b. ICE's change in practice to pay overtime to non-exempt employees for basic training hours more than 40 in a week.

11. Copies of any and all documents concerning the statements in paragraph 7 of the Coleman Declaration.

Michael J.D. Sweeney, Esq.
Attorney for Plaintiffs

**Getman Law Office**
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370
fax (845) 255-8649

To: Jeffrey S. Pease, Esq.
Commercial Litigation Branch, Civil Division, US Department of Justice
Trial Attorney
Room 12018
1100 L Street NW
Washington, DC 20005

# EXHIBIT 2

**Pease, Jeffrey (CIV)**

**From:** Pease, Jeffrey (CIV)
**Sent:** Thursday, June 15, 2006 2:48 PM
**To:** 'MSweeney@getmanlaw.com'
**Subject:** Requested Letter Re: Moreno Discovery

**Attachments:** Letter 2006-06-15.pdf

Letter
)06-06-15.pdf (56 KI

Mike,

Please see the attached letter, which will also be mailed today.

Thanks,
Jeff

Jeffrey S. Pease
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 12018
Washington, D.C. 20530 (20005 for non-postal deliveries)
Tel: (202) 307-0292
Fax: (202) 514-8624

U.S. Department of Justice

Civil Division

KAB:JSPease
DJ No. 154-05-142

Tel: (202) 353-7991
Fax: (202) 514-8624

*Washington, D.C. 20530*

June 15, 2006

**VIA ELECTRONIC MAIL & U.S. MAIL**

Michael J.D. Sweeney, Esq.
Law Offices of Dan Getman
9 Paradies Lane
New Paltz, NY 12561
Email: MSweeney@getmanlaw.com

Re: Moreno v. United States, No. 05-142C (Fed. Cl.)

Dear Mr. Sweeney:

This letter memorializes our agreement by telephone on June 14, 2006, and previously. I understand that we have agreed to extend the deadlines to July 10, 2006, for our responses (including any objections) to your May 16, 2006, first request for production of documents, first set of interrogatories, notice of deposition and accompanying request for documents, and your June 5, 2006 electronically delivered notice of a 30(b)(6) deposition. We also agreed that the Government will not oppose a future plaintiffs' request for an enlargement of time for discovery that may result from the Government's instant or future extended discovery response time. The requested depositions will be scheduled to take place on a mutually acceptable future date, most likely after production of documents. Further, we had previously agreed by telephone that depositions would be conducted in or near the place of residence or place of business of the deponents, but that you would be permitted to conduct or defend depositions by telephone as necessary, as long as the deponent, court reporter, and I are physically present together in the same location. I anticipate that I would conduct any necessary depositions in person. I appreciate your understanding in providing us more time in light of the change in agency personnel assigned to this case, a heavy workload upon both the agency and counsel, and the depth and breadth of your requests. Please respond to confirm our understanding in this matter.

Very truly yours,

JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division

# EXHIBIT 3

**Pease, Jeffrey (CIV)**

**From:** Pease, Jeffrey (CIV)
**Sent:** Friday, July 07, 2006 5:35 PM
**To:** 'MSweeney@getmanlaw.com'
**Subject:** Moreno Discovery

**Attachments:** Letter 2006-07-07.pdf

Letter
)06-07-07.pdf (58 Kl

Mike,

Please see the attached letter regarding the Moreno case, which was also mailed today.

Very truly yours,

Jeff

Jeffrey S. Pease
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 12018
Washington, D.C. 20530 (20005 for non-postal deliveries)
Tel: (202) 307-0292
Fax: (202) 514-8624

**U.S. Department of Justice**

Civil Division

TMH:JSPease
DJ No. 154-05-142

Tel: (202) 353-7991
Fax: (202) 514-8624

*Washington, D.C. 20530*

July 7, 2006

**VIA ELECTRONIC MAIL & U.S. MAIL**

Michael J.D. Sweeney, Esq.
Law Offices of Dan Getman
9 Paradies Lane
New Paltz, NY 12561
Email: MSweeney@getmanlaw.com

Re: Moreno v. United States, No. 05-142C (Fed. Cl.)

Dear Mr. Sweeney:

Plaintiffs and the Government previously agreed to extend until July 10, 2006, the discovery deadlines for our responses (including any objections) to your May 16, 2006, first request for production of documents, first set of interrogatories, notice of deposition and accompanying request for documents, and your June 5, 2006, notice of a 30(b)(6) deposition. We also agreed that the Government will not oppose a future plaintiffs' request for an enlargement of time for discovery that may result from the Government's prior or future extended discovery response time. However, due to additional personnel changes in the agency legal office assigned to this case, the nature of this collective action, which involves hundreds of individual plaintiffs, with the final deadline to join still a week away, a continued heavy workload upon both the agency and counsel, and the depth and breadth of your requests, we have not yet been able to formulate our responses to your discovery requests.

We propose the following schedule for our responses to your discovery requests, which I hope will be acceptable to you: our objections shall be sent by electronic mail and U.S. mail on or before July 14, 2006; and our responses shall be sent by overnight delivery service on or before August 4, 2006. Please reply promptly to indicate if you oppose this proposed schedule, so that we may promptly file an appropriate motion for an enlargement of time with the Court, including notice of your intended opposition, if necessary. I appreciate your continued understanding in this matter.

Very truly yours,

JEFFREY S. PEASE
Trial Attorney
Commercial Litigation Branch
Civil Division

# EXHIBIT 4

**Pease, Jeffrey (CIV)**

**From:** Pease, Jeffrey (CIV)
**Sent:** Monday, July 10, 2006 5:30 PM
**To:** 'MSweeney@getmanlaw.com'
**Subject:** Moreno Discovery Deadline

Mike,

Thank you for taking the time on the telephone this afternoon to discuss our letter to you on July 7, 2006. I will refrain from filing a motion for an enlargement with the Court pending your anticipated written response to our letter. In the meantime, the Government will proceed as we proposed in our letter, and I hope that in the future, after we have produced our discovery objections in writing, that you and I will attempt to personally sort through any conflicts efficiently to ensure that we understand what specific documents you require, and that you receive meaningful responses to your discovery requests.

Very truly yours,

Jeff

Jeffrey S. Pease
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 12018
Washington, D.C. 20530 (20005 for non-postal deliveries)
Tel: (202) 307-0292 Direct line: (202) 353-7991
Fax: (202) 514-8624

# EXHIBIT 5

**Pease, Jeffrey (CIV)**

**From:** msweeney@hvcbiz.rr.com
**Sent:** Wednesday, July 12, 2006 4:54 PM
**To:** Pease, Jeffrey (CIV)
**Subject:** Re: Moreno Discovery Deadline

Jeff,

As we discussed on the telephone, I do not consider your July 7, 2006 letter a request for an extension of time to respond to discovery. At your request, I had previously agreed to an extension to Monday, July 10, 2006. That was the day I received your letter indicating that the government would not respond to the Plaintiffs' interrogatories and document requests by the July 10 deadline. Accordingly, I don't consider the letter a request, rather a fiat accompli.

I had expected to receive at least any objections to the requests on July 10. While I understand that the government, like any litigant, may have difficulty gathering all the information requested in discovery demands, under the Court's rules, you were obligated to produce at least the objections. If you had, we could deal with those while the government gathered the remaining information. It is my understanding that by not abiding by the date, the government has waived the ability to raise objections to the discovery requests.

I look forward to receiving the discovery material.

- Mike Sweeney

----- Original Message -----
From: <Jeffrey.Pease@usdoj.gov>
To: <MSweeney@getmanlaw.com>
Sent: Monday, July 10, 2006 5:30 PM
Subject: Moreno Discovery Deadline

> Mike,
>
> Thank you for taking the time on the telephone this afternoon to discuss
> our letter to you on July 7, 2006.  I will refrain from filing a motion
> for an enlargement with the Court pending your anticipated written
> response to our letter.  In the meantime, the Government will proceed as
> we proposed in our letter, and I hope that in the future, after we have
> produced our discovery objections in writing, that you and I will
> attempt to personally sort through any conflicts efficiently to ensure
> that we understand what specific documents you require, and that you
> receive meaningful responses to your discovery requests.
>
> Very truly yours,
>
> Jeff
>
>
> Jeffrey S. Pease
> Trial Attorney
> Commercial Litigation Branch
> Civil Division
> Department of Justice
> 1100 L Street, N.W., Room 12018
> Washington, D.C. 20530 (20005 for non-postal deliveries)
> Tel: (202) 307-0292 Direct line: (202) 353-7991
> Fax: (202) 514-8624