IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARTURO MORENO, JR., et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-142C |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STIPULATED PROTECTIVE ORDER

In this action, plaintiffs, former employees of the United States Immigration and Naturalization Service ("legacy INS employees"), claim entitlement to liquidated damages for overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-262.

In the course of discovery, plaintiffs have sought production of information and documents some of which contain personal information protected from disclosure pursuant to the Privacy Act, 5 U.S.C. § 552a. This is non-public information regarding non-plaintiffs, some of which may not be available to individual plaintiffs during the course of their employment.

For information sought by plaintiffs that is or may be covered by the Privacy Act, defendant, in response to any discovery request properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized to release to plaintiffs' counsel in this case records pertaining to past or present Government employees that are relevant to this action, without obtaining prior written consent of the individual or individuals to whom such records pertain. Such disclosures by

defendant or its attorneys shall be deemed authorized by law. See 5 U.S.C. § 552a(b)(11).

The parties have agreed to enter into this joint stipulated protective order ("Order"), which will govern plaintiffs' access to information covered by the terms of this Order.

It is therefore ORDERED:

1. For the purposes of this Order, the term "Confidential Information" shall include documents (or portions thereof) that defendant believes are records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, that identify specific individuals and may contain personal information, including but not limited to social security numbers, home addresses, performance ratings, appraisals and awards, and other information concerning an individual's performance, advancement or discipline.

2. Defendant, at the time of producing documents, shall designate each document that it reasonably believes to contain Confidential Information as described in paragraph 1 of this Order. Defendant, after production, may designate such documents if it determines that Confidential Information was inadvertently produced without being properly designated. Such documents (or portions thereof) shall be used only in preparing for and conducting this litigation. Nothing in this Order shall prohibit defendant from withholding the name or other personal identifying information, as well as non-responsive information, that is

protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, by redacting such information from such documents or information that is to be produced under this Order or otherwise in this litigation.

3. Nothwithstanding this Order, plaintiffs reserve the right to challenge on any grounds defendant's designation of documents (or portions thereof) as Confidential Information. Should plaintiffs object to defendant's designation of any information as Confidential Information, counsel for plaintiffs shall notify counsel for defendant of the objection. If the disagreement is not resolved after counsel for the parties confer in good faith, plaintiffs may move the Court for an order that the designated documents (or portions thereof) shall not be protected by this Order. If plaintiffs file such a motion, the Government, as the party requesting protection under this Order, shall bear the burden of establishing that information designated as Confidential Information is eligible for protection to the extent required by the rules of the Court of Federal Claims, provided, however, that any challenged documents (or portions thereof) shall be treated as Confidential Information and subject to the terms of this Order pending resolution by further order of the Court.

4. By producing Confidential Information pursuant to this Order, defendant is not waiving and reserves the right to assert

any appropriate privileges and protections with respect to the Confidential Information. By receiving Confidential Information pursuant to this Order, plaintiffs are not agreeing that any document designated as Confidential Information is entitled to any protection from disclosure. Nothing in this Order shall require the production or disclosure of any documents, information, or other matters (including but not limited to Confidential Information) as to which the defendant, under applicable law or rules of the Court of Federal Claims, may assert a privilege.

5. Persons receiving or obtaining access to the Confidential Information may use such material solely for the purpose of preparing for and conducting this litigation, litigation in the related case of Porta v. United States, No. 05-14210C (Fed. Cl.), or any subsequent appeals of this case or Porta, and not for other purposes. Confidential Information shall not be given, shown, made available, discussed or otherwise communicated in any form to persons to whom disclosure is not authorized herein.

6. Access to or disclosure of Confidential Information shall be limited to: (a) the Court of Federal Claims and the Court of Appeals for the Federal Circuit, if this case or Porta is appealed, as well as personnel employed by these courts; (b) counsel for plaintiffs, plaintiffs (pursuant to paragraph 7),

counsel for Porta plaintiffs, and employees of counsel; (c) independent experts and consultants (pursuant to paragraph 7), including their clerical personnel, who have been retained by plaintiffs to provide testimony or consultation in connection with this litigation. All individuals having access to Confidential Information shall be instructed that their use of the Confidential Information is governed by the terms of this Order.

7. If counsel for plaintiffs desires to disclose Confidential Information to plaintiffs, independent experts, or consultants under paragraph 6 of this Order, counsel shall first obtain a signed statement from such person stating that he or she shall comply with all provisions of this Order. See Exhibit A.

8. Should plaintiffs wish to disclose Confidential Information that is subject to this Order to any additional persons other than those indicated in paragraph 6 of this Order, plaintiffs' counsel will first inform defendant. If defendant consents to disclosure of Confidential Information to such additional person(s), counsel for plaintiffs shall first obtain a signed statement from such person stating that he or she shall comply with all provisions of this Order. See Exhibit A. If defendant does not consent to the disclosure, then plaintiffs may, on motion, seek modification of this Order from the Court. The Government shall bear the burden of proving that information

designated as Confidential Information is eligible for protection to the extent required by the rules of the Court of Federal Claims, provided, however, that any challenged documents (or portions thereof) shall be treated as Confidential Information and subject to the terms of this Order pending resolution by further order of the Court.

9. Nothing in this Order shall bar or otherwise restrict plaintiffs' counsel, or Porta plaintiffs' counsel, from rendering advice with respect to this litigation or the Porta litigation to their clients who are plaintiffs in this litigation or the Porta litigation and, in the course thereof relying generally upon counsel's examination of the information designated as Confidential Information.

10. Those portions of Court filings containing material identifying specific non-plaintiff individuals, which has previously been designated as Confidential Information, shall be filed under seal.

11. With regard to any depositions that may be taken, defendant may, on the record of such deposition, designate any portion or portions of the depositions as containing Confidential Information. All such designated portions of depositions, including corresponding portions of deposition transcripts and any copies thereof, may be disclosed only as provided in this Order. Plaintiffs reserve the right, as provided in paragraph 3

of this Order, to contest defendant's designation of depositions (or portions thereof) as Confidential Information.

12. At the conclusion of this and the Porta litigation (whether by settlement or by a judgment that has become nonappealable), if any of the information contained in records designated as Confidential Information is reproduced in whole or in part, in any manner, by any means, such information shall be destroyed by shredding or returned to defendant. As to those materials that contain Confidential Information but that constitute attorney work product, plaintiffs' counsel shall maintain such records in a manner consistent with the terms of this Order. Plaintiffs' counsel shall be entitled to retain complete copies of all depositions transcripts, exhibits, pleadings, or other filings with this Court, provided that the documents are maintained in accordance with this Order.

13. After the termination of this action or any subsequent appeals, this Order shall continue to be binding upon the parties hereto and upon all persons to whom Confidential Information has been disclosed.

14. In the event of a breach, the party alleging breach shall be entitled to apply to this Court for appropriate relief.

15. This Order does not constitute a ruling upon the question of whether any particular record is properly discoverable and does not constitute a ruling upon any potential objection to the discoverability or admissability of any record.

Judge Nancy B. Firestone
United States Court of Federal Claims

EXHIBIT A

UNDERTAKING RE: PROTECTIVE ORDER IN
ARTURO MORENO, JR., ET AL. V. UNITED STATES, FED. CL. 05-142C,

OF ____________________________

I, ________________________, declare:

1. My address is ________________________________________ ________________. My present occupation is ____________________ ___________________.

2. I have received a copy of the Protective Order in this litigation. I have examined and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for the purposes of this litigation, any Confidential Information (as defined in the Order) which I receive in this action.

Executed this ____ day of _______, ____, at ________________________________.

I declare under penalty of perjury that the foregoing is true and correct.

______________________________