**Baker, Donald Bryce** 11-7-02 → 11-18-02

**From:** Baker, Bryce
**Sent:** Monday, November 18, 2002 4:15 PM
**To:** Draper, Vicki L.
**Subject:** RE: Draft response to FLSA Question

See changes I made to your draft. Bryce

-----Original Message-----
**From:** Draper, Vicki L.
**Sent:** Monday, November 18, 2002 4:00 PM
**To:** Baker, Bryce
**Subject:** FW: Draft response to FLSA Question

Bryce: please review my draft reply to Cori Senechal at HUD regarding time spent in training for nonexempt employees. This will correct our previous response sent to her last Thursday. Should I add anything to the explanation? Thanks. Vicki

**DRAFT REPLY**

Ms. Senechal:

After revisiting this issue, we would like to modify our response dated November 14, 2002, regarding time spent in training as hours of work for FLSA-nonexempt employees. Under 5 CFR 551.423(a)(3), time spent in apprenticeship or other entry level training....**outside regular working hours** shall not be considered hours of work, provided no productive work is performed during such periods, except as provided by 5 CFR 410.402(b). Under 5 CFR 551.423(a)(1), "time spent in training during **regular working hours** shall be considered hours of work."

However, the regulations at 5 CFR 551.421 clarify that, for purposes of part 551, "regular working hours" means the days and hours of an employee's regularly scheduled administrative workweek established under 5 CFR part 610. The phrase "regularly scheduled administrative workweek" is defined in 5 CFR 610.102 as the period within an administrative workweek within which an employee is regularly scheduled to work. Also see the definition of "regularly scheduled work" in 5 CFR 610.102, which hinges on whether the work was scheduled in advance of the administrative workweek.

This means that, when FLSA-nonexempt employees are scheduled in advance of the administrative workweek to attend a 6-day training class for a specified number of hours (e.g., 8 hours), the those regularly scheduled training hours on the 6th day are "regular working hours" and are considered hours of work for overtime pay purposes.

We apologize for any inconvenience our previous response may have caused.

Vicki Draper
Team Leader, Premium Pay and Hours of Work
(202) 606-2858

-----Original Message-----
From: Hopkins, Jennifer
Sent: Thursday, November 14, 2002 9:37 AM
To: 'Cori_Senechal@HUD.GOV'
Cc: Draper, Vicki L.; Torrico, Carlos A.; McKissick, Deborah Y.; Sims, Ricardo
Subject: RE: FLSA Question

Ms. Senechal:

You state in your email that the FLSA-nonexempt employees in question are trainees at the GS-5 and GS-7 level. Under 5 CFR 551.423(a)(3), time spent in apprenticeship or other



MOR-191

entry level training, or internship or other career related work study training, or training under the VRA outside regular working hours shall not be considered hours of work, provided no productive work is performed during such periods, except as provided by 5 CFR 410.402(b) and paragraphs (f) and (g) of 5 CFR 551.401.

Under 5 CFR 410.402(b), the following are excepted from the prohibition on the payment of premium pay (including overtime pay) during periods of training:

(1) continuation of premium pay
(2) training at night
(3) cost savings
(4) availability pay
(5) standby and AUO duty
(6) firefighter overtime pay
(7) agency exemption

Unless employees (including FLSA-nonexempt employees) are covered by one of the above exceptions, they are not entitled to be compensated for attending a training class (i.e. 6-day class) that extends beyond the employee's regular tour of duty.

The rules in part 551 do control the overtime pay provisions for FLSA-nonexempt employees, however, part 551 also creates a rule using part 410. An hour that is compensable under part 410 is a compensable hour for an FLSA-nonexempt employee even if not compensable under normal FLSA rules. In other words, training hours that are compensable under 5 CFR 410.402(b) are always hours of work for determining an employee's FLSA overtime pay entitlements, even if those training hours are related to entry-level and similar types of training and do not involve the performance of productive work. For example, if an employee is required to participate in night training as part of a basic training course because the situations he or she must learn to handle occur only at night, those night training hours would be compensable under 5 CFR 410.402(b)(2) and would be hours of work under 5 CFR 551.423(a)(3). This result is consistent with 5 CFR 551.401(f) and (g).

We hope this information will be helpful.

Jennifer Hopkins

-----Original Message-----
From: McKissick, Deborah Y.
Sent: Tuesday, November 12, 2002 9:04 AM
To: Draper, Vicki L.
Subject: FW: FLSA Question
Importance: High

Good morning Vicki

Please ask someone to respond to this advisory request received from the Public Affairs Officer at HUD. May I have a copy of the response? Thanks.

deborah

-----Original Message-----
From: Torrico, Carlos A.
Sent: Friday, November 08, 2002 4:22 PM
To: McKissick, Deborah Y.
Cc: Brandon, Bonnie J.
Subject: FW: FLSA Question

Hi Deborah,

I received the inquiry below from the Public Affairs Officer at HUD. Could you please respond to it directly with a copy to me? Many thanks.

-----Original Message-----
From: Tiernan, Michael J.
Sent: Friday, November 08, 2002 3:50 PM
To: Torrico, Carlos A.

Subject: FW: FLSA Question

Carlos - Cori has sent this issue to S.F. (Barb), but wants you to see it sooner. I looked at the regs (CFR 551 and 410) and it still seems unclear.

Mike

-----Original Message-----
From: Cori Senechal@HUD.GOV [mailto:Cori Senechal@HUD.GOV]
Sent: Thursday, November 07, 2002 1:54 PM
To: mjtierna@opm.gov
Subject: FLSA Question

----- Forwarded by Cori Senechal/FPM/SEA/HUD on 11/07/02 10:57 AM -----

Cori Senechal

11/07/02 09:48 AM

To: bameri@opm.gov, rxsims@opm.gov
cc:
Subject: FLSA Question

Hi - I'm the Public Affairs Officer in the HUD Office in Seattle, WA. I am a former personnelist. I became aware of the following situation and would like some input from you all regarding the FLSA on overtime pay for nonexempt employees attending training on a Saturday. I am concerned that we have a number of brand new employees, at the trainee levels, who will not be paid appropriately. I also do not want this agency to wind up spinning its wheels unnecessarily dealing with FLSA claims, when it might all be avoidable. I would appreciate your response as soon as possible.

See the following:

Situation: HUD trainees (GS-5 and GS-7 level employees non-exempt from FLSA) will be attending a two week training course at DePaul University in Chicago. The Dept contracted with the University and therefore the training program is within the administrative control of the Department. The trainees are required to attend class sessions on Saturday. The question of question of premium pay while staff are attending this class was raised to our HQ Human Resource Office and a response from a "HQ HR expert used CFR 410.402 which says....

> "...an agency may not use its funds, appropriated or otherwise available, to pay premium pay to an employee engaged in training in or through Government or non-government facilities." "There are some exceptions listed - but none apply to this program." It was also asked if this applied to both exempt and non-exempt staff and was told it does.

As I remember it, FLSA is the overriding act/authority in this situation. Please see the following:

The Title 5 410.402 section cited by our HQ HR person goes on to state
(d) Regulations governing overtime pay for employees covered by Fair Labor Standards Act (FLSA) during training, education, lectures, or conferences are found in Sec. 551.423 of this chapter. The prohibitions on paying premium pay found in paragraph (a) of this section are not applicable for the purpose of paying FLSA overtime pay.

Here is that Section:
Sec. 551.423 Time spent in training or attending a lecture, meeting, or conference.

(a) Time spent in training, whether or not it is under the purview of part 410 of this



MOR-193

chapter, shall be administered as follows:

(1) Time spent in training during regular working hours shall be considered hours of work.

(2) Time spent in training outside regular working hours shall be considered hours of work if:

(i) The employee is directed to participate in the training by his or her employing agency; and

(ii) The purpose of the training is to improve the employee's performance of the duties and responsibilities of his or her current position.

(3) Time spent in apprenticeship or other entry level training, or internship or other career related work study training, or training under the Veterans Readjustment Act (5 CFR part 307) outside regular working hours shall not be considered hours of work, provided no productive work is performed during such periods, except as provided by Sec. 410.402(b) of this chapter and paragraphs (f) and (g) of Sec. 551.401 (which reads:

(f) For the purpose of determining hours of work in excess of 8 hours in a day under this part, agencies shall credit hours of work under Sec. 410.402 of this chapter, part 532 of this chapter and 5 U.S.C. 5544, and part 550 of this chapter, as applicable.

(g) For the purpose of determining hours of work in excess of 40 hours in a week or in excess of another applicable overtime work standard under section 7(k) of the Fair Labor Standards Act, agencies shall credit hours of work under Sec. 410.402 of this chapter, part 532 of this chapter and 5 U.S.C. 5544, and part 550 of this chapter, as applicable, that will not be compensated as hours of work in excess of 8 hours in a day, as well as any additional hours of work under this part.

(4) Time spent by an employee performing work for the agency during a period of training shall be considered hours of work.

(b) The following phrases contained in paragraph (a) of this section, are further clarified:

(1) Directed to participate means that the training is required by the agency and the employee's performance or continued retention in his or her current position will be adversely affected by nonenrollment in such training. The fact that an agency pays for all or part of the expenses of training does not create an entitlement to overtime hours of work unless participation in the training is directed by the agency.

(2) Training ``to improve the employee's performance * * * of his or her current position'' is distinguished from upward mobility training or developmental training to provide an employee the knowledge or skills needed for a subsequent position in the same career field.

(c) Time spent by an employee within an agency's allowance of preparatory time for attendance at training shall be considered hours of work if such preparatory time is:

(1) During an employee's regular working hours; or

(2) Outside the employee's regular working hours, and the purpose of the training meets the requirements of paragraph (a)(2) of this section.

(d) Time spent attending a lecture, meeting, or conference shall be considered hours of work if attendance is:

(1) During an employee's regular working hours; or

(2) Outside an employee's regular working hours, and

(i) The employee is directed by an agency to attend such an event; or

(ii) The employee performs work for the benefit of the agency during such attendance.

Thanks to both of you for looking at this for me.

--------------------------------

-- Even though this E-Mail has been scanned and found clean of

-- known viruses, OPM can not guarantee this message is virus free.

--------------------------------

-- This message was automatically generated.

--------------------------------