**From:** Simms, Joanne W
**Sent:** Thursday, January 17, 2002 1:34 PM
**To:** Krumsiek, Paul A
**Subject:** RE: Overtime at Glynco

Did I hear/get this right?

Chuck is the only one who has had a conversation with the folks at Glynco on this issue, BUT he did provide an initial and revised response (after Paul weighed in).

The "initial" response was that we interpret CFR 551.423 and CFR 410 as saying that the only time overtime for training should be considered is when an incumbent employee (not a trainee) covered by FLSA is taking training at the direction of the agency that will bring their performance up to fully successful.

The "revised" response is that under FLSA an employee should be paid overtime if the employee works outside their normal duty hours, the employee is FLSA non-exempt, not a trainee, and is directed to participate in training by his/her agency for the purposes of improving the employee's performance of duties and responsibilities in his/her current position.

The definition of trainee may become an issue, although generally thought to be GS-5/7. If a trainee is sent for remedial training to enhance their skills, they must be paid.

--jaws--
Personnel Staff
U. S. Department of Justice
Voice: (202) 514-6788 Fax: (202) 514-6827
Web Page: http://www.usdoj.gov/jmd/ps

-----Original Message-----
**From:** Vail, John C
**Sent:** Thursday, January 17, 2002 12:25 PM
**To:** Simms, Joanne W; Jarcho, Vivian
**Subject:** Overtime at Glynco

Joanne --

FYI. I just spoke with Tom Milburn, who said that two people on the Personnel Staff (one of them Chuck Howell) are giving different advice about whether employees who are in training at Glynco may (or must) be paid overtime with their recent move to a 6-day workweek. They have traditionally had practical exercises in the evenings (and will continue to do so) for which they have not paid overtime.

What's the right answer?

J