-----Original Message-----
**From:** Perrini, Jo Ann C.
**Sent:** Thursday, July 10, 2003 9:26 AM
**To:** Baker, Donald Bryce
**Cc:** Draper, Vicki Lynn
**Subject:** RE: FLETC ltr

Bryce:

I have some bad news. Yesterday, Ron invited me to a meeting with Mr. James, CHCO for DHS. I did not know why before I arrived. At the meeting, Ron handed Mr. James the unsigned letter to DHS, the Q&A, and your analysis. Ron said that Mr. James should get back to him before Ron would sign the letter and send it to DHS.

Mr. James is an attorney and has litigated FLSA issues. He said he is very familiar with FLSA "hours of work" issues. He also teaches a class on FLSA.

I think we've been set up, but that's just my opinion. You should probably NOT say anything.

Life is grand,
jp

-----Original Message-----
**From:** Baker, Donald Bryce
**Sent:** Wednesday, July 09, 2003 8:00 AM
**To:** Perrini, Jo Ann C
**Cc:** Draper, Vicki Lynn
**Subject:** RE: FLETC ltr

Please send me a copy of the final letter after Ron signs it.

Since I sent Ron a copy of my earlier draft, you will probably need to include in the package your back-and-forth with OGC so he can see why the draft changed. Bryce

-----Original Message-----
**From:** Perrini, Jo Ann C
**Sent:** Tuesday, July 08, 2003 4:54 PM
**To:** Watson, Melanie J; Baker, Donald Bryce; Mikowicz, Jerome D
**Cc:** Whipple, Kathie Ann; Green, James S; Abow, Steven E; Gold, Eric S
**Subject:** RE: FLETC ltr

We suggest the changes in purple to the letter on the attached document.

Employees will have an automatic entitlement to interest on back pay even without litigation.
We did not feel a need to further explain/embellish/apologize for our incorrect informal advice.
Okay with you?
jp

-----Original Message-----
**From:** Watson, Melanie J
**Sent:** Tuesday, July 08, 2003 9:05 AM
**To:** Baker, Donald Bryce

DEPOSITION EXHIBIT
PENGAD 800-631-6989
Plfs 26
11/30/06 slw

MOR 143

**Cc:** Whipple, Kathie Ann; Green, James S; Abow, Steven E; Gold, Eric S
**Subject:** FLETC ltr

Bryce-

Attached is the red-line version of the letter with OGC edits. These edits include:

[redacted]

Please let me know if you would like to discuss further. Thanks.

Melanie

Mr. Ronald James
Chief Human Capital Officer
Department of Homeland Security
301 7th Street, SW., Room 5622
Washington, DC 20528

Dear Mr. James:

We have been discussing an issue with representatives of the Department of Homeland Security (DHS), including Melissa Allen and Kay Frances Dolan. The issue involves employees' entitlement to Fair Labor Standards Act (FLSA) overtime pay when they are participating in a 6-days-per-week basic training course at the Federal Law Enforcement Training Center (FLETC).

While FLETC is part of DHS, it provides training for many agencies and thus the issue is one of broader concern. Shortly we will be issuing guidance regarding this issue in the form of a Q and A to be posted on the OPM Web site. In light of your department's special interest in this issue, we are enclosing an advance copy of that guidance for your information.

Deleted: ffice of Personnel Management (O
Deleted: )

The enclosed Q and A is the same written guidance that we provided to DHS staff in March 2003. At the request of DHS, OPM staff met with DHS attorneys and human resources officials to discuss the issue on March 27, 2003. At that meeting, OPM staff reviewed the legal rationale for the policy. DHS staff requested time to review the matter further before OPM issued a formal written policy. e have received no additional information from DHS that would cause us to change our policy

Deleted: W

determination.

We understand that FLETC began using a compressed 6-days-per-week basic training schedule in early 2002 in the aftermath of the September 11th terrorist attacks as a way of increasing FLETC's basic training capacity. I____n most cases, agencies employing participants in this compressed basic training schedule have not been paying FLSA overtime pay for hours on the sixth day of training in a week. (A notable exception is the Customs Service, which is now part of DHS.) Many employees have raised questions about this practice, and OPM's compensation policy office has received numerous inquiries from agencies and employees.

s

OPM's FLSA regulations address the creditability of hours during training in 5 CFR 551.423. Section 551.423(a)(1) states: "Time spent in training *during regular working hours* shall be considered hours of work" [italics added]. Section 551.423(a)(3) states that "time spent in apprenticeship or other entry level training . . . *outside regular working hours* shall not be considered hours of work, provided no productive work is performed during such periods" [italics added], except as provided by section 410.402(b). The term "regular working hours" is the key to interpreting these provisions.

**Deleted:** Clearly, t

In fact, the term "regular working hours" is precisely defined in section 551.421—the section that introduces the hours of work rules in sections 551.422-551.426. Since 1983,

the last sentence in section 551.421 has read as follows: "For purposes of this part, 'regular working hours' means the days and hours of an employee's regularly scheduled administrative workweek established under part 610 of this chapter." In part 610, the term "regularly scheduled administrative workweek" is defined as consisting of the hours that an employee is scheduled to work in advance of the administrative workweek—i.e., the 40-hour basic workweek plus any overtime work that is scheduled in advance of the administrative workweek. (See 5 CFR 610.102, 610.111(a)(2), and 610.121(b).) Thus, for purposes of the FLSA regulations in part 551, regular working hours are all hours of work scheduled for an employee in advance of an administrative workweek. All training time during such hours must be credited. With respect to entry-level training, only overtime hours that are scheduled *after* the beginning of the administrative workweek are excluded from FLSA hours of work (assuming credit is not allowed by an exception under part 410).

Deleted:

After careful review, we have concluded that the meaning of OPM's regulations with respect to the sixth day of training issue is clear. OPM's General Counsel . A number of agencies have been waiting for several months for OPM to issue formal guidance. We can no longer delay issuance of that guidance. We will be posting the enclosed Q and A on our Web site on July 11, 2003.

We would be happy to answer any questions you or your staff may have regarding this matter.

Sincerely,

Ronald P. Sanders
Associate Director
for Strategic Human Resources Policy

Enclosure