U.S. Department of Homeland Security
Bureau of Citizenship and Immigration Services
Office of the Principal Legal Advisor

# Fax

| | | | |
|---|---|---|---|
| **To:** | Fred Tingley | **From:** | Peter Gregory<br>Chief, Commercial Law Division<br><br>Phone: (202)616-7970<br>Fax: (202)514-0455 |
| **Fax:** | 4-4200 | **Pages:** | 16—Including Cover |
| **Phone:** | | **Date:** | July 14, 2003 |
| **Re:** | Payment of overtime for training | **CC:** | |

● **Comments:** Fred: Enclosed is material relating to payment of overtime for training. Much of the material is dated. The e-mail from OPM is dated December 18, 2002 and a memo from Dept. of Ag. is dated 2/4/03. None of this is new but I haven't seen it before.

PLAINTIFF'S EXHIBIT 12

**WARNING!** This facsimile transmission cover sheet and any documents that accompany it are intended only for the individual or entity it is addressed to and may contain information that is privileged, confidential and exempt under applicable law. If the reader of this message is not the intended recipient, YOU ARE HEREBY NOTIFIED that any dissemination, distribution or copying of this communication is strictly prohibited. If you received this communication in error, please notify us immediately by telephone and return the original message to us at the address above via the U.S. Postal Service.

This is apparently the OPM opinion relied upon by USFS.

Bennett
(202) 786-0069

-----Original Message-----
From: Gary Wilson [mailto:gwilson@fs.fed.us]
Sent: Tuesday, March 18, 2003 8:42 AM
To: Courey, Bennett
Subject: RE: FLSA and training

Here is the information your requested.

$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$
Gary M. Wilson
Program Manager for Pay, Attendance & Leave
e-mail: gwilson@fs.fed.us
phone: (703) 605-0865
fax: (703) 605-5105
$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$
----- Forwarded by Gary Wilson/WO/USDAFS on 03/18/2003 08:41 AM -----

"Draper, Vicki L." <VLDRAPER@opm.gov>
12/18/2002 10:34 AM

To: "'Gary Wilson'" <gwilson@fs.fed.us>
cc:
Subject: RE: FLSA and training

Gary,

Regrettably, our original determination was incorrect. We recently revisited this issue after realizing that the term "regular working hours" is defined in 5 CFR 551.421. When we read the regulations at 5 CFR 551.423(a)(1) in conjunction with the 551.421, it is clear that if the nonexempt employees are scheduled in advance of the administrative workweek to attend a 6-day training class, those regularly scheduled training hours on the 6th day are "regular working hours" and constitute hours of work for overtime pay purposes.

According to 5 CFR 551.423(a)(3), time spent in apprenticeship or other entry level training outside regular working hours shall not be considered hours of work provided no productive work is performed during such periods. However, because the regularly scheduled training hours on the 6th day are considered to be regular working hours (and the training will not occur outside regular working hours), it is irrelevant that

this is an apprenticeship program and no productive work is being performed.

In response to your last question, this is not optional. If the training occurs during regular working hours, as discussed above, the time spent in training on the 6th day is considered hours of work and the employees are entitled to overtime pay. This also applies to the employees who formerly received training at the Federal Law Enforcement Training Center.

I sincerely apologize for any inconvenience our previous determination may have caused.

Vicki Draper

Team Leader, Premium Pay and Hours of Work

Pay and Leave Administration Division

Office of Compensation Administration

(202) 606-2858

-----Original Message-----
From: Gary Wilson [mailto:gwilson@fs.fed.us]
Sent: Wednesday, December 16, 2002 8:55 AM
To: Draper, Vicki L.
Subject: RE: FLSA and training

Vicki--

Thank you for sending me a copy of your opinion on Mr. Stribling's

questions. Our letter was issued in February 2002 and was based on our

discussions ( I talked to you 2 months before our first class under the new

6-day schedule) last January. I see by your current determination that

overtime is now appropriate. This is a class that each law enforcement

officer or special agent must pass or they are out of the law enforcement

job. So this was looked upon as an apprenticeship program. The trainees

report to the FLETC before they are assigned to their first post of

-10-2003 03:50pm

duty.

But we do know that they will be in basic training for 6 days a week.
Was

the original determination wrong? Is it optional, so that we can change

our policy and start the overtime at the next class or is this a

retroactive decision, and we should be paying overtime from the
beginning?

These trainees are not producing any "productive" work while at the
school.

"Productive" meaning they are not performing work for the agency during

these weeks, it is strictly training. Thanks for your help on this.

$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$

Gary M. Wilson

Program Manager for Pay, Attendance & Leave

e-mail: gwilson@fs.fed.us

phone: (703) 605-0865

fax: (703) 605-5105

$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$$

"Draper, Vicki L." <VLDRAPER@opm.gov>

To: "Claude Stribling (cstribling@fs.fed.us)" <cstribling@fs.fed.us>

cc: "Bracey, Shirley J." <SJBracey@opm.gov>, "Gary Wilson (GWilson@fs.fed.us)" <GWilson@fs.fed.us>

Subject: RE: FLSA and training

12/17/2002 03:30

PM

Mr. Stribling,

This responds to your inquiry regarding time spent in entry level training

as hours of work for FLSA-nonexempt employees.

Under 5 CFR 551.423(a)(3), time spent in apprenticeship or other entry

level training....outside regular working hours shall not be considered

hours of work, provided no productive work is performed during such

periods, except as provided by 5 CFR 410.402(b). Under 5 CFR

551.423(a)(1), time spent in training during regular working hours shall be

considered hours of work.

However, the regulations at 5 CFR 551.421 clarify that, for purposes of

part 551, "regular working hours" means the days and hours of an employee's regularly scheduled administrative workweek established under 5 CFR part 610. The phrase "regularly scheduled administrative workweek" is defined in 5 CFR 610.102 as the period within an administrative workweek within which an employee is regularly scheduled to work. Also see the definition of "regularly scheduled work" in 5 CFR 610.102, which hinges on whether the work was scheduled in advance of the administrative workweek.

This means that, when FLSA-nonexempt employees are scheduled in advance of the administrative workweek to attend a 6-day training class for a specified number of hours (e.g., 8 hours), those regularly scheduled training hours on the 6th day are "regular working hours" and are considered hours of work for overtime pay purposes.

Vicki Draper

Team Leader, Premium Pay and Hours of Work

Pay and Leave Administration Division

Office of Compensation Administration

Office of Personnel Management

(202) 606-2858

---Original Message-----

From: Claude Stribling [mailto:cstribling@fs.fed.us]

Sent: Tuesday, December 17, 2002 1:21 PM

To: payleave@opm.gov

Cc: Laura Giovannini

Subject: RE: FLSA and training

Please see my original message (attached), also the reply and

recommendation from Shirley Bracey, OPM Raleigh. Can you provide guidance

on this issue? We may be going full circle, because the memo in question

references OPM input on this decision. Thank you. Wilt Stribling, US

Forest Service

----- Forwarded by Claude Stribling/R8/USDAFS on 12/17/2002 01:16 PM -----

"Bracey, Shirley

J."

To: "'Claude Stribling'" <cstribling@fs.fed.us>

<SJBracey@opm.gov>

cc:

Subject: RE: FLSA and training

12/17/2002 08:51 AM

I've spoken with my Deputy Director about your issues and he recommends that you contact our pay policy people in DC. They can be reached at (202) 606-2858 or you may e-mail them at payleave@opm.gov. If I can be of further assistance, please let me know.

Shirley Bracey

Office of Personnel Management

Human Resources Specialist

Phone: 919-790-2817

Fax: 919-790-2722

-----Original Message-----

From: Claude Stribling [mailto:cstribling@fs.fed.us]

Sent: Thursday, December 12, 2002 5:52 PM

To: sjbracey@opm.gov

Cc: Claude Stribling

Subject: FLSA and training

Thank you so much for your time today. In response to your request, I am sending this message of explanation regarding our conversation.

I am a US Forest Service Law Enforcement Officer, stationed on Pisgah National Forest in Hot Springs, NC. I am a member of a national committee

(Multicultural Advisory Group, or MAG), which is an advisory committee to

the Director of Law Enforcement for the US Forest Service.

We accept issues from the field and attempt to aid in resolution by making

recommendations to the Director, after due research.

One issue which we are currently exploring is this: We have GS 5 and GS 7

non exempt employees who are required to attend the Federal Law Enforcement

Training Center (FLETC) in Brunswick, GA, immediately after they are hired,

for basic law enforcement training. FLETC is the training center for most

federal enforcement entities, and is operated by the Treasury Department.

Our trainees are GS5, GS 7, and GS 9 employees, in the GS 1802 series.

Since the massive influx of trainees in the Air Marshals' training since

9/11, FLETC has gone to a six day per week training schedule to expedite

training duration and put more people in the field more quickly. Our basic

training now stands at 17 weeks based on 5 day weeks, so the 6 day weeks

should be reducing that to approximately 14 weeks.

Our agency Human Resources Director has ruled that these trainees are not

entitled to overtime compensation for the 6th day each week.

Without repeating his entire memo, I will give pertinent exerpts. I will

fax the memo if needed. The memo is on official letterhead from the United

States Forest Service Headquarters in Washington, DC.

Opening sentence of the memo is (all following are direct quotes):

"You have asked this office for guidance regarding several pay related

matters. In consultation with the Office of Personnel Management, here is

our guidance:"

"Question: Will expanding to 6 days a week from the traditional 5 days

cause any change in our pay policy for training? Will we have to pay

overtime for the extra day per week?"

"Answer " "(here there is a paragraph related to exempt employees, then

the following...) "The second group of employees is covered by the FLSA.

These employees are usually in the GS 462 (Forestry Technician) or GS 1802

(Law Enforcement Officer) series. The regulation that addresses the earning

of premium pay for FLSA covered employees while on a training assignment is

found in 5 CFR 551.423."

"In order to apply this regulation we have to determine if the employee is

being directed to the training in order to improve the employee's performance of the duties and reponsibilities in his/her current position.

If this is the case then all hours spent in training are considered hours of work and are compensable."

"If, however, the time spent is considered apprenticeship or entry-level training, hours outside his/her regularly scheduled working hours are not considered hours of work (not compensable), provided no productive work is performed during this period. In other words, if an employee is allowed to work on a case or answer mail from the employee's home unit, then overtime must be paid."

"Question: Are employees currently receiving annual premium pay under administratively uncontrollable overtime (AUO) to continue receiving AUO during basic training?"

"Answer: No. Administratively uncontrollable overtime is not appropriate when training is longer than 60 workdays or exceeds an aggregate of 60 workdays in a year. Therefore, any employee who attends the basic training course (which is longer than 60 days) must be taken off AUO during the training period (5 CFR 550.162(c)(2) ). Since the employee is not receiving AUO, the time spent in basic training will not be counted in the

quarterly

computation review." END QUOTE. The memo is signed, Steve Nelson, Director

of Human Resources Management. (Washington DC)

It is my understanding that other agencies, such as the National Park Service (Dept of Interior), and Bureau of Land Management (Dept of Interior) are paying their trainees overtime for the sixth day, so there are discrepancies within a given class group, since the classes are composed of a variety of land management enforcement agencies, such as US Fish and Wildlife Service, Tennessee Valley Authority, etc.

My purpose is not to initiate a formal grievance or complaint. My purpose is to determine if this is an appropriate ruling, based on OPM's understanding of FLSA. Forest Service management has indicated that they are not opposed to paying the trainees overtime if the present ruling is incorrect. If OPM's opinion on this issue is contrary to the present ruling, then management will very likely voluntarily make backpayments for

the affected trainees and initiate proper application of FLSA for future

trainees, without a formal grievance process being initiated.

Thank you very much for your consideration of this matter. I look forward

to hearing from you.

Wilt Stribling, US Forest Service ofc phone 828 622 3202, x4012

--------------------------------

-- Even though this E-Mail has been scanned and found clean of

-- known viruses, OPM can not guarantee this message is virus free.

--------------------------------

-- This message was automatically generated.

--------------------------------

Department of Agriculture
Service
Washington

Date: February 4, 2003

File Code: 6150-3-1
Route To: (5300)

Subject: Premium Pay for New Recruits at the Federal Law Enforcement Training Center

To: Regional Foresters, Station Directors, Area Director, and IITF Director

We have received direction from the Office of Personnel Management (OPM) regarding a change in their earlier advice to the Forest Service, and other users of the Federal Law Enforcement Training Center (FLETC), concerning the 6-day training week. Our earlier direction issued March 6, 2002, stated that overtime (premium pay) was not appropriate for trainees under an apprenticeship program as stated in 5 CFR 551.423(a)(3).

The OPM has now given us a different interpretation. The 6-day training week is regularly scheduled training hours, which are considered "regular working hours" and constitute hours of work for overtime pay purposes.

According to 5 CFR 551.423(a)(3), time spent in apprenticeship or other entry level training outside regular working hours shall not be considered hours of work provided no productive work is performed during such periods. However, OPM says, "...because the regularly scheduled training hours on the 6th day are considered to be regular working hours (and the training will not occur outside regular working hours), it is irrelevant that this is an apprenticeship program and no productive work is being performed."

Therefore, based on this latest determination by OPM, all entry level trainees at FLETC who are regularly scheduled to take training on the 6th day of a 6-day training week are entitled to premium pay. Those trainees who were not given premium pay based on our earlier direction are entitled to backpay with interest for the premium pay they were denied.

Questions should be addressed to Gary Wilson at (703) 605-0865 or e-mail to gwilson@fs.fed.us.

/s/ John G. Lopez
JOHN G. LOPEZ
Director of Human Resources Management

cc: Gordon Gregg, Guadalupe Renteria