GETMAN LAW OFFICE

9 Paradies Lane
New Paltz, NY 12561
845-255-9370
fax 845-255-8649

Attorneys:
Dan Getman
Tara Bernstein
Michael J.D. Sweeney
Garry G. Geffert*
Edward Tuddenham*
*Of Counsel

Paralegals:
Anibal R. Garcia
Janice Pickering
Carolyn Mow
Amanda K. Niknam

September 18, 2006

Jeffery S. Pease
United State Department of Justice
Commercial Litigation Branch-Civil Division
1100 L Street, NW
Room 12018
United State Department of Justice
Washington, DC 20530

Re: *Defendant's Discovery Responses Moreno. v. U.S., No. 05-142C; Porta v. U.S., No. 05-14210C (Judge Firestone*)

Jeff,

Plaintiffs seek discovery in two related cases: *Porta v. U.S.*, 05-14210C and *Moreno v. U.S.*, 05-142C (Court of Claims 2005, Judge Firestone). The Plaintiffs, 758 in Moreno and 63 in Porta, are legacy INS employees and Border Patrol Agents who worked a six days a week during training at the FLETC in Glynco, Georgia but were not paid for their work. The cases have the same claim, that the Defendant owes Plaintiffs liquidated damages under the FLSA for not paying wages for a sixth day of work during basic training at the FLETC.

After our telephone conversation, you asked me to write to you regarding the Plaintiffs' concerns with the Defendant's discovery responses in both cases. In a general sense, the Plaintiffs' concerns are that the Defendant has unilaterally limited the scope of the discovery requests and not conducted proper searches for all discoverable information.

At this stage, the Plaintiffs' discovery is related to the Defendant's defenses to paying liquidated damages in this action. The Defendant has admitted that it required legacy INS employees and Border Patrol Agents to work 6 days a week but only paid them for 5 days of work. It now recognizes it had an obligation to pay for the 6th day of work under the FLSA. This establishes a prima facie case for recovery under the FLSA. The only outstanding legal issues are the Defendant's defenses, which are (1) that the Defendant acted in good faith in relying on a reasonable interpretation of the law in refusing to pay the Plaintiffs for a 6th day of work, and therefore, pursuant to 29 U.S.C. 260, the Court has the discretion to reduce or waive the mandatory liquidated damages called for in 29 U.S.C. 216(b); and (2) that the statute of limitations has run on claims. Pursuant to RCFC 26(b)(1), Plaintiffs are entitled to discovery of any matter that is relevant to the defenses.

Generally, the discovery that the Plaintiffs seek with respect to the first defense is information

with respect to (1) the Defendant's policy for paying overtime for training prior to the change to a six-day per week training schedule in October 2001; (2) the basis of the Defendant's claim that it acted in good faith in refusing to pay Plaintiffs for a sixth day of work each week during basic training; (3) the basis of the Defendant's claim that it relied on a reasonable interpretation of the law in refusing to pay Plaintiffs for a sixth day of work each week during basic training; and (4) the basis of the Defendant's reversal of its policy and recognition of its obligation to pay for the sixth day of work. Similarly, the discovery that the Plaintiffs seek with respect to the second defense, the statute of limitations, is generally information regarding (1) communications the Defendant had with class members, including Plaintiffs, regarding its obligation and intent to pay overtime and damages for the sixth day of work each week of basic training at the FLETC; and (2) the Defendant's policies and practices with respect to informing Plaintiffs of their FLSA rights.

The Plaintiffs believe that the information is relevant to these defenses includes information on how the Defendant's agencies other than the INS and Customs and Border Patrol paid overtime for training; information related to the process of deciding not to pay for the sixth day of work; information regarding public positions that the Defendant has taken with respect to its obligation to pay overtime for the sixth day of work; information related to communications that the Defendant had with any Plaintiff regarding payment for the sixth day of work during basic training; information related to the Defendant's decision to reverse its policy and pay for the sixth day of work and its decision not to pay liquidated damages; information related to the delay in paying the required overtime even after the liability was acknowledged; and information related to the Defendant's informing the Plaintiffs of their FLSA rights.

## I. Discovery in Porta v. U.S.

In response to 41 document requests, the Defendant has objected to every request. The Plaintiffs believe that many of the objections are improper. Moreover, the Plaintiffs believe that the Defendant has not conducted the searches for discoverable information required of it under the Rules of the Court of Federal Claims. We believe that the Defendant is required to conduct thorough discovery searches of all the agencies involved in these issues and to produce all the relevant information. Our specific concerns are as follows.

### A. General Objection Section

Plaintiffs object to the Defendant's attempt to limit the obligation to respond to the U.S. Customs and Border Protection ("CBP"), the Federal Law Enforcement Training Center ("FLETC"), and to the former Bureau of Immigration and Naturalization Services ("INS") "to the extent it can be determined where and by whom those documents are now maintained." *Defendant's Response to Plaintiffs' First Request for Production of Documents at 3.* The Defendant readily admits in its responses that "payment policy for [Border Patrol Agents and legacy INS employees] during this period was set by the Office of Personnel Management, Department of Justice, Justice Management Division, and INS, until [in the case of CBP, CBP issued new policies]. *See Defendant's Corrected Response to Plaintiffs' First Set of Interrogatories, response to interrogatory 6.* As these agencies were directly involved in setting payment policy, discovery of them is critical to a determination of whether the Defendant acted in good faith in relying on their guidance and whether their guidance was reasonable in light of the law. Accordingly, the Defendant's attempt to limit discovery to the CBP, INS, and FLETC is improper. Please expand

the search for discoverable information to include the Office of Personnel Management ("OPM") and the Department of Justice, Justice Management Division.

The Defendant poses several general objections based on privilege. The Plaintiffs' position is that as the Defendant has raised good faith as a defense, it has an obligation to produce any legal opinion or advice that it received with respect to its policy not to pay Boarder Patrol Agents and legacy INS employees for a 6th day of work during basic training at the FLETC. As the Defendant has brought its good faith into issue, it cannot now raise a privilege, including the attorney-client privilege, to shield communications with counsel regarding the legality of its position. Please produce any such communications. If the Defendant's position is that no such opinion exists, place state that.

**B. Specific Document Request Responses in Porta v. U.S.**

**Document Request 1**

This request asks for documents with respect to the Plaintiffs' training and work, including job or training duties and job or training performance. The Defendant has limited this to documents concerning the Plaintiffs' time, attendance and pay records for the four training classes at issue in this litigation. Documents with respect to any training that the Plaintiffs were required to perform are relevant to whether the Defendant acted in good faith in refusing to pay for a 6th day of training at the FLETC because it reflects on the consistency of the Defendant's pay policy. Moreover, the documents that the Defendant has provided in support of its good faith defense state that the type of training may be determinative of whether FLSA overtime is due. Therefore, documents related to the Plaintiffs job or training duties and their evaluations are within the scope of RCFC 26(b)(1).

The Defendant's unilateral limiting of it production to the FLETC basic training is unwarranted and a discovery violation. Please confirm that the Defendant will conduct a complete search and produce all responsive information.

**Document Request 4**

This request asks for documents that would show the Defendant's payment practices for non-plaintiffs who trained at the FLETC from January 1, 1999 through the present. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense. The Defendant's representative, Mr. Coleman, has testified that "All of the federal agencies with employees in law enforcement related occupations that utilize FLETC for basic training were affected by this decision to go to a six-day training week." *Coleman Declaration at ¶3*. However, it is unclear whether all federal agencies opted not to pay employees for the 6th day of work. The request is intended to discover documents that show whether other agencies similarly refused to pay for a 6th day of training, and when the CBP and INS began its practice. To expedite discovery, the Plaintiffs would be satisfied with sworn statements explaining how other federal agencies remunerated employees for a sixth day of basic training in a week at the FLETC and how that practice has changed since 1999.

The Defendant's response that all responsive information consists of the Plaintiffs' time and attendance records is an inadequate and improper response. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive

information.

**Document Request 6.**
This request seeks documents showing any payments made to the Plaintiffs at any time for training more than 5 days in a week. The request is not limited to the basic training period at the FLETC. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense.

Although the Defendant does not expressly say it is limiting its production to the Plaintiffs' basic training at FLETC, the production is so limited. Please either complete the production with respect to other training that the Plaintiffs performed or state that no such other training took place.

**Document Request 7**
This request seeks any handbook or statements of policies pertaining to the Plaintiffs. The request is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense. To expedite discovery, the Plaintiffs will agree to limit the request to any handbooks or statements of policies pertaining to the Plaintiffs that included overtime or training policies.

The only document that the Defendant has produced in response to this is the INS Administrative Manual. Upon information and belief, the Defendant issued handbooks or statements of policies pertaining to the Plaintiffs than just the manual. If the Defendant claims that the INS manual is the only document that is responsive, please describe the search that was performed and the name of the person(s) who performed the search.

**Document Request 8**
This request seeks any documents concerning the Defendant's overtime policies with respect to Plaintiffs. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations. It is our understanding that many class members requested information with respect to overtime payment from the Defendant and the Defendant responded in several fashions. For instance:

- Robert D. Hendler, Acting Program Manager of the Office of Personnel Management wrote to Plaintiff Moreno regarding his overtime claim on June 23, 2004;
- In January 2004 Steven Farquharson, the Regional Directof of the U.S. Citizenship and Immigration Services wrote to Briegette Rodriguez, President of the AFGE, Local 1458 regarding overtime payment for basic training;
- In April 2004, Deborah Y. McKissick, FLSA Claims Officer for the Office of Personnel Management, wrote to Plaintiff Moreno regarding his overtime claim;
- In February 2004, Timothy Haugh, Acting Director for the Office of Congressional Relations for the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, wrote to Congressman Silvestre Reyes regarding Plaintiff Moreno's overtime claim;
- On February 26, 2004, Judith L. Frenzel, Classification Appeals Officer for the Office of Personnel Management wrote to Plaintiff Moreno regarding his overtime claim;
- Moreover, we understand that the Defendant posts information regarding overtime pay on various websites and on premises.

Again, the only document that the Defendant has produced in response to this is the INS Administrative Manual. As the list above shows, the Manual cannot be that the only responsive document in the Defendant's possession. Please have the Defendant conduct a thorough search and supplement this response. If the Defendant continues with its position that it has produced all relevant information, please describe the search made and identify the person(s) who conducted the search.

**Document Request 9**
This request seeks all documents concerning the Defendant's payment or non-payment of wages or overtime wages for a 6th day of training in a week at any facility to any employee. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense. To expedite discovery, the Plaintiffs will limit the scope of this request all documents concerning the Defendant's policies with respect payment (or non-payment) of overtime wages for a 6th day of training in a week at any facility to any employee.

The Defendants unilateral limiting of its production to the Plaintiffs' time, attendance and payment records and only for the period of basic training at the FLETC is improper. Please correct the production to include all documents concerning the Defendant's policies with respect payment or non-payment of overtime wages for a 6th day of training in a week at any facility to any employee since January 1, 1999.

**Document Request 10**
This request seeks all documents concerning the Defendant's payment or non payment of its employees for hours spent training (whether at the FLETC or elsewhere). This information is with the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense. To expedite discovery, the Plaintiffs will limit this request to all documents concerning the Defendant's policies with respect to payment (or non payment) of its employees for hours over 40 in a week spent training (whether at the FLETC or elsewhere).

The Defendants unilateral limiting of its production to the Plaintiffs' time, attendance and payment records and only for the period of basic training at the FLETC is improper. Please correct the production to include all documents concerning the Defendant's policies with respect to payment (or non payment) of its employees for hours over 40 in a week spent training (whether at the FLETC or elsewhere).

**Document Request 11**
This request seeks all documents related to the U.S. Office of Personnel Management position on the Defendant's obligation to pay Plaintiffs overtime wages for the 6th day of training each week at the FLETC from January 1, 1999 through the present. This information is with the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense.

Instead of producing the responsive documents, the Defendant responded "Responsive documents are available online at http://www.opm.gov." This is simply not a proper response. The Defendant has an obligation to identify the responsive documents. Please identify those

documents in the website that are responsive. Moreover, it seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and we will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 13**
This request seeks all documents concerning the training of Border Patrol Agents at any facility, including the FLETC, from January 1, 1999 through the present. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense. The Plaintiffs are willing to narrow the scope of this request to all documents concerning payment of overtime to Border Patrol Agents for training at any facility.

The Defendants unilateral limited its production to the Plaintiffs' time, attendance and payment records and only for the period of basic training at the FLETC. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information.

**Document Request 14**
This request seeks all documents relating to the Defendant's compliance with the Fair Labor Standards Act. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations. In an effort to expedite discovery, the Plaintiffs are willing to narrow the request to seek all documents relating to the Defendant's compliance with the Fair Labor Standards Act with respect to (1) overtime pay for training and (2) notification to Plaintiffs of their FLSA rights.

The Defendants response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and we will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 15**
This request seeks all documents relating to compliance with the Fair Labor Standards Act at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations. In an effort to expedite discovery, the Plaintiffs are willing to narrow the request to seek all documents relating to the Defendant's compliance with the Fair Labor Standards Act with respect to (1) overtime pay for training and (2) notification to Plaintiffs of their FLSA rights, at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained.

The Defendants response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive. It seems extraordinary that the only responsive documents would be those

listed in the Defendant's response. If this is the case, however, please state so and we will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 16**
This request seeks all documents related to the posting of notice explaining the Fair Labor Standards Act, as prescribed by the Wage and Hour Division, in conspicuous places at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations. In an effort to expedite discovery, the Plaintiffs are willing to narrow the request to seek all documents related to the posting of notice explaining the Fair Labor Standards Act in conspicuous places at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained.

The Defendants response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and we will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 17**
This request seeks all documents concerning any advice or opinions the Defendant received concerning the payment of wages or overtime wages for training and compliance with the Fair Labor Standards Act. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations. In an effort to expedite discovery, the Plaintiffs will limit the request to all documents concerning any advice or opinions the Defendant received concerning the payment of wages or overtime wages for training in compliance with the Fair Labor Standards Act.

The Defendant agreed to produce all "non-privileged documents responsive to this request . . . ." Please confirm that any responsive documents withheld based on a privilege are listed in a privilege log. The remainder of the Defendant's response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and the Plaintiffs will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 18**
This request seeks any documents concerning communication between any governmental entity and the Defendant or its agents regarding payment of wages or overtime wages for training, including without limitation training at the FLETC. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations. To expedite discovery, the Plaintiffs are willing to limit this request to the period

from January 1999 to the present and to limit it to documents concerning communications regarding payment of overtime wages for training six days in a week.

The Defendant's response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Moreover, it is clear that there are many other documents that are responsive, other than the website and the INS Administrative Manual. For instance, the documents listed above regarding Document Request 8 would be responsive to this request. Moreover, the document production in the *Moreno v. U.S.* shows that many employees communicated with the Defendant regarding the payment of overtime for time spent training. *See, e.g., 5/6/2003 DHS Broadcast, MOR-39* ("Recently, we have had many inquiries from employees regarding the payment of premium pay for a 6th day of training in a 6-day training week while at the FLETC"). If the Defendant continues with its position that it has produced all relevant information, please describe the search made and identify the person(s) who conducted the search.

**Document Request 19**

This request seeks all documents concerning any review, investigation, communication or opinion pertaining to the legality or propriety of the Defendant's non-payment of wages or overtime wages for training, including without limitation training at the FLETC. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations.

In its response, the Defendant agreed to produce all "non-privileged documents responsive to this request . . . ." Please confirm that any responsive documents withheld based on a privilege are listed in a privilege log. The remainder of the Defendant's response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and the Plaintiffs will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 20**

This request seeks all documents concerning the Defendant's reasonable grounds for not paying Plaintiffs wages or overtime wages for the 6th day of training at the FLETC in the pay period that the training was performed. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense.

In its response, the Defendant agreed to produce all "non-privileged documents responsive to this request . . . ." Please confirm that any responsive documents withheld based on a privilege are listed in a privilege log. The remainder of the Defendant's response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and the Plaintiffs will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 21**
This request seeks all documents concerning the Defendant's good faith in failing to pay Plaintiffs wages or overtime wages for the 6th day of training at the FLETC in the pay period that the training was performed. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense.

In its response, the Defendant agreed to produce all "non-privileged documents responsive to this request . . . ." Please confirm that any responsive documents withheld based on a privilege are listed in a privilege log. The remainder of the Defendant's response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and the Plaintiffs will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 22**
This request seeks all documents concerning the laws concerning the Defendant's responsibility to pay wages or overtime wages for training. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations.

In its response, the Defendant agreed to produce all "non-privileged documents responsive to this request . . . ." Please confirm that any responsive documents withheld based on a privilege are listed in a privilege log. The remainder of the Defendant's response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and the Plaintiffs will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 23**
This request seeks all documents concerning any investigation of any of the Plaintiffs or the claims raised in this case. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages.

In its response, the Defendant responded that the term investigation is "vague, overbroad and not defined in the request." Webster's New World College Dictionary defines investigation as "a careful search or examination; systematic inquiry." (3 ed. 1996). The Defendant must have conduct an investigation as it reversed its position on its obligation to pay the Plaintiff class overtime for the 6th day of work and has claimed to have paid them. The Defendant's response that "No such document was found in the possession, custody or control of defendant" is incredible. If the Defendant persists with this position, please describe the search made and identify the person(s) who conducted the search.

**Document Request 24**
This request seeks all documents concerning public statements by the Defendant regarding the

payment or non-payment of wages or overtime wages for training, including without limitation wages or overtime wages for a 6th day of training in a week, including any postings on the internet. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and the statute of limitations. In an effort to expedite discovery, the Plaintiffs will narrow this request to all documents concerning public statements by the Defendant regarding the payment (or non-payment) of wages or overtime wages for a sixth day of training in a week at the FLETC from January 1, 1999 through the present, including any postings on the internet.

The Defendant's response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive. Moreover, the meager production in response to this interrogatory cannot be complete. Indeed, the list of documents in the above discussion of Document Request 8 shows that many more documents exist. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information. If the Defendant persists with this position, please describe the search made and identify the person(s) who conducted the search.

**Document Request 25**
This request seeks all documents concerning any communications by the Defendants regarding its policies for remunerating employees for time spent training, including time spent training at the FLETC. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and to the statute of limitations. To expedite discovery, the Plaintiffs will limit this request all documents concerning any communications by the Defendants regarding its practices or policies for remunerating employees for a sixth day of basic training in a week at the FLETC since October 2001 through the present.

The Defendant's response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive. Moreover, the meager production in response to this interrogatory cannot be complete. Indeed, the list of documents in the above discussion of Document Request 8 shows that many more documents exist. Moreover, the document production in the *Moreno v. U.S.* shows that many employees communicated with the Defendant regarding the payment of overtime for time spent training. *See, e.g., 5/6/2003 DHS Broadcast, MOR-39* ("Recently, we have had many inquiries from employees regarding the payment of premium pay for a 6th day of training in a 6-day training week while at the FLETC"). Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information. If the Defendant persists with this position, please describe the search made and identify the person(s) who conducted the search.

**Document Request 26**
This request seeks all documents concerning communications between the Defendants and anyone employed by it from January 1, 1999 through the present regarding remuneration for time spent training, including time spent training at the FLETC. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and to

the statute of limitations. To expedite discovery, the Plaintiffs will limit this request to all documents concerning communications from the Defendant since October 2001 regarding remuneration for time spent training on a sixth day in a week.

The Defendant's response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive. Moreover, the meager production, including the website and the INS Administrative manual cannot be complete. The list of documents in the above discussion of Document Request 8 shows that many more documents exist. Moreover, the document production in the *Moreno v. U.S.* shows that many employees communicated with the Defendant regarding the payment of overtime for time spent training. *See, e.g., 5/6/2003 DHS Broadcast, MOR-39* ("Recently, we have had many inquiries from employees regarding the payment of premium pay for a 6th day of training in a 6-day training week while at the FLETC"). Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information. If the Defendant persists with this position, please describe the search made and identify the person(s) who conducted the search.

**Document Requests 28 and 29**
These requests seek all e-mails concerning the training or payment of training for any of the Plaintiffs. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and to the statute of limitations. To expedite discovery, the Plaintiffs will limit these requests to all e-mails concerning the requirement that Plaintiffs work 6 days a week during training or concerning payment to Plaintiffs for a 6th day of work during training.

The Defendant's response that "plaintiffs have equal access to the requested documents" is not true and, to the extent that a Plaintiff has the information, the objection is irrelevant. The Defendant controls its own e-mail system that stores the information it receives. It can retrieve the information and has an obligation to do so. The response that no such documents are in the possession, custody or control of the Defendant suggests that an appropriate search has not been made. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information. If the Defendant persists with its position, please describe the search made and identify the person(s) who conducted the search.

**Document Request 30**
These requests seek all documents concerning any complaints by any individual or entity concerning the Defendant's non-payment of wages or overtime wages for a 6th day of training in a week. Include any informal or formal complaints, responses, analyses, settlements, or resolutions and all other related documents. e-mails concerning the training or payment of training for any of the Plaintiffs. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and to the statute of limitations.

The Defendant's response that the filings in *Moreno v. United States* are the only complaints it has received is incredible. Many individuals have said that they complained. The documents listed in the discussion of Document Request 8 above shows that there has been substantial correspondence regarding such complaints. Moreover, the document production in the *Moreno v.*

*U.S.* shows that many employees communicated with the Defendant regarding the payment of overtime for time spent training. *See, e.g., 5/6/2003 DHS Broadcast, MOR-39* ("Recently, we have had many inquiries from employees regarding the payment of premium pay for a 6th day of training in a 6-day training week while at the FLETC"). Please confirm that the Defendant will conduct a complete search for the requested information and produce them. If the Defendant persists with this position, please describe the search made and identify the person(s) who conducted the search.

**Document Request 31**
These requests seek all statements or writings or documents signed or authored or purportedly transcribing or recording statements of the Plaintiffs concerning their employment, pay, or leave, or matters related to the claims or defenses herein. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and to the statute of limitations. Indeed, such statements would be evidence as admissions. To expedite discovery, the Plaintiffs will limit the request to statements or writings or documents signed or authored or purportedly transcribing or recording statements of the Plaintiffs related to the claims or defenses herein.

If the Defendant has such information, it is required to produce it. An objection that the Plaintiffs have equal access to the documents is both unfounded and irrelevant. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information.

**Document Request 32**
These requests seek all union contracts applicable to any persons the Defendant required to train for six days in a week from January 1, 1999 through the present. The information is within RCFC 26(b)(1) because it is directly relevant to the Defendant's good faith defense to liquidated damages and to the running of the statute of limitations. To expedite discovery, the Plaintiffs will limit the request to all union contracts applicable to Plaintiffs from January 1, 1999 through the present.

If the Defendant has such information, it is required to produce it. An objection that the Plaintiffs have equal access to the documents is both unfounded and irrelevant. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information.

**Document Request 35**
These requests seek all complaints, answers, judgments or settlements of all lawsuits involving the Defendants concerning the payment of wages or overtime wages for employee training. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages. To expedite discovery, the Plaintiffs will limit the request to all complaints, answers, judgments or settlements of all lawsuits involving the Defendants concerning the payment of overtime wages for employee training at the FLETC since October 2001.

If the Defendant has such information, it is required to produce it. An objection that the Plaintiffs

have equal access to the documents is both unfounded and irrelevant. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information.

**Document Request 38**
This request seeks all documents or other tangible evidence concerning any of the Defendant's affirmative defenses, organized by the defense to which such evidence, if any, pertains. The information is within RCFC 26(b)(1) because it is relevant to both the Defendant's defenses.

The Defendant's response that "Responsive documents are available online at http://www.opm.gov" is not an adequate response. Please identify the documents on the website that are responsive.

**Document Request 39**
This request seeks all documents concerning an agreement with any former or current employee of the Defendant who at any time raised any claim under the FLSA or other wage payment statute regarding the payment of wages or overtime for training, which agreement promised: a. not to voluntarily cooperate with any other individual; b. not to disclose facts, occurrences, settlements or other matter pertaining to such claim; or c. to supply notice to the Defendants concerning a subpoena or other inquiry. The information is within RCFC 26(b)(1) because it is directly relevant to the Defendant's good faith defense. In a effort to expedite discovery, the Plaintiffs will limit the scope of this request to all documents concerning an agreement with any former or current employee of the Defendant who at any time raised any claim under the FLSA or other wage payment statute regarding the payment of wages or overtime for a sixth day of training in a week since September 2001, which agreement promised: a. not to voluntarily cooperate with any other individual; b. not to disclose facts, occurrences, settlements or other matter pertaining to such claim; or c. to supply notice to the Defendants concerning a subpoena or other inquiry.

The Defendant's objections are improper, the information is relevant to the Defendant's good faith defense and reasonably calculated to lead to admissible evidence. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information.

## II. Discovery in Moreno v. U.S.

In response to 41 document requests in the Moreno case, the Defendant has produced only 52 pages of discovery. In response to 20 requests, the Defendant only refers back to its first response. The Plaintiffs believe that the production, in a case with more than 750 Plaintiffs is inadequate. If the Defendant wants to rely on its production for its burden, so be it. The Plaintiffs will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense. However, where the Plaintiffs have the burden of proof, we insist that the Defendant meet its discovery obligations. In particular, we insist that the Defendant produce the information related to the running of the statute of limitation. Our specific concerns are as follows.

### A. Specific Document Request Responses in Moreno v. U.S.

**Document Request 1**
This request asks for documents with respect to the Plaintiffs' training and work, including job or training duties and job or training performance. Documents with respect to any training that the Plaintiffs were required to perform are relevant to whether the Defendant acted in good faith in refusing to pay for a 6th day of training at the FLETC because it reflects on the consistency of the Defendant's pay policy. Moreover, the documents that the Defendant has provided in support of its good faith defense state that the type of training may be determinative of whether FLSA overtime is due. Therefore, documents related to the Plaintiffs job or training duties and their evaluations are within the scope of RCFC 26(b)(1). To expedite discovery at this stage, the Plaintiffs will narrow the request to documents concerning (1) the Plaintiffs' job or training duties and (2) remuneration for overtime work or training.

Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information. Additionally, the Defendant is required to identify specific documents that are responsive to this request. The response that "Responsive document regarding the issue of liability consist of . . . [documents] in plaintiffs' possession as a result of analogous discovery in the related case of Porta v. United States" is improper. Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter.

**Document Request 4**
This request asks for documents that would show the Defendant's payment practices for non-plaintiffs, as well as Plaintiffs, who trained at the FLETC from January 1, 1999 through the present. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense. The Defendant's representative, Mr. Coleman, has testified that "All of the federal agencies with employees in law enforcement related occupations that utilize FLETC for basic training were affected by this decision to go to a six-day training week." *Coleman Declaration at ¶3.* However, it is unclear whether all federal agencies opted not to pay employees for the 6th day of work. The request is intended to discover documents that show whether other agencies similarly refused to pay for a 6th day of training, and when the CBP and INS began its practice. To expedite discovery, the Plaintiffs would be satisfied with sworn statements explaining how other federal agencies remunerated employees for a sixth day of basic training in a week at the FLETC and how that practice has changed since 1999.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information.

**Document Request 6.**
This request seeks documents showing any payments made to the Plaintiffs at any time for training more than 5 days in a week. The request is not limited to the basic training period at the FLETC. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense.

Please identify with specificity any documents produced in the Porta case that the Defendant

claims are responsive in this matter. Although the Defendant does not expressly say it is limiting its production to the Plaintiffs' basic training at FLETC, the production is so limited. Please either complete the production with respect to other training that the Plaintiffs performed or state that no such other training took place.

**Document Request 7**
This request seeks any handbook or statements of policies pertaining to the Plaintiffs. The request is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense. To expedite discovery, the Plaintiffs will agree to limit the request to any handbooks or statements of policies pertaining to the Plaintiffs that included overtime or training policies.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. The response does not specifically include any handbooks. Upon information and belief, the Defendant issued handbooks or statements of policies pertaining to the Plaintiffs than just the manual. If the Defendant maintains it position, please describe the search that was performed and the name of the person(s) who performed the search.

**Document Request 8**
This request seeks any documents concerning the Defendant's overtime policies with respect to Plaintiffs. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations.

It is our understanding that many class members requested information with respect to overtime payment from the Defendant and the Defendant responded in several fashions. For instance:

- Robert D. Hendler, Acting Program Manager of the Office of Personnel Management wrote to Mr. Moreno regarding his overtime claim on June 23, 2004;
- In January 2004 Steven Farquharson, the Regional Directof of the U.S. Citizenship and Immigration Services wrote to Briegette Rodriguez, President of the AFGE, Local 1458 regarding overtime payment for basic training;
- In April 2004, Deborah Y. McKissick, FLSA Claims Officer for the Office of Personnel Management, wrote to Mr. Moreno regarding his overtime claim;
- In February 2004, Timothy Haugh, Acting Director for the Office of Congressional Relations for the U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement, wrote to Congressman Silvestre Reyes regarding Mr. Moreno's overtime claim;
- On February 26, 2004, Judith L. Frenzel, Classification Appeals Officer for the Office of Personnel Management wrote to Mr. Moreno regarding his overtime claim;
- Moreover, we understand that the Defendant posts information regarding overtime pay on various websites and on premises.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. Please have the Defendant conduct a thorough search and supplement this response. If the Defendant continues with its position that it has produced all relevant information, please describe the search made and identify the person(s) who conducted the search.

**Document Request 9**
This request seeks all documents concerning the Defendant's payment or non-payment of wages or overtime wages for a 6th day of training in a week at any facility to any employee. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense. To expedite discovery, the Plaintiffs will limit the scope of this request all documents concerning the Defendant's policies with respect payment (or non-payment) of overtime wages for a 6th day of training in a week at any facility to any employee.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. The Defendants unilateral limiting of its production to the basic training for the Plaintiff class at the FLETC is improper. Please correct the production to include all documents concerning the Defendant's policies with respect payment or non-payment of overtime wages for a 6th day of training in a week at any facility to any employee.

**Document Request 10**
This request seeks all documents concerning the Defendant's payment or non payment of its employees for hours spent training (whether at the FLETC or elsewhere). This information is with the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense. To expedite discovery, the Plaintiffs will limit this request to all documents concerning the Defendant's policies with respect to payment (or non payment) of its employees for hours over 40 in a week spent training (whether at the FLETC or elsewhere).

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. The Defendants unilateral limiting of its production to the basic training for the Plaintiff class at the FLETC is improper. Please correct the production to include all documents concerning the Defendant's policies with respect to payment (or non payment) of its employees for hours over 40 in a week spent training (whether at the FLETC or elsewhere).

**Document Request 11**
This request seeks all documents related to the U.S. Office of Personnel Management position on the Defendant's obligation to pay Plaintiffs overtime wages for the 6th day of training each week at the FLETC from January 1, 1999 through the present. This information is with the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and we will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 13**
This request seeks all documents concerning the training of legacy INS employees at any facility, including the FLETC, from January 1, 1999 through the present. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense. The Plaintiffs are willing to narrow the scope of this request to all documents concerning payment of

overtime for the training of legacy INS employees at any facility from January 1, 1999 through the present.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. The Defendants unilateral limited its production to the Plaintiff class and only for the period of basic training at the FLETC. Please correct the production to include all documents concerning payment of overtime for the training of legacy INS employees at any facility, from January 1, 1999 through the present.

**Document Request 14**
This request seeks all documents relating to the Defendant's compliance with the Fair Labor Standards Act. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations. In an effort to expedite discovery, the Plaintiffs are willing to narrow the request to seek all documents relating to the Defendant's compliance with the Fair Labor Standards Act with respect to (1) overtime pay for training and (2) notification to Plaintiffs of their FLSA rights.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and we will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 15**
This request seeks all documents relating to compliance with the Fair Labor Standards Act at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations. In an effort to expedite discovery, the Plaintiffs are willing to narrow the request to seek all documents relating to the Defendant's compliance with the Fair Labor Standards Act with respect to (1) overtime pay for training and (2) notification to Plaintiffs of their FLSA rights, at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and we will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 16**
This request seeks all documents related to the posting of notice explaining the Fair Labor Standards Act, as prescribed by the Wage and Hour Division, in conspicuous places at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations. In an effort to

expedite discovery, the Plaintiffs are willing to narrow the request to seek all documents related to the posting of notice explaining the Fair Labor Standards Act in conspicuous places at the FLETC, the establishments where the Plaintiffs were employed, and any other training facility where the Plaintiffs trained.

It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and we will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 17**
This request seeks all documents concerning any advice or opinions the Defendant received concerning the payment of wages or overtime wages for training and compliance with the Fair Labor Standards Act. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations. In an effort to expedite discovery, the Plaintiffs will limit the request to all documents concerning any advice or opinions the Defendant received concerning the payment of wages or overtime wages for training in compliance with the Fair Labor Standards Act.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and the Plaintiffs will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 18**
This request seeks any documents concerning communication between any governmental entity and the Defendant or its agents regarding payment of wages or overtime wages for training, including without limitation training at the FLETC. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations. To expedite discovery, the Plaintiffs are willing to limit this request to the period from January 1999 to the present and to limit it to documents concerning communications regarding payment of overtime wages for training six days in a week.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. It is clear that there are many documents not included in the response that are responsive. For instance, the documents listed above regarding Document Request 8 would be responsive to this request. If the Defendant continues with its position that it has produced all relevant information, please describe the search made and identify the person(s) who conducted the search.

**Document Request 19**
This request seeks all documents concerning any review, investigation, communication or opinion pertaining to the legality or propriety of the Defendant's non-payment of wages or overtime wages for training, including without limitation training at the FLETC. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good

faith defense and the statute of limitations.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and the Plaintiffs will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 20**
This request seeks all documents concerning the Defendant's reasonable grounds for not paying Plaintiffs wages or overtime wages for the 6th day of training at the FLETC in the pay period that the training was performed. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and the Plaintiffs will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 21**
This request seeks all documents concerning the Defendant's good faith in failing to pay Plaintiffs wages or overtime wages for the 6th day of training at the FLETC in the pay period that the training was performed. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and the Plaintiffs will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 22**
This request seeks all documents concerning the laws concerning the Defendant's responsibility to pay wages or overtime wages for training. This information is within the scope of RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense and the statute of limitations.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. It seems extraordinary that the only responsive documents would be those listed in the Defendant's response. If this is the case, however, please state so and the Plaintiffs will ask the Court to preclude the introduction of additional responsive documents in support of the good faith defense.

**Document Request 23**
This request seeks all documents concerning any investigation of any of the Plaintiffs or the

claims raised in this case. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages.

In its response, the Defendant responded that the term investigation is "vague, overbroad and not defined in the request." Webster's New World College Dictionary defines investigation as "a careful search or examination; systematic inquiry." (3 ed. 1996). The Defendant must have conduct an investigation as it reversed its position on its obligation to pay the Plaintiff class overtime for the 6th day of work and has claimed to have paid them. The Defendant's response that "No such document was found in the possession, custody or control of defendant" is incredible. If the Defendant persists with this position, please describe the search made and identify the person(s) who conducted the search.

**Document Request 24**
This request seeks all documents concerning public statements by the Defendant regarding the payment or non-payment of wages or overtime wages for training, including without limitation wages or overtime wages for a 6th day of training in a week, including any postings on the internet. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and the statute of limitations. In an effort to expedite discovery, the Plaintiffs will narrow this request to all documents concerning public statements by the Defendant regarding the payment (or non-payment) of wages or overtime wages for a sixth day of training in a week at the FLETC from January 1, 1999 through the present, including any postings on the internet.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. The meager production in response to this interrogatory cannot be complete. Indeed, the list of documents in the above discussion of Document Request 8 shows that many more documents exist. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information. If the Defendant persists with this position, please describe the search made and identify the person(s) who conducted the search.

**Document Request 25**
This request seeks all documents concerning any communications by the Defendant regarding its policies for remunerating employees for time spent training, including time spent training at the FLETC. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and to the statute of limitations. To expedite discovery, the Plaintiffs will limit this request to all documents concerning any communications by the Defendant regarding its practices or policies for remunerating employees for a sixth day of basic training in a week at the FLETC since October 2001 through the present.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. The meager production in response to this interrogatory cannot be complete. Indeed, the list of documents in the above discussion of Document Request 8 shows that many more documents exist. *See also, 5/6/2003 DHS Broadcast, MOR-39* ("Recently, we have had many inquiries from employees regarding the payment of premium pay for a 6th day of training in a 6-day training week while at the FLETC"). Please confirm that the

Defendant will conduct a complete search based on the revised request and produce all responsive information. If the Defendant persists with this position, please describe the search made and identify the person(s) who conducted the search.

**Document Request 26**
This request seeks all documents concerning communications between the Defendants and anyone employed by it from January 1, 1999 through the present regarding remuneration for time spent training, including time spent training at the FLETC. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and to the statute of limitations. To expedite discovery, the Plaintiffs will limit this request to all documents concerning communications from the Defendant since October 2001 regarding remuneration for time spent training on a sixth day in a week.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. Moreover, the meager production, including the website and the INS Administrative manual cannot be complete. The list of documents in the above discussion of Document Request 8 shows that many more documents exist. *See also, 5/6/2003 DHS Broadcast, MOR-39* ("Recently, we have had many inquiries from employees regarding the payment of premium pay for a 6th day of training in a 6-day training week while at the FLETC"). Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information. If the Defendant persists with this position, please describe the search made and identify the person(s) who conducted the search.

**Document Requests 28 and 29**
These requests seek all e-mails concerning the training or payment of training for any of the Plaintiffs. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and to the statute of limitations. To expedite discovery, the Plaintiffs will limit these requests to all e-mails concerning the requirement to work 6 days a week during training or payment for a 6th day of work during training.

The Defendant's response that "plaintiffs have equal access to the requested documents" is not true and, to the extent that a Plaintiff has the information, the objection is irrelevant. The Defendant controls its own e-mail system that stores the information it receives. It can retrieve the information and has an obligation to do so. The response that no such documents are in the possession, custody or control of the Defendant suggests that an appropriate search has not been made. *See, 5/6/2003 DHS Broadcast, MOR-39* ("Recently, we have had many inquiries from employees regarding the payment of premium pay for a 6th day of training in a 6-day training week while at the FLETC"). Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information. If the Defendant persists with its position, please describe the search made and identify the person(s) who conducted the search.

**Document Request 30**
These requests seek all documents concerning any complaints by any individual or entity concerning the Defendant's non-payment of wages or overtime wages for a 6th day of training in a week. Include any informal or formal complaints, responses, analyses, settlements, or

resolutions and all other related documents. e-mails concerning the training or payment of training for any of the Plaintiffs. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and to the statute of limitations.

The Defendant's response that the filings in this and the Porta cases are the only complaints it has received is incredible. Many individuals have said that they complained. *See, 5/6/2003 DHS Broadcast, MOR-39* ("Recently, we have had many inquiries from employees regarding the payment of premium pay for a 6th day of training in a 6-day training week while at the FLETC"). Moreover, the documents listed in the discussion of Document Request 8 above shows that there has been substantial correspondence regarding such complaints. Please confirm that the Defendant will conduct a complete search for the requested information and produce them. If the Defendant persists with this position, please describe the search made and identify the person(s) who conducted the search.

**Document Request 31**
These requests seek all statements or writings or documents signed or authored or purportedly transcribing or recording statements of the Plaintiffs concerning their employment, pay, or leave, or matters related to the claims or defenses herein. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense to liquidated damages and to the statute of limitations. Indeed, such statements would be evidence as admissions. To expedite discovery, the Plaintiffs will limit the request to statements or writings or documents signed or authored or purportedly transcribing or recording statements of the Plaintiffs related to the claims or defenses herein.

If the Defendant has such information, it is required to produce it. An objection that the Plaintiffs have equal access to the documents is both unfounded and irrelevant. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information.

**Document Request 32**
These requests seek all union contracts applicable to any persons the Defendant required to train for six days in a week from January 1, 1999 through the present. The information is within RCFC 26(b)(1) because it is directly relevant to the Defendant's good faith defense to liquidated damages and to the running of the statute of limitations. To expedite discovery, the Plaintiffs will limit the request to all union contracts applicable to Plaintiffs from January 1, 1999 through the present.

If the Defendant has such information, it is required to produce it. An objection that the Plaintiffs have equal access to the documents is both unfounded and irrelevant. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information.

**Document Request 35**
These requests seek all complaints, answers, judgments or settlements of all lawsuits involving the Defendants concerning the payment of wages or overtime wages for employee training. The information is within RCFC 26(b)(1) because it is relevant to the Defendant's good faith defense

to liquidated damages. To expedite discovery, the Plaintiffs will limit the request to all complaints, answers, judgments or settlements of all lawsuits involving the Defendants concerning the payment of wages or overtime wages for employee training at the FLETC since October 2001.

If the Defendant has such information, it is required to produce it. An objection that the Plaintiffs have equal access to the documents is both unfounded and irrelevant. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information.

**Document Request 38**
This request seeks all documents or other tangible evidence concerning any of the Defendant's affirmative defenses, organized by the defense to which such evidence, if any, pertains. The information is within RCFC 26(b)(1) because it is relevant to both the Defendant's defenses.

Please identify with specificity any documents produced in the Porta case that the Defendant claims are responsive in this matter. If the Defendant is referring to the Porta discovery's general referal to the http://www.opm.gov" website, that is not an adequate response. Please identify the documents on the website that are responsive.

**Document Request 39**
This request seeks all documents concerning an agreement with any former or current employee of the Defendant who at any time raised any claim under the FLSA or other wage payment statute regarding the payment of wages or overtime for training, which agreement promised: a. not to voluntarily cooperate with any other individual; b. not to disclose facts, occurrences, settlements or other matter pertaining to such claim; or c. to supply notice to the Defendants concerning a subpoena or other inquiry. The information is within RCFC 26(b)(1) because it is directly relevant to the Defendant's good faith defense. In a effort to expedite discovery, the Plaintiffs will limit the scope of this request to all documents concerning an agreement with any former or current employee of the Defendant who at any time raised any claim under the FLSA or other wage payment statute regarding the payment of wages or overtime for a sixth day of training in a week since September 2001, which agreement promised: a. not to voluntarily cooperate with any other individual; b. not to disclose facts, occurrences, settlements or other matter pertaining to such claim; or c. to supply notice to the Defendants concerning a subpoena or other inquiry.

The Defendant's objections are improper, the information is relevant to the Defendant's good faith defense and reasonably calculated to lead to admissible evidence. Please confirm that the Defendant will conduct a complete search based on the revised request and produce all responsive information.

As we have impending depositions and discovery deadlines, please let me know as soon as possible when you will produce the above requested information. If you do not intend to produce any part of the above requests, please let me know as soon as possible so that we can seek the Court's help in resolving any issues.

Sincerely,

/s

Mike Sweeney