**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**ARTURO MORENO, JR.,**
**individually and on behalf of others similarly situated,**

**Plaintiffs,**

**v.** **No. 05-142C**
**Judge Firestone**

**THE UNITED STATES OF AMERICA, et al.,**

**Defendants.**

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME**

The Plaintiffs extend congratulations to Mr. Pease on the birth of his new child and wish him and his family well. We do not understand why the Defendant cannot defend this case during Mr. Pease's 45-day absence. Four different lawyers sign each of the filings in the cases. It is difficult to believe that none of them are capable of completing the Defendant's response to the Plaintiffs' discovery motion. Nevertheless, to protect Mr. Pease's paternity leave, the Plaintiffs will not oppose the Defendant's motion for enlargement of time to respond to the Plaintiffs' motion to compel.

While we do not oppose the Defendant's motion, we would like the Court to keep in mind that this case has been plagued with delay, much of it due to the Defendant's actions. The case was initial brought in the U.S. District Court for the District of Columbia. The Defendant contested the venue and moved the District Court to dismiss the case rather than transfer it to the Court of Federal Claims. The dismissal resulted in substantial delay in certifying and sending notice to the class. The Defendant is taking full advantage of the delay by raising a statute of limitations defense to those that later joined the action in this Court. Moreover, during the time between the dismissal and the re-filing of the case in this Court, the Defendant attempted to limit

participation in the action by making a partial payments of the damages owed to the class, but not disclosing that it was not paying the full damages required under 29 U.S.C. §216(b).

Notice the class case was also delayed due to circumstances beyond anyone's control. This case has been assigned to three different judges in the Court of Federal Claims. Although Your Honor dealt swiftly with the issue of notice to the class once the case was before you, it took more than 16 months from filing until notice was sent to the class. The Porta notice had to be reissued to cure the Defendant's attempt to discourage participation by making partial payments to the class independent of Court supervision and without informing the Plaintiffs. The Defendant has worked hard to turn the delay to its advantage by raising a statute of limitations defense against those that finally received notice and joined.

The Defendant also has used discovery to delay the litigation process. It sought multiple extensions for responding to discovery. As detailed in the Plaintiffs' Motion to Compel, after objecting to virtually all of the Plaintiffs' discovery requests, it demanded that Plaintiffs' counsel memorialize its discovery positions. Plaintiffs' counsel did so in a 25 page letter that explained the basis of the requests and limited many of the requests in an attempt to meet the Defendant's concerns. The Defendant did not even bother to respond to the letter. Instead, it began producing documents. While it produced some documents up front, it produced critical communications to and from witnesses after the Plaintiffs had conducted their depositions. Indeed, it produced the majority of its production the day discovery ended (a federal holiday), after the Plaintiffs had finished deposing witnesses.

The Plaintiffs will not oppose the Defendant's motion for enlargement because such an opposition might impose on Mr. Pease's paternity leave. We would, however, like Your Honor to take note that the Plaintiffs have been waiting a long time to resolve this matter, and the

Defendant has done much to delay the resolution. If the Court grants the Defendant's request for enlargement, the discovery matter would be fully briefed with the Plaintiffs' reply on April 12, 2007. We ask that Your Honor schedule a conference to address the discovery and willfulness issues as soon after that date as is possible to ensure that the case suffers no further delay.

Dated: New Paltz, New York
February 9, 2007

Respectfully submitted,

/s/

Michael J.D. Sweeney
9 Paradies Lane
New Paltz, New York 12561
(845) 255-9370

Counsel to Plaintiffs