**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ARTURO MORENO, JR., individually and on behalf of others similarly situated, Plaintiffs,** | ) | |
| | ) | **No. 05-142C** |
| **v.** | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES, Defendant.** | ) | |

**PLAINTIFFS' REPLY REGARDING THEIR MOTION TO COMPEL THE PRODUCTION OF INFORMATION**

The Plaintiffs seek relevant information identified by the Defendant's own representatives and employees, and complete information regarding the basis of the Defendant's claim that it acted in good faith and non-willfully in failing to abide by the Fair Labor Standards Act. The Rules of the Court of Federal Claims require the Defendant to produce the information as it is relevant to the claims and defenses in this action and not protected by privilege. The Defendant's response does not raise legitimate bases for not complying with the Rules.

**1. The Defendant Must Produce the Information Identified at the Depositions**

In their motion to compel, the Plaintiffs request the production of information that was identified by the Defendant's representatives during depositions. It is information that Plaintiffs requested in their initial discovery requests. We requested it again in a detailed 24-page letter. *See Ex. Y, Sweeney Letter of 9/18/06.* We requested the information again at the depositions when the deponents identified the specific documents and information sought. *See Exhibit G.* We requested it for a fourth time in follow up correspondence to the deposition. *See id.* The Defendant offers no valid reason for not producing the information.

The Plaintiffs' motion to compel was timely. The Plaintiffs made the requests before

discovery closed. We continually tried to resolve the disputes without having to waste the Court's time. *See Exs. G, L, N, and O.* After the Defendant indicated that it did not want to discuss the matter, the Plaintiffs were forced to seek the Court's assistance. Indeed, the Defendant suggested that Plaintiffs file a motion to compel on January 16, 2007, <u>after</u> the formal close of discovery. *See Exhibit N*. Moreover, the Defendant was still producing documents after the close of discovery. *See Defendant's Brief at 4* ("[O]n January 24, 2007, . . . defendant produced approximately 1,500 pages of electronic mail messages . . ."). Even now, almost 3 months after discovery closed, the Defendant has still not produced documents it promised to produce during discovery. *See Ex. AA, Pease e-mail of March 30, 2007*.

The cases that the Defendant cites do not support denial of the motion to compel. In *Packman*, the Court denied a motion because the plaintiff did not filed her motion to compel until a summary judgment schedule had been set and the defendant had filed its summary judgment motion. She filed the motion late despite the court's order not to delay. Moreover, the Court denied the motion because the information sought was not relevant. *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001). Similarly, in *Material Supply Int'l, Inc. v. Sunmatch Indust. Co.*, the court denied a motion to compel made more than five months after the close of discovery and four months after summary judgment motions were scheduled. 146 F.3d 983, 992 (D.C. Cir. 1998). Here, the Plaintiffs' motion to compel was filed 11 days after the close of discovery, before the Defendant had completed its discovery production, before any dispositive motions have been scheduled, and only after the Defendant refused to discuss the matter with Plaintiffs' counsel.

The Defendant's refrain of general objections such as "generally vague, overbroad, and unduly burdensome" does not relieve it of its obligation to produce discovery. The onus is on the

party objecting to discovery to state the grounds for the objection with specificity. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir.1982); *see also Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 295 (E.D.Pa.1980). Indeed, the Defendant's objection that the requests were not made with "reasonable particularity" is incredulous given that the information was identified by its own witnesses at deposition. Not having offered specific objections, the Defendant is required to produce the requested discovery. RCFC 34.

Some of the Plaintiffs' requests are non-objectionable and could have been resolved with a simple telephone call. For example, the Defendant's explanation regarding requests 3(b), (c) and (i)[1] suffices as a response to those requests. Unfortunately, rather than simply provide the response, the Defendant required the Plaintiffs to go to the additional work of moving the Court to compel production and required Your Honor to become involved in the discovery process. *See Ex. O.*

The Defendant's objections to requests 3(e), (f) and (g) are not valid. Request 3(e) seeks the reimbursement agreement between Immigration and Customs Enforcement ("ICE") and the USDA National Finance Center providing for payment for the 6th day of training. The information goes to the Defendant's efforts to pay the overtime wages on a timely basis, which is relevant to the Defendant's assertion of a good faith defense and the statute of limitations. The documents sought in 3(f) are communications between the Defendant and employees regarding the central issue in the case, payment of overtime pay for the 6th day of training at the FLETC. The Defendant testified that employees called and complained about not receiving overtime pay

---

[1]This Reply refers to the Plaintiffs' requests for information by the section and letter in the Plaintiffs' initial brief.

for the sixth day of training. The communications between those employees and the Defendant are relevant to the defense of good faith and assertion of the statute of limitations.[2] The documents sought in 3(g) are the form of notice that the Defendant sent to class members along with the partial payment of damages. Coleman testified that some form of notice was sent, but could not describe it. *See Ex. B, Coleman Depo., at 310-313.* Plaintiffs have indicated that they did not receive notice with the payment or an accounting of the funds. The information goes to whether the payments made were proper and the statute of limitations.

The Defendant has simply not offered a basis for withholding the information sought in 3(a), (d), (h), (j), and (k). The information is non-privileged relevant information that was requested in the original discovery requests and identified by the Defendant and its employee at depositions. The Defendant has an obligation to produce the information. RCFC 34.

**2. The Defendant Has Waived the Attorney-Client Privilege**

The issue of waiving the attorney-client privilege in this case is not one of inadvertent disclosures, but whether the Defendant can raise a good faith defense and reveal some communications with counsel regarding the issue, but not others. That is clearly not allowed. *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) (quoting 8 Wigmore, Evidence, § 2327, at 636 (McNaughton rev. ed. 1961); *see also*, *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982); *Nguyen v. Excel Corp.*, 197 F.3d 200 207-208

---

[2]Based on the Defendant's representations, the Plaintiffs expected the Defendants' January 24, 2007 production to include these communications. However, the Defendant unilaterally limited that production to e-mails with class members from December 2004 on. It did not include e-mail communications with class members between January 2002, when employees began questioning the practice, and December 2004, when it was processing payments for training taking place in 2002 and 2003. The communications from January 2002 to December 2004 period are relevant to the Defendant's good faith defense and its assertion of the statute of limitations because they would show the Defendant's representations to the class regarding its intention to make payments.

(5th Cir. 1999). The Defendant's production of privileged material was not inadvertent. It revealed attorney-client communications in an transparent effort to suggest that it consulted counsel on the overtime issue, but claims privilege with respect to counsel's response. Therefore, an analysis under *Hydraflow, Inc. v. Enidine, Inc.*, 145 F.R.D. 626 (W.D.N.Y. 1993), is irrelevant.

The Defendant does not deny that it produced communications seeking counsel from its attorneys regarding its obligation to pay the Plaintiffs for the 6th day of training at FLETC. For example, Jo Ann Perrini, Manager of OPM's Pay and Administration Group, wrote to 4 different lawyers, Melanie Watson, Mark Gold, Kathie Ann Whipple and James Green, asking for their advice on wording in a letter to Ronald James, the DHS Chief Human Capital Office, regarding the Defendant's obligation to pay the Plaintiffs overtime. *Exhibit S at MOR 143*. In another example, Donald Winstead, Deputy Associate Director for Pay and Leave Administration at OPM, wrote to James Green and Mark Robbins, OPM counsel, regarding his supervision of the preparing of a "formal legal opinion" with respect to paying overtime for the 6th day of training at FLETC. *Exhibit R at MOR 131*.

Neither does the Defendant deny that its counsel rendered advice on the issue. For example, Melanie Green, OPM Counsel, provided Bryce Baker with changes to the letter to James. In doing so, she copied 3 other attorneys from OPM. *Exhibit S at MOR 144* (redacted communication from Melanie Watson). Similarly, Ms. Perrini received advice from James Green, OPM counsel, regarding posting of guidance on the overtime issue on its website. Ms. Perrini shared that information with her superiors, all the way up to Ronald Sanders, the Associate Director, and Doris Hausser, the Special Advisor to the Director. *Exhibit R at MOR 132*.

Having raised good faith and a lack of willfulness as defenses and produced communications to counsel on the issues, the Defendant cannot claim privilege over counsel's response. *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) (quoting 8 Wigmore, Evidence, § 2327, at 636 (McNaughton rev. ed. 1961); *see also*, *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982); *Nguyen v. Excel Corp.*, 197 F.3d 200 207-208 (5th Cir. 1999).

The Defendant's intention not to rely on advice of counsel as the basis of its good faith defense does relieve it of the obligation to produce the information. Communications with counsel regarding paying overtime for the 6th day of training at the FLETC are relevant because they go directly to the Defendant's claim that it acted in good faith and its claim that it did not act willfully. The information is not protected by privilege because the Defendant has waived the attorney-client privilege. Therefore, the Defendant must produce it. RCFC 26(b)(1)("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . .")

**3. Plaintiffs Should Not Be Required to Serve Additional Requests**

The Plaintiffs' discovery requests are clear. The information sought was requested in the original discovery requests, requested again with additional clarification in the Plaintiffs' follow up letter, *Ex. Y*, and either identified by the Defendant's own representatives and employees at deposition or identified but withheld as privileged. *See e.g., Ex. G*. It cannot be that at this point the Defendant does not understand what information is sought. Propounding additional requests will simply waste time and likely result in more frivolous objections.

**4. Defendant Should Be Allowed 30 Days to Complete its Production Regarding Intent**

The Plaintiffs will not object to the Defendant's request that the Court allow it 30 days

from the Court's Order to produce the information sought. However, given the Defendant's lack of cooperation in the discovery process, the Plaintiffs ask the Court to prohibit the Defendant's introduction of additional evidence in support of its good faith or lack of willfulness defenses after the 30 days have passed.

**Conclusion**

The Plaintiffs respectfully request that the Court: (1) order the Defendant to produce the information responsive to Plaintiffs' requests 3(a), (d), (e), (f), (g), (h), (j) and (k) within 30 days without requiring the Plaintiffs to propound additional discovery requests; (2) find that the Defendant has waived the attorney-client privilege with respect to communications with counsel regarding the Defendant's obligation to pay overtime for the 6th day of training at the FLETC and order it to produce information that it has withheld as privileged; and (3) limit the Defendant's introduction of additional evidence in support of its good faith defense or lack of willfulness to evidence introduced within 30 days of the Court's order.

Dated: April 12, 2007

Respectfully submitted,

/s

Michael J. D. Sweeney, Esq.
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
Tel: (845) 255-9370
Fax: (845) 255-8649