**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ARTURO MORENO, JR., individually and on behalf of others similarly situated,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 05-142C** |
| **v.** | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## PLAINTIFFS' WILLFULNESS CITATIONS

Pursuant to the Court's January 31, 2007 Order, the Plaintiffs submit the following law addressing the willfulness standard of the Fair Labor Standards Act statute of limitations.

The Fair Labor Standards Act provides for a two or three-year statute of limitations on claims for back pay. 29 U.S.C. §255. A three-year statute of limitations applies where the plaintiff shows that the employer acted willfully in not complying with the FLSA. To show willfulness, a plaintiff must show that the employer had knowledge of its FLSA obligations or that the employer acted recklessly in not paying overtime. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988); *see also* 5 C.F.R. 104 (2007) ("Willful violation [for FLSA purposes] means a violation in circumstances where the agency knew that its conduct was prohibited by the Act or showed reckless disregard of the requirements of the Act. All of the facts and circumstances surrounding the violation are taken into account in determining whether a violation was willful."). Willfulness does not require bad faith, only a showing of knowledge or recklessness. *Id*.

Knowledge is not required for a showing of willfulness. If the employer recklessly disregarded its FLSA obligations, a three-year statute of limitations is appropriate. *McLaughlin v.*

*Richland Shoe Co.,* 486 U.S. at 133. "'Reckless disregard' is . . . the 'failure to make adequate inquiry into whether conduct is in compliance with the Act.'" *Bull v. U.S.*, 68 Fed. Cl. at 272 - 73 *citing* 5 C.F.R. § 551.104; *see Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 141-42 (2d Cir.1999) (reliance on questionable authority is reckless disregard supporting a three-year statute of limitations).

While knowledge is not required, where an employer has knowledge but continues to violate its FLSA obligations, the FLSA applies a three-year statute of limitations. *McLaughlin v. Richland Shoe Co.,* 486 U.S. at 133; *see also*, *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 40-41 (2nd Cir. 1995)( where the law is clear violations are willful, arguments to the contrary notwithstanding); *Martin v. Selker Bros., Inc.,* 949 F.2d 1286, 1296 (3rd Cir. 1991) (violation is willful where employer has information that practices violated the FLSA but disregarded it); *Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994) (where an employer fails to heed agency notice that practices violate FLSA, violation is willful); *Dole v. Elliot Travel & Tours, Inc.,* 942 F.2d 962, 966-67 (6th Cir. 1991)(where employer receives notice of violation and continues illegal practice, violation is willful); *Reich v. Monfort Inc.*, 144 F.3d 1329, 1334-35 (10th Cir. 1998) (finding violations willful where employer has notice but raised a defense).

## LIST OF AUTHORITIES

**Cases**

*McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988)

*Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 141 (2d Cir.1999).

*Reich v. Monfort Inc.*, 144 F.3d 1329, 1334-35 (10th Cir. 1998)

*Reich v. Waldbaum, Inc.*, 52 F.3d 35, 40-41 (2nd Cir. 1995)

*Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994)

*Dole v. Elliot Travel & Tours, Inc.,* 942 F.2d 962, 966-67 (6th Cir. 1991)

*Martin v. Selker Bros., Inc.* 949 F.2d 1286, 1296 (3rd Cir. 1991)

*Bull v. U.S.*, 68 Fed. Cl. 212, 272-73 (FCC 2005)

**Statutes and Regulations**
29 U.S.C. §255.

5 C.F.R. 104 (2007)

Dated: April 12, 2007

Respectfully submitted,

/s

Michael J. D. Sweeney, Esq.
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
Tel: (845) 255-9370
Fax: (845) 255-8649