IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARTURO MORENO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 05-142C |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | (Judge Firestone) |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO DISCOVERY

Pursuant to the Court's order on May 3, 2007, the United States files this motion to enlarge time to respond to the discovery enumerated in the Court's order on May 3, 2007. This is the first enlargement of time being requested for this purpose. Our responses currently are due June 4, 2007 and we request an additional 45 days, through and including July 19, 2007, in order to complete production of these documents. (As discussed below, we intend to produce a portion of the documents by June 4, 2007). Plaintiffs' counsel stated via telephone on May 24, 2007 that he would not oppose an enlargement of time of two weeks, but would oppose a longer enlargement of time.

As the undersigned counsel stated during the conference with the Court on May 3, 2007, we anticipated that two issues might impair the United States's ability to timely respond to the discovery ordered. First, counsel for Customs and Border Protection, Arthur I. Rettinger, the person with principal access to the sources of documents at Customs and Border Protection, was on an extended leave at the time of the May 3, 2007 conference. Declaration of Maame A.F. Ewusi-Mensah ("Ewusi-Mensah Decl.") ¶¶ 2-3; Declaration of Arthur I. Rettinger ("Rettinger

Decl.") ¶¶ 2-3. Second, the agency involved with this case (as well as its personnel) have undergone substantial administrative reorganization during the time period covered by the discovery order, which makes the search for and collection of electronic documents as well as hard copy documents particularly difficult and time consuming.

Despite these challenges, counsel has endeavored to comply with the Court's discovery order in a timely manner by working with Mr. Rettinger's colleagues in his absence, as well as working directly with counsel for the other agencies which might have responsive documents. Ewusi-Mensah Decl. ¶¶ 4-8. Nevertheless, it appears that the defendant will be unable to complete its search for potentially responsive documents by the deadline of June 4, 2007, as discussed below. Accordingly, the defendant respectfully requests an enlargement of time to July 19, 2007 to respond to the discovery set forth in the May 3, 2007 order.

In its May 3, 2007, order, the Court ordered production of the following categories of documents:

> 1. Emails between members of the INS compensation policy staff who were involved with the FLETC issue regarding payment of overtime for the 6th day of training at the FLETC (limited to January 2002 through September 2003).
>
> 2. Emails in Wayne Coleman's email account regarding payment of overtime for the 6th day of training at the FLETC (limited to January 2002 through September 2003).
>
> 3. The reimbursement agreement between ICE and USDA National Finance Center providing for payment for the payment of overtime for the 6th day of training at the FLETC.
>
> 4. Emails between ICE compensation staff and FLETC attendees (INS) regarding payment of overtime for the 6th day of training at the FLETC (limited to March 2003 through December 2004).

> 5. Notice provided to FLETC attendees (INS) when they were paid back overtime wages (limited to March 2003 through December 2004).
>
> 6. The training module for the INS supervisors course (in Dallas) on overtime and premium pay (limited to January 2000 through September 2003).
>
> 7. OPM staff notes on the application of the FLSA to regularly scheduled overtime hours.
>
> 8. Reference materials in OPM's subject matter files regarding 5 C.F.R. 551.423, 551.421, and 610.111

I. Requests Nos. 1-6

Although counsel worked with Mr. Rettinger's colleagues and other agency counsel in his absence, it was not until Mr. Rettinger's return that counsel was informed that the majority of the documents sought by Requests Nos. 1-6, if they exist, would be in the possession of Immigration and Customs Enforcement ("ICE"), which assumed some of the functions of the Immigration and Naturalization Service ("INS") after that agency was dissolved. In Mr. Rettinger's absence, however, counsel worked diligently with counsel for the Justice Management Division ("JMD") in an effort to locate these documents. Ewusi-Mensah Decl. ¶ 5. Because INS was formerly part of the Department of Justice, and JMD is and was at the time the management arm of the Department of Justice, counsel believed that JMD might still possess or have access to the documents sought. Counsel for the JMD conducted an extensive search for these documents, and concluded that it possessed no responsive documents, and was unable to access the email accounts of former INS employees. Id.

Counsel is currently working directly with counsel for ICE to search for and collect these documents. Id. ¶ 10; Kraus Decl. Because, however, INS has ceased to exist, emails of its

former employees are contained only in the form of back up tapes. Information Technology personnel for ICE have indicated that to retrieve and search these back up tapes for documents responsive to Requests Nos. 1-2 will take at least two to three weeks to complete. Id. ¶ 10; Declaration of William R. Kraus ("Kraus Decl.") ¶ 6. Furthermore, once the agency's information technology personnel have completed their searches for responsive emails, the undersigned counsel will require time to review the resulting emails for responsiveness and for privilege. In addition, although counsel for ICE has been diligently searching for documents responsive to Requests Nos. 3-6, none have yet been located. Kraus Decl. ¶¶ 7-10. The undersigned counsel anticipates that additional time will be needed to confirm that no responsive documents exist.

The information technology personnel of Customs and Border Protection have done an initial search for responsive emails based upon the "*subject line*" of the emails in the account of Wayne Coleman, Alethea Smalls, and Ronelle Rotterman. Ewusi-Mensah Decl. ¶ 12; Rettinger Decl. ¶ 8. Counsel is reviewing these documents, and will be able to produce these documents by the June 4, 2007, deadline. To conduct a search for responsive emails based upon the *text* of the emails in these individuals' accounts, however, may take an additional two months or more because of the limitations of the technology used by Customs and Border Protection to store and search these email accounts and the fact that Customs and Border Protection staff responsible for these searches are currently engaged in a large technology migration involving CBP's email software. Ewusi-Mensah Decl. ¶¶ 13-14; Rettinger Decl. ¶¶ 8. CBP's information technology personnel have stated that they will be able to provide a cost and time estimate of the search to the undersigned counsel by the June 4, 2007, deadline. Id. We will inform opposing counsel

and the Court of this information at that time for scheduling purposes. Once the search is completed, the undersigned counsel will require additional time to review the resulting emails for responsiveness and for privilege. We will work with opposing counsel in an effort to develop search parameters which might shorten the length of time needed for this portion of the search.

II. Requests Nos. 7-8

Counsel has been working directly with counsel for OPM to respond to Requests Nos. 7-8. OPM has completed its search for these documents, but counsel anticipates that the United States will require additional time to produce responsive, non-privileged documents in response to these requests because some of these documents appear to be subject to privileges, including the deliberative process privilege. Ewusi-Mensah Decl. ¶ 6. The procedural requirements for invoking the deliberative process privilege are significant; accordingly, counsel will require additional time to discuss this matter with counsel for OPM and initiate invocation of the privilege, if appropriate.

III. Additional Requests

Finally, the United States and the plaintiffs reached a compromise regarding discovery plaintiffs sought from BLM, Park Service, Department of State, and Forest Service. Id. ¶ 7. Under this compromise, the United States agreed to seek declarations from these agencies setting forth their treatment of the FLETC overtime issue for their employees in exchange for plaintiffs' agreement not to seek further discovery regarding these agencies. Id. Counsel has been working directly with counsel for these agencies to collect and review relevant documents, interview knowledgeable individuals, and prepare these declarations. Id. ¶ 8. Although these declarations

have now been prepared by knowledgeable witnesses, counsel will require additional time to consult with these agencies before they grant their final approval of the declarations.

We sincerely regret any inconvenience this delay causes the parties or the Court.

For these reasons, we respectfully request that the Court grant our motion for an enlargement of time, through and including July 19, 2007, to respond to the discovery requests set forth in the Court's May 3, 2007 order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

May 24, 2007 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 24th day of May 2007, a copy of the foregoing "DEFENDANT'S MOTION TO ENLARGE TIME TO RESPOND TO DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah