**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ARTURO MORENO, JR., individually and on behalf of others similarly situated, Plaintiffs,** | ) | |
| **v.** | ) | **No. 05-142C (Judge Firestone)** |
| **THE UNITED STATES, Defendant.** | ) | |

**PLAINTIFFS' REPLY**
**FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Defendant required Plaintiffs to train for 6 days a week but did not pay them overtime for the 6th day. It initially misrepresented to Plaintiffs that they were not entitled to overtime pay. Finally, in response to "many inquiries from employees", Defendant changed its position. It acknowledged that it owed FLSA overtime and promised to make "prompt and complete payment as required." *See* Ex. 1, May 6, 2003 DHS Broadcast e-mail (sent to all DHS employees). Despite its promise, Defendant failed to make prompt payment. Instead it waited more than a year to make any payments. When it finally made the payments, Defendant did not make complete payment as it promised. It did not pay liquidated damages as required under the FLSA.

Defendant does not dispute that it required Plaintiffs to work overtime and then failed to pay them overtime wages required under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq*. Nor does it dispute that it misrepresented its obligations under the FLSA to the Plaintiffs. Defendant also does not dispute that it promised to undertake prompt and complete payment as required once it received internal authority. Moreover, Defendant does not dispute that it waited

more than a year to make the retroactive payments, and when it did so, it did not make complete payment as required by the FLSA. 29 U.S.C. §216(b).

Plaintiff Moreno brought this case after Defendant made partial payment, in violation of its promise. Notice went out to the class after the Court certified the case as a FLSA collective action. Plaintiffs all joined this case within the period allowed by the Court.

To avoid its legal obligation under the FLSA, Defendant argues that the statute of limitations bars Plaintiffs' claims. Although Plaintiffs have made clear from the outset of the litigation that they would challenge the statute of limitations defense, Defendant now claims that Plaintiffs should not be allowed to amend their complaint to conform with the evidence.

The U.S. Court of Federal Claims allows pleadings to amended freely where justice so requires. RCFC 15(a). Allowing Plaintiffs to bring their claims is in the interests of justice. Nothing the Defendant has offered overcomes that rule.

**1. Defendant Is Not Prejudiced By Amending the Complaint**

From the very outset of the case, Plaintiffs have been clear that they would challenge Defendant's statute of limitations defense on the basis of equitable tolling. The issue was raised repeatedly in discovery conferences between the parties, conferences with the Court, and in motion papers. Extensive discovery was conducted into Defendant's misrepresentations. When Defendant objected to the discovery, the Court compelled production on the ground that it was relevant to equitable tolling. Plaintiffs moved to amend the Complaint even before Defendant finally met all its discovery obligations. Although Defendant has been aware of Plaintiffs' position since the initial stages of the litigation, it has never propounded discovery. Defendant cannot argue now that a lack of discovery is prejudicial.

The Court bifurcated discovery at the beginning of this case, with the consent of the parties. Plaintiffs were to conduct discovery on Defendant's liability for liquidated damages. The Court agreed to consider additional discovery if Plaintiffs establish liability. Accordingly, Defendant's time for discovery, if needed, has not begun. If Defendant believed it needed discovery before this time, it had every opportunity to ask the Court to revise its Order.

In any case, Plaintiffs' amendment simply seeks to conform the pleading to the evidence. Such amendments are permissible under the rules, RCFC 15(b), and granted as a matter of course. *See, e.g., Erickson v. U.S.*, 309 F.2d 760, *764 (Ct.Cl.1962)(allowing government to assert an unpled equitable estoppel defense based on RCFC 15(b)).

**2. Plaintiffs' Proposed Amendments Are Not Futile**

"Most courts when considering a 'futility' defense to a motion to amend a complaint will discern 'whether a pleading is frivolous and insufficient on its face or has been adequately addressed in the prior litigation.'" *Croskey v. U.S.*, 24 Cl.Ct. 420, 423 (Cl.Ct. 1991) quoting *Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986); see also *Scott Timber Co. v. U.S.*, 44 Fed. Cl. 170, 182 (Fed. Cl. 1999)("A motion to amend is futile where the proposed claim is 'frivolous and insufficient on its fact,' or where the proposed claim would not withstand a motion to dismiss.")(internal citations omitted).

Plaintiffs' proposed amendments establish a prima facie claim for equitable tolling of the statute of limitation. There is a two-part test to determine if equitable tolling is available in suits against the government. First, the Court determines if equitable tolling is "available in a sufficiently analogous private suit" and then it determines "whether Congress expressed a clear intent that equitable tolling not apply." *Kirkendall v. U.S.*, 479 F.3d 830, 837 (Fed. Cir. 2007).

If equitable tolling is permitted under the statute, then the Court looks to see if one of three general circumstances occurred: (1) was there a defective pleading filed during the statutory period; (2) was plaintiff induced or tricked by the defendant's misconduct into allowing the filing deadline to pass; or (3) was plaintiff's injury inherently unknowable. *See Hickman v. U.S.,* 43 Fed.Cl. 424, 427 n. 4 (Fed. Cl. 1999); *Udvari v. U.S.,* 28 Fed.Cl. 137, 139 (Fed. Cl. 1993); *Japanese War Notes Claimants Ass'n v. United States,* 178 Ct.Cl. 630, 634, 373 F.2d 356 (1967).

Equitable tolling is available in private FLSA suits analogous to this one. *Baden-Winterwood v. Life Time* Fitness, 484 F.Supp.2d 822, 826 (S.D.Ohio 2007); *Kelly v. Eckerd Corp.*, 2004 WL 614822, *2 (E.D.Pa. 2004). Congress has not expressed a clear intent that equitable tolling will not apply to the government in the FLSA context. *Corrigan v. U.S.*, 75 Fed. Cl. 665, 670 (2006)(discussing other cases that have discussed equitable tolling and the FLSA); *Christofferson v. U.S.*, 64 Fed. Cl. 316, 326 (Fed. Cl. 2005); *Ewer v. U.S.*, 63 Fed. Cl. 396, 402 (Fed. Cl. 2004); *Hickman v. U.S.*, 43 Fed. Cl. 424, 427 (Fed. Cl. 1999).

Equitable tolling is appropriate in this case because Defendant misrepresented to the Plaintiffs that they were not entitled to overtime pay for the 6th day of training. When Plaintiffs questioned the position, Defendant admitted the misrepresentation and promised to make "prompt and complete payment as required." Plaintiffs relied on that representation. Defendant reneged on its promise by making only partial payments. Plaintiffs brought this action promptly after Defendant breached its promise.

### 3. The Court Has Jurisdiction to Hear Plaintiffs' Contract Claim

Contract claims may be brought under the Tucker Act. 29 U.S.C. §1491. A breach of contract is a basis for a claim under the Tucker Act. *See e.g. Westover v. U.S.*, 71 Fed. Cl. 635

(Fed. Cl. 2006). Even though a government employee is appointed, this does not preclude an employee from bringing a valid breach of contract claim. *Id*

A contract may be formed when "[a]n offer which the offeror should reasonably expect to induce action or forbearance of a substantial character on the part of the offeree before acceptance and which does induce such action or forbearance is binding as an option contract to the extent necessary to avoid injustice." Restatement (Second) of Contracts, §87(2); *see also Hoel-Steffen Const. Co v. U.S.*, 1981 WL 30819 (Ct. Cl. 1981)(aff'd and rev'd on other grounds).

Plaintiffs contract claim is based on Defendant's failure to abide by its promise to make "prompt and full payment as required." Based on that promise, Defendant reasonably expected Plaintiffs would not commence a lawsuit or file a grievance. In fact, no reasonable person would file a lawsuit after having received a promise for "prompt and complete payment as required." As expected, Plaintiffs all acted reasonably--they did not file an action. Once Defendant breached its promise, however, they promptly joined this action to redeem their rights. Defendant's focus on employment contracts is misplaced.

**4. Plaintiffs Did Not Delay in Amending the Complaint**

Although Plaintiffs originally propounded their discovery in May 2006, Defendant did not complete its production until August 22, 2007. Plaintiffs sought Defendant's consent to the amended pleading even before Defendant completed its production. When Defendant refused to consent, the parties promptly presented a briefing schedule on the issue. Pursuant to that schedule, Plaintiffs moved the Court for permission to amend on August 28, 2007.

It is ironic that Defendant would complain about delays in this litigation. From the very outset of the litigation, Defendant has sought to delay. When Plaintiff Moreno originally filed his

claims in the District Court for the District of Columbia Defendant challenged the venue. In doing so, however, it asked that court to dismiss the claims rather than simply transfer them, requiring Plaintiffs to have to refile the case in this Court. Moreover, Defendant has on numerous occasions requested that the Court delay litigation. *See* Docket No. 98, Defendant's Motion To Enlarge Time To Respond To Discovery(request for 45 days ); Docket No. 88, Defendant's Motion For An Enlargement of Time(request for 45 days); Docket No. 80, Defendant's Unopposed Motion for an Enlargement of Time (request for 45 days); Docket No. 65, Defendant's Out of Time Motion for An Enlargement of Time to Respond to Plaintiffs' First Request for Production of Documents, Plaintiff's First Set of Interrogatories, and Plaintiffs' Request for Production of Documents Accompanying its Notice of Deposition of Wayne Coleman (request for 25 days).

Plaintiffs have caused no delay that prejudices Defendant.

**CONCLUSION**

Accordingly, Plaintiffs respectfully request the Court grant them leave to amend their Complaint to include allegations supporting equitable tolling and breach of contract. To conclude otherwise would not be in the interests of justice.

Dated: September 25, 2007

Respectfully submitted,

/s/Michael J. D. Sweeney

Michael J. D. Sweeney, Esq.
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
Tel: (845) 255-9370
Fax: (845) 255-8649

CERTIFICATE OF FILING

I hereby certify that on this 25th day of September, 2007, a copy of the foregoing "PLAINTIFFS' REPLY MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Michael J. D. Sweeney