# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **ARTURO MORENO, JR., individually and on behalf of others similarly situated,** | ) | |
| **Plaintiffs,** | ) | **No. 05-142C** |
| **v.** | ) | **(Judge Firestone)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## SECOND AMENDED COMPLAINT

**INTRODUCTION**

1. While employed by the Defendant, the Plaintiffs worked more than 40 hours per week training at the Federal Law Enforcement Training Center. Defendant unlawfully failed to pay them overtime at the rate of time and one half for all the hours over 40.

2. Plaintiffs seek unpaid overtime wages, liquidated damages, costs and attorneys' fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

**JURISDICTION**

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §1491 as an action against the United States founded upon an Act of Congress, the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*...

**PARTIES**

**A. Plaintiffs**

5. Named Plaintiff MORENO was an employee of Defendant.

6. Named Plaintiff MORENO is a resident of El Paso, Texas.

7. Named Plaintiff MORENO was engaged in commerce while working for Defendant.

8. Named Plaintiff MORENO represents additional federal employees who trained at the Federal Law Enforcement Training Center who were not paid time and one half for hours over 40 in a week during a period of time from January 1, 2002 to August 23, 2003.

9. The term Plaintiffs as used in this complaint refers to the named Plaintiff MORENO and all Plaintiffs who have opted into this action.

**B. Defendant**

10. Defendant, UNITED STATES OF AMERICA, maintains operations in Washington, D.C.

11. Upon information and belief, Defendant grossed more than $500,000 in the past fiscal year.

12. Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

**FACTS**

13. Plaintiffs are or were employed by Defendant.

14. Named Plaintiff MORENO was employed by Defendant from June 2002 through January 2003.

15. Plaintiffs were required by Defendant to participate in training at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia.

16. Plaintiffs were required by Defendant to attend training sessions which were regularly scheduled for six days per week, eight hours per day, thus they worked more than 40 hours per week for Defendant.

17. Defendant paid Plaintiffs a biweekly salary.

18. While Plaintiffs participated in training at the FLETC they were not paid for hours

worked over 40, specifically they were not paid for the sixth day of training at FLETC.

19. Defendant's failure to pay Plaintiffs the proper wages required by law was willful.

20. Defendant knew that Plaintiffs were entitled to overtime pay for the sixth day of training.

21. Defendant misrepresented to Plaintiffs that they were not entitled to payment for the sixth day of training under the FLSA.

22. Defendant's misrepresentation induced Plaintiffs not to take action.

23. In 2003, Defendant informed Plaintiffs that they were entitled to overtime pay under the FLSA for the sixth day of training at the FLETC and promised to make prompt and complete payment as required under the FLSA for the overtime.

24. Defendant's promise make prompt and complete payment as required under the FLSA induced Plaintiffs not to take action.

25. Defendant failed to make prompt and complete payment to Plaintiffs as required under the FLSA .

26. During the time that Plaintiffs were employed by Defendant, Defendant did not maintain in the workplace a display containing notices of employee rights to receive minimum wage and overtime, as required under the FLSA.

27. All actions and omissions described in this complaint were made by Defendant directly or through its supervisory employees and agents.

28. All actions and omissions described in this complaint made by Defendant directly or through its supervisory employees and agents were willful.

**FIRST CAUSE OF ACTION**
**(FAIR LABOR STANDARDS ACT - OVERTIME)**

29. Defendant failed to pay overtime wages for the sixth day of training at the FLETC to the Plaintiffs in violation of the FLSA, 29 U.S.C. §201 *et seq*. and its implementing regulations.

30. Defendant's failure to comply with the FLSA overtime protections caused Plaintiffs to suffer loss of wages and interest thereon.

**WHEREFORE**, Plaintiffs request that this Court enter an order:

A. Granting judgment to Plaintiffs in the amount of their unpaid wages as secured by the FLSA as well as an equal amount in liquidated damages;

B. Awarding the Plaintiffs' costs and reasonable attorneys' fees; and

C. Granting such further relief as the Court finds just.

Dated: October 12, 2007

Respectfully Submitted,

/s/ Michael J.D. Sweeney
Michael J.D. Sweeney
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
Tel: (845) 255-9370
Fax: (845) 255-8649
ATTORNEYS FOR PLAINTIFFS