IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ARTURO MORENO, JR., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 05-142C<br>(Judge Firestone) |

DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

For its answer to the second amended complaint, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in the first sentence of paragraph 1 as applied to Mr. Moreno. The remaining allegations contained in paragraph 1 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The second amended complaint contains no paragraph 3.

4. The allegations contained in paragraph 4 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. The allegations contained in paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits.

11. Denies the allegations contained in paragraph 11 because the phrase "grossed more than $500,000" as applied to the United States is vague, ambiguous and undefined.

12. The allegations contained in paragraph 12 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits.

14. Admits.

15. Admits. Avers that Mr. Moreno attended entry-level training from June 12, 2002, until August 20, 2002.

16. Admits the allegations contained in paragraph 16 as applied to Mr. Moreno; otherwise denies the allegations contained in paragraph 16.

17. Admits.

18. Denies.

19. The allegations contained in paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. Denies.

21. The allegations contained in paragraph 21 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law, and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies.

24. Denies.

25. Denies.

26. Denies.

27. Denies.

28. Denies.

29. Denies.

30. Denies.

31. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 30, to include the relief requested in subparagraphs A through C, or to any relief whatsoever.

32. Denies each and every allegation not previously admitted or otherwise qualified.

## AFFIRMATIVE DEFENSES

33. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

34. Plaintiffs' claims are barred by the doctrine of waiver and release.

35. Plaintiffs' claims are barred by the applicable statute of limitations.

36. Defendant's conduct was in good faith; it had reasonable grounds for believing that its conduct was not a violation of the Fair Labor Standards Act.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 353-0503
Fax: (202) 514-8624

Attorneys for Defendant

October 26, 2007

CERTIFICATE OF FILING

I hereby certify that on this 26th day of October 2007, a copy of the foregoing "DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah