**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ARTURO MORENO, JR., individually and on behalf of others similarly situated,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 05-142C** |
| **v.** | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

---

Getman Law Office
Michael J.D. Sweeney
9 Paradies Lane
New Paltz, New York 12561

## Table of Contents

TABLE OF AUTHORITIES .................... ii

INTRODUCTION .................... 1

ARGUMENT .................... 2

I. The Government Is Liable for Liquidated Damages under the FLSA .................... 2

A. Liquidated Damages Are an Integral Remedy for FLSA Violations .................... 2

B. The Government Cannot Establish an Exception to Liquidated Damages .................... 5

II. The Government's Misrepresentations Compel Equitable Tolling .................... 10

A. The Government Misconstrues the Doctrine of Equitable Tolling .................... 15

B. Disputed Facts Preclude a Denial of Equitable Tolling .................... 19

III. A Three Year Statutory Period Applies .................... 20

IV. The United States Is the Proper Defendant .................... 23

CONCULSION .................... 25

**TABLE OF AUTHORITIES**

**Case Citations** **Page**

*Adams v. U.S.*, 46 Fed. Cl. 616 (2000) ....................4, 9, 21

*Alvarez v. IBP, Inc.*, 339 F.3d 894 (9th Cir. 2003) ....................4

*Angelo v. U.S.*, 57 Fed. Cl. 100 (2003) ....................21

*Avitia v. Metropolitan Club*, 49 F.3d 1219 (7th Cir. 1995) ....................4

*Baden-Winterwood v.Life Time Fitness,*484 F.Supp.2d 822 (S.D.Ohio 2007)....................15

*Bailey v. West,* 160 F.3d 1360 (Fed. Cir. 1998)....................15, 16, 18

*Baldwin County Welcome Center v. Brown,*

466 U.S. 147, 104 S.Ct. 1723, L.Ed.2d 196 (1984)....................14

*Bell v. Fowler*, 99 F.3d 262 (8th Cir. 1996)....................16

*Bernard v. IBP, Inc.*, 154 F.3d 259 (5th Cir. 1998).................... 5

*Brock v. Wilamowsky,* 833 F.2d 11 (2nd Cir. 1987) ....................4, 9

*Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)....................2, 3, 4

*Browning v. AT&T Paradyne*, 120 F.3d 222 (11th Cir. 1997) ....................16

*Bull v. U.S.*, 68 Fed. Cl. 212 (2005)....................2,4, 5, 6, 9, 20, 21, 22, 23

*Bull v. U.S.*, 479 F.3d 1365 (Fed. Cir. 2007) ....................20

*Burnley v. Short*, 730 F.2d 136 (4th Cir. 1984) ....................5, 6

*Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943 (2nd Cir. 1959) ....................4

*Casey v. U.S.*, 161 F.Supp.2d 86 (D. Conn. 2001) ....................16

*Chakonas v. City of Chicago*, 42 F.3d 1132 (7th Cir.1994) ....................16

*Christofferson v. U.S.*, 64 Fed. Cl. 316 (2005) ....................10, 15, 16, 18

*Corrigan v. U.S.*, 70 Fed. Cl. 665 (2006).................... 10, 15, 16, 18, 21

*Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1983) ........................................14

*Delaware State College v. Ricks*, 449 U.S. 250 (1980) ..................................................14

*Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991)..............................21, 23

*Dominici v. Chicago Bd. Of Educ.*, 881 F.Supp. 315 (N.D. Ill 1995) ............................5, 6

*Donovan v. Kaszycki & Sons Contractors, Inc.*, 599 F.Supp. 860 (S.D.N.Y. 1984)...5, 6, 9

*Doyle v. U.S.*, 20 Cl. Ct. 495 (1990) ..........................................................15, 16, 17, 20

*Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832 (6th Cir. 2002) ...........................4

*Esch v. U.S.*, 2007 WL 2193881 (Fed. Cl. 2007) ................................................10, 15, 18

*Ewer v. U.S.*, 63 Fed. Cl. 396 (2005) .........................................................10, 15, 16, 18

*Faison v. Texas EZPawn, L.P.*, 2007 WL 1481047 (S.D.Tex. 2007).........................18, 20

*Fletcher v. Grinnell Bros.*, 64 F.Supp. 778, 780 (D. Mich. 1946).......................................3

*Franconia Assoc. v. U.S.*, 536 U.S. 129 (2002)..........................................................17

*Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231 (1959)...........................10, 14, 25

*Heidtman v. County of El Paso*, 171 F.3d 1038 (5th Cir. 1999)..........................................7

*Henchy v. City of Absecon*, 148 F.Supp.2d 435 (D.N.J. 2001)..................................15, 17

*Herman v. DePaul*, 2000 WL 34011893 (W.D. Pa. 2000).................................................5

*Herman v. Hector I. Nieves Transport, Inc.*, 91 F.Supp.2d 435 (D.P.R.. 2000).................7

*Herman v. RSR Sec. Services Ltd.* 172 F.3d 132 (2nd Cir 1999) .........................5, 6, 21, 22

*Hickman v. U.S.*, 43 Fed. Cl. 424 (1999).......................................................10, 15, 16, 18

*Hohnke v. United States*, 69 Fed. Cl. 170 (2005) .........................................................3

*Irwin v. Department of Veterans Affairs,* 498 U.S. 89 (1990)..............................10, 16, 17

*John R. Sand Gravel Co. v. U.S.*, __ S.Ct. __, 2008 WL 65445, *5 (2008)......................17

*Kamens v. Summit Stainless*, 586 F.Supp. 324 (E.D.Pa. 1984) .......................................17

*Kale v. Combined Insurance Company of America*, 861 F.2d 746 (1st Cir. 1988)...........14

*Kirkendall v. U.S.*, 479 F.3d 830 (Fed. Cir. 2007)...............................................10, 15, 18

*Laffey v. Nothwest Airlines, Inc.*, 567 F.2d, 429 (D.C. Cir. 1976).....................................4

*Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447 (8th Cir. 1998).............................16

*Lee v. ABC Carpet and Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) ....................................19

*Lockwood v. Prince George County, MD*, 58 F.Supp.2d 651 (D. Md. 1999) .....................5

*Long v. Idaho Rural Water Assoc., Inc.*, 2007 WL 1366534 (D. Idaho 2007).................15

*Martin v. Cooper Elec. Supply*, 940 F.2d. 896 (3rd Cir. 1991) .......................................2, 4

*Martin v. Selker Bros., Inc.*, 949 F.2d 1286 (3rd Cir. 1991).......................................21, 22

*McCreary County, Ky. v. American Civil Liberties Union of Ky.*,

545 U.S. 844 (2005)..........................................................................................23, 24

*McConnell v. Applied Performance Technologies, Inc.*,

2002 WL 483540 (S.D.Ohio 2002)..........................................................................3

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)..........................................20, 21

*Oja v. Dep't of the Army*, 405 F.3d 1349 (Fed Cir. 2005)............................................. 17

*Olson v. Statewide Transfer Ambulance & Rescue Inc.*,

2005 WL 2373870 (S.D. Ind. 2005) .........................................................................15

*Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942) ..........................................4

*Owens v. Bethlehem Mines Corp.*, 630 F.Supp. 309 (S.D.W.Va. 1986) ..........................16

*Partlow v. Jewish Orphans' Home of Southern California, Inc.*,

645 F.2d 757 (9th Cir. 1981) ...........................................................................18, 20

*Piper v. RGIS Inventory Specialists, Inc.*, 2007 WL 1690887 (N.D. Cal. 2007) ........18, 20

*Porta, et al. v. U.S.*, 05-1420C & 05-759C (U.S. Court of Federal Claims)(Judge Firestone) ....................23

*Ramirez v. CSJ & Co., Inc.*, 2007 WL 1040363 (S.D.N.Y. 2007) ....................17

*Randle v. City of New Albany, Missipi,* 2006 W.L. 2085387 (N.D. Miss. 2006)......15, 17

*Reich v. Monfort Inc.*, 144 F.3d 1329 (10th Cir. 1998) ....................21

*Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58 (2nd Cir. 1997) ....................4, 5, 6

*Reich v. Waldbaum, Inc.*, 52 F.3d 35 (2nd Cir. 1995)....................21, 22

*Roy v. County of Lexington, South Carolina*, 141 F.3d 533 (4th Cir. 1998) ....................4

*Santa Fe Independent School Dist. v. Doe,* 530 U.S. 290 (2000)....................23

*Scarborough v. Principi*, 541 U.S. 401 (2004) ....................10, 17

*Schiefer v. U.S.*, 2007 WL 2071264 (S.D. Ga. 2007) ....................23

*Thorson v. Geminin, Inc.*, 96 F.Supp.2d 882 (N.D. Iowa 1999)....................5

*U.S. v. Cook,* 795 F.2d 987 (Fed Cir. 1986) ....................10, 15, 16, 18

*Walling v Portland Terminal Co.*, 330 U.S. 148 (1947)....................1, 6

*Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986) ....................5, 6, 9

*Weick v. O'Keefe,* 26 F.3d 467 (4th Cir. 1994)....................16

**Statutes**

29 U.S.C. §216(b) ....................2, 4, 13

29 U.S.C. §255(a) ....................20

29 U.S.C. §256(a) ....................20

29 U.S.C. §260....................4, 5, 9

**Rules and Regulations**

5 C.F.R. §551.104 .......... 22

5 C.F.R. §551.421 .......... 6, 21

5 C.F.R. §551.423 .......... 21

5 C.F.R. §551.423(a)(1) .......... 5

5 C.F.R. §551.423(a)(3) .......... 24

29 C.F.R. §516.4 .......... 17

**Other Authorities**

Webster's New World College Dictionary (3d Ed. 1996). .......... 12

## INTRODUCTION

The Government's obligation to pay Plaintiffs overtime for training 6 days at week at the FLETC has been clear for more than two decades. In 1981, the United States promulgated regulations that made clear that the FLSA requires overtime pay for such training. Moreover, case law has been clear since 1947 that specialized training programs for employees, like Plaintiffs' training at the FLETC, count as work hours under the FLSA. *Walling v Portland Terminal Co.,* 330 U.S. 148, 151 (1947).[1]

Despite the clear law, the United States did not pay Plaintiffs overtime wages for the 6th day of training. Instead, the Government misrepresented to Plaintiffs that it was not required to pay overtime. After being forced to admit that the FLSA required overtime pay, it promised Plaintiffs "prompt and complete payment as required." When the Government finally paid Plaintiffs, more than a year and a half later, it paid a little over one-half what the FLSA required it to pay.

The Government asks this Court not to hold it to its legal obligations. Its argument is one long litany of poor excuses for a policy of failing to pay its hardworking security officers overtime pay. First, the Government argues that it simply did not know the law—that it could not find its own regulations. Next, the Government argues that when it found the law, it could not act due to bureaucratic inertia. Instead, it misrepresented to Plaintiffs that it would make "prompt and complete payment as required." Then, the Government argues, that it could not pay the Plaintiffs for a year and a half, even though it had a complete list of those who trained and the money to pay them at the time of the promise. When the Government finally made payment to

---

[1] Up until its response and cross motion on summary judgment, the Government claimed that the United States is the proper defendant in this case. Plaintiffs agree. Now the Government argues that the INS alone should be the defendant. While Plaintiffs disagree, viewing the events through the lens of INS' actions does not change the legal analysis. See infra Section IV.

Plaintiffs, it did not make complete payment. Now, it argues that Plaintiffs had no right to rely on its misrepresentation of complete payment, and Plaintiffs' claims should be barred by the statute of limitations.

The Government's argument is not based on logic; it is not based on the record; and it most certainly is not based on the law.

## ARGUMENT

### I. The Government Is Liable for Liquidated Damages under the FLSA

#### A. Liquidated Damages Are an Integral Remedy for FLSA Violations

The FLSA provides that where an employer violates its overtime provisions, the employer "shall be liable" to the employee for unpaid overtime and "an additional equal amount as liquidated damages." 29 U.S.C. §216(b); *Bull v. U.S.*, 68 Fed. Cl. 212, 228 (2005). Liquidated damages are so fundamental to the FLSA's remedial purpose that employees cannot waive the right to liquidated damages without supervision by the Court or the Department of Labor. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945).

The Government's argument "that liquidated damages are only available in a court action" is simply wrong on the law. In *Brooklyn Savings Bank v. O'Neil*, the Supreme Court addressed this issue:

> Respondent argues that Section 16(b) indicates that the right to liquidated damages arises only if the employee is compelled to sue for minimum wages due. Section 16(b) in no way bears out this interpretation. It provides absolutely that the employer shall be liable for liquidated damages in an amount equal to minimum wages overdue; liability is not conditioned on default at the time suit is begun.

324 U.S. 697, 711 (1945). The statutory interpretation the Government urges is contrary to the plain language of the statute and the consistent case law interpreting it since 1945. *See, e.g., Martin v. Indiana Michigan Power Co.*, 292 F.Supp.2d 947, 960 (W.D.Mich. 2002) ("Section

216(b) provides that the employee is entitled to receive, as a remedy, '*unpaid* overtime compensation" and "an additional equal amount as liquidated damages.'"); *Fletcher v. Grinnell Bros.*, 64 F.Supp. 778, 780 (D. Mich. 1946) ("Upon failure to pay minimum wages provided by the Fair Labor Standards Act, the employer's liability to pay the liquidated damages accrues, giving the employee a vested right thereto regardless of whether or not the employee is forced to institute suit to recover the amount due.")

Similarly, the Government's claim that the FLSA allows employers to avoid liability for liquidated damages by making some voluntarily payment is directly contrary to the Supreme Court jurisprudence. Public policy prohibits employees from "bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damage is called for." *Brooklyn Savings Bank*, 324 U.S. at 708. Certainly an employer cannot unilaterally determine that it does not owe liquidated damages for a FLSA violation, as the Government claims here. An important aspect of the FLSA is that "knowledge on the part of the employer that he cannot escape liability for liquidated damages by taking advantage of the needs of his employees tends to insure compliance in the first place. To allow contracts for waiver of liquidated damages approximates situations where courts have uniformly held that contracts tending to encourage violation of laws are void as contrary to public policy." *Brooklyn Savings Bank*, 324 U.S. at 710. Nothing in the Portal-to-Portal Act changes that analysis, and courts have consistently recognized the non-waiver rule since the Act's passage. *See, e.g.*, *Hohnke v. United States*, 69 Fed. Cl. 170 (2005)(finding a waiver of FLSA claims, including liquidated damages, invalid); *McConnell v. Applied Performance Technologies, Inc.*, 2002 WL 483540, *6 (S.D.Ohio 2002) (finding invalid a settlement agreement waiving FLSA claims). The Government's claim that its partial payment absolves it of liability for liquidated damages is simply wrong.

Nor are liquidated damages interest payments. The Supreme Court has explained their nature as "compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) *citing Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942); *Roy v. County of Lexington, South Carolina*, 141 F.3d 533, 548 (4th Cir. 1998)(same); *Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58, 71 (2nd Cir. 1997) (same). To call liquidated damages interest payments is to mischaracterize their very nature. They do not vary with the amount of time that passes, and they are not based on some prevailing rate of interest. 29 U.S.C. §216(b).

The only exception to the liquidated damages is if an employer shows that its failure to pay wages was "in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." 29 U.S.C. §260; *see Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943 (2nd Cir. 1959). The burden to prove the exception falls entirely on the employer. *Adams v. U.S.*, 46 Fed. Cl. 616, 620 (2000) ("the employer is presumed to be liable for liquidated damages unless it can establish a defense based on good faith and reasonable conduct"); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003)(liquidated damages are the norm and single damages the exception); *Avitia v. Metropolitan Club*, 49 F.3d 1219, 1223 (7th Cir. 1995)(same); *see also, Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 840-41 (6th Cir. 2002)(holding that the district court abused its discretion in failing to award liquidated damages); *Martin v. Cooper Elec. Supply*, 940 F.2d. 896, 908 (3rd Cir. 1991) (same).

Although an exception exists, the employer's burden of proof is "a difficult one to meet." *Brock v. Wilamowsky,* 833 F.2d 11, 19 (2nd Cir. 1987); *Bull v. U.S.* 68 Fed. Cl. 212, 275 (2005); *Laffey v. Nothwest Airlines, Inc.,* 567 F.2d, 429, 464-65 (D.C. Cir. 1976). Even where an

employer meets its burden, courts have the discretion to require it to pay liquidated damages if appropriate. 29 U.S.C. §260; *see, e.g.*, *Bernard v. IBP, Inc.*, 154 F.3d 259, 267 (5th Cir. 1998);

"'Good faith' in this context requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." *Reich,* 121 F.3d at 71; *accord Herman v. RSR Sec. Services Ltd.* 172 F.3d 132, 142 (2nd Cir 1999). Ignorance of the law is insufficient. *See Burnley v. Short*, 730 F.2d 136, 140 (4th Cir. 1984), *Herman v. DePaul*, 2000 WL 34011893, *7 (W.D. Pa. 2000); *Dominici v. Chicago Bd. Of Educ.*, 881 F.Supp. 315, 322 (N.D. Ill 1995); *Lockwood v. Prince George County, MD*, 58 F.Supp.2d 651, 658 (D. Md. 1999); *Thorson v. Geminin, Inc.*, 96 F.Supp.2d 882, 891 (N.D. Iowa 1999).

"Reasonable grounds" is the objective standard and "ignorance is no defense to a claim for liquidated damages." *Donovan v. Kaszycki & Sons Contractors, Inc.*, 599 F.Supp. 860, 871 (S.D.N.Y. 1984); *see also*, *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 312 (7th Cir. 1986) ("A good heart but an empty head does not produce a defense [to the double damage rule]"); *Bull v. U.S.*, 68 Fed. Cl. at 275 (2005).

B. **The Government Cannot Establish an Exception to Liquidated Damages**

The Government's own regulations governing its FLSA responsibilities make clear that: "Time spent training during regular working hours shall be considered hours of work." 5 C.F.R. §551.423(a)(1). Two sections away and appearing on the same page in the published regulations, §551.421, entitled "Regular Working Hours", defines "regular working hours" to include regularly scheduled overtime. PX 31.[2] The Office of Personnel Management ("OPM"), the entity charged with promulgating regulations governing the Government's FLSA obligations (DSOF

[2] PX refers to Plaintiffs' Exhibit. Exhibits 1-30 refer to exhibits filed in support of Plaintiffs' "Memorandum in Support of Plaintiffs' Motion for Summary Judgment on the Issue of Liability." Exhibits 31-37 are additional exhibits filed in this Response and Reply.

8[3]), promulgated §551.421 in 1980 in response to concerns that the term "regular working hours" was not defined in the regulations. PSOF ¶38.[4] The regulation is consistent with case law. *Walling v Portland Terminal Co.*, 330 U.S. 148, 151 (1947) ("Without doubt the [Fair Labor Standards] Act covers trainees, beginners, apprentices, or learners if they are employed to work for an employer for compensation.").

The Government cannot show that it had reasonable grounds for not meeting its FLSA obligations. Its claim is not that it relied on a reasonable interpretation of the law, but that it failed to read §551.421 at all. DSOF ¶20. Such ignorance of the law cannot establish "reasonable grounds" for violating the FLSA. *Donovan*, 599 F.Supp. at 871; *Walton*, 786 F.2d at 312; *Bull*, 68 Fed. Cl. at 275.

Even if the Government could show reasonable grounds, it could not have made a good faith attempt to review the regulations and missed §551.421, a section titled "Regular Working Hours" that appears on the same page of the C.F.R. as §551.423, the regulation upon which the Government claims to have relied. *Reich,* 121 F.3d at 71; *accord Herman v. RSR Sec. Services Ltd.* 172 F.3d 132, 142 (2nd Cir 1999). *Burnley v. Short*, 730 F.2d 136, 140 (4th Cir. 1984), *Dominici v. Chicago Bd. Of Educ.*, 881 F.Supp. 315, 322 (N.D. Ill 1995).

Moreover, the Government did not act in good faith because it had every reason to know that the FLSA required overtime pay for scheduled overtime hours during training. In addition to the clear law, the Office of Personnel Management ("OPM"), the entity charged with promulgating regulations regarding the Government's FLSA obligations (DSOF ¶8), had a policy since at least 1976 that regularly scheduled overtime like the 6th day of training at the FLETC is regular working hours under the FLSA. PSOF ¶38; PX 17. The Government knew in

---

[3] DSOF ¶__ refers to the paragraph associated with "Defendant's Proposed Findings of Uncontroverted Fact".
[4] PSOF ¶__ refers to the paragraph associated with "Defendant's Response to Plaintiffs' Proposed Findings of Uncontroverted Fact".

April 2002 that some agencies were paying overtime for the 6th day of training at FLETC. PSOF 46; PX 18. Nevertheless, the Government did not bother to look at §551.421. DSOF ¶¶20, 37-39. Such reckless disregard for the law cannot establish good faith. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999) ("Because employers cannot act in good faith based on reasonable grounds when they suspect that they are out of compliance with the FLSA, it would have been an abuse of discretion if the district court had *not* awarded liquidated damages.")

The Government's lack of good faith is further displayed but its refusal to pay FLSA overtime even after admitting actual knowledge of the law. The Government knew in September 2002 that §551.421 defined regular working hours to include regularly scheduled overtime like the 6th day of training. PSOF 54. In November 2002, OPM detailed the legal analysis establishing the Government's obligation to pay overtime for the 6th day of training. PSOF ¶55. By December 2002, OPM specifically had communicated the legal obligation to agencies. PSOF ¶56; PX 9. In February 2003, DHS[5] received written notice of the legal obligation. DSOF ¶43. In March 2003, a high ranking OPM official communicated the legal obligation directly to DHS' Chief Human Capital Officer. DSOF ¶51. Despite the knowledge, the Government continued to claim ignorance and did not begin paying overtime currently until September. DSOF ¶¶56, 59. Such actions cannot establish good faith. *See, e.g., Herman v. Hector I. Nieves Transport, Inc.*, 91 F.Supp.2d 435, 449 (D.P.R.. 2000) (employer cannot show good faith having been alerted to the proper legal standard), *aff'd on appeal,* 6 WH Cases 2d 1441 (1st Cir. 2001).

The Government's reliance on Mr. Coleman's experience as a basis for an exception to the liquidated damages rule cuts against its claim. The Government does not claim that Mr.

---

[5] As of January 24, INS became part of the DHS' Immigration and Customs Enforcement, Customs and Border Protection, and Citizen and Immigration Services. DSOF ¶¶46-48.

Coleman misinterpreted 5 C.F.R. §551.421—that regulation is abundantly clear. Instead, it claims that he did not bother to read it. DSOF ¶20. It is incredulous that Mr. Coleman, a pay specialist with 17 years of experience, would make a decision affecting the pay of over 4,000 employees without reading the governing OPM regulations, much less 60 years of legal precedent.

The Government's claim to have relied on the obsolete FPM Letter 551-17 is no more support for an exception than Mr. Coleman's failure to read the regulations. The Letter had been abolished and marked as obsolete almost a decade earlier. DA[6] 21, 94. Such stated obsolescence of the Letter would seem to require further investigation. Moreover, the FPM Letter specifically provided that "If an agency schedules an employee to attend training during regular working hours, the time spent by the employee in such training is hours of work . . ." PX 13 at 4. With "regular working hours" defined in 5 C.F.R. §551.421 to include regularly scheduled overtime, the Government could no more claim that FPM Letter 551-17 was a basis for denying 4,000 people FLSA overtime pay than it could claim §551.423 itself supported the position.

Neither do OPM's actions establish good faith. In January 2002, OPM entrusted the analysis of agencies' FLSA obligations for the 6th day of training at the FLETC to Vicki Draper, an analyst with less than two months' experience with OPM. Draper Depo. at 11:3-12:2 (began at OPM on December 1, 2001); 91:1-96:19 (her analysis), PX 32. She claims that she, just like Mr. Coleman, read only regulation §551.423 and not §551.421. Draper at 93:13-24, PX 32. She at least consulted her supervisor, Donald Bryce Baker. Draper Depo. at 96:20-97:8, PX 32. Incredibly, Mr. Baker, then Senior Advisor to the Assistant Director for Compensation Administration, claims he did not read the regulations until the fall of 2002. DSOF ¶¶37-39.

---

[6] DA refers to Appendix to Defendant's Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment filed in this case.

When he finally read them, he realized that the FLSA required overtime pay for regularly scheduled overtime hours during entry-level training. DSOF ¶¶38-39. OPM's failure to look at the governing regulations when the pay of thousands of employees was at issue can no more establish an exception to liquidated damages than can Mr. Coleman's. *Donovan*, 599 F.Supp. at 871; *Walton*, 786 F.2d at 312 (7th Cir. 1986); *Bull*, 68 Fed. Cl. at 275.

The Government's citation to the *Adams* decision on good faith does not support an exception here. The *Adams* Court found that the exempt determination at issue was "a close question for the court." *Adams v. U.S.*, 46 Fed. Cl. 616, 620-621 (2000). That is not the case here. The regulations clearly require FLSA overtime pay for regularly scheduled training. OPM Q&A, PX 11. The Government did not make a wrong decision on a close call. The Government claims it never managed to find its own regulations that clearly laid out its obligation to pay overtime or even correctly read the "obsolete" letter it claims it did rely on. That cannot establish the exception. *Donovan*, 599 F.Supp. at 871; *Walton*, 786 F.2d at 312 (7th Cir. 1986); *Bull*, 68 Fed. Cl. at 275.

The Government would have the Court believe that it acted in good faith based on reasonable grounds by disregarding the very law that it had promulgated. Such an interpretation would render the good faith requirement of §260 meaningless. The law is clearly to the contrary. *Brock*, 833 F.2d at 19 (2nd Cir. 1987) (although an exception to liquidated damages exists, the employer's burden of proof is "a difficult one to meet").

The FLSA requires the Government to pay liquidated damages for violations of its overtime provisions. The Government cannot establish the narrow exception to that rule. Accordingly, "complete payment" to Plaintiffs for the Government's FLSA violations includes liquidated damages.

## II. The Government's Misrepresentations Compel Equitable Tolling

The Government asked Plaintiffs to wait to get paid based on a promise that they would be fully and completely compensated. When it finally paid Plaintiffs more than a year and a half later, it did not make complete payment. Allowing the Government to now assert a statute of limitations to bar Plaintiffs' claims for the rest of what they are owed offends the equity so deeply rooted in our jurisprudence. *Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 232-3, (1959). The Government should not be allowed to take advantage of its own wrong to bar Plaintiffs' claims.

The rule of equitable tolling is available against the U.S. Government in the same way it is applicable to private suits. *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 93 (1990); *Scarborough v. Principi*, 541 U.S. 401, 404 (2004). This court has repeatedly recognized that FLSA claims against the United States are subject to equitable tolling. *Kirkendall v. U.S.*, 479 F.3d 830, 837 (Fed. Cir. 2007); *Esch v. U.S.*, 2007 WL 2193881 (Fed. Cl. 2007); *Ewer v. U.S.*, 63 Fed. Cl. 396, 402 (2005); *Corrigan v. U.S.*, 70 Fed. Cl. 665, 670 (2006); *Doyle v. U.S.*, 20 Cl. Ct. 495, 499-500 (1990)(recognizing that a FLSA claim may be revived); *U.S. v. Cook,* 795 F.2d 987 (Fed Cir. 1986); *Christofferson v. U.S.*, 64 Fed. Cl. 316, 326 (2005); *Hickman v. U.S.*, 43 Fed. Cl. 424, 427 (1999); *Bailey v. West,* 160 F.3d 1360 (Fed. Cir. 1998)(allowing equitable tolling against the Board of Veterans Appeals).

Equitable tolling is appropriate "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458 (1990)(emphasis added); *Weick v. O'Keefe,* 26 F.3d 467 (4th Cir. 1994); *see also, Ewer v. U.S.*, 63 Fed. Cl. 396, 402 (2005); *Corrigan v. U.S.*, 70 Fed. Cl. 665, 670 (2006); *Doyle v. U.S.*, 20 Cl. Ct. 495, 499-500 (1990); *U.S. v. Cook,*

795 F.2d 987 (Fed Cir. 1986); *Christofferson v. U.S.*, 64 Fed. Cl. 316, 326 (2005); *Hickman v. U.S.*, 43 Fed. Cl. 424, 427 (1999).

The Government made repeated misrepresentations to Plaintiffs that induced them not to file suit. Initially it told Plaintiffs that they were not entitled to overtime pay for the 6th day of training even though it knew that some agencies were paying overtime. PSOF ¶46; PX 18. The Government continued that misrepresentation even after OPM rediscovered its own regulation §551.421 in September 2002 (PSOF ¶54, DSOF ¶37); after OPM laid out in detail and in writing the clear obligation under the law to pay overtime for the 6th day of training at the FLETC in November 2002 (PSOF ¶55, PX 8); after OPM began informing agencies of that clear obligation in December 2002 (PSOF ¶56; PX 9); after INS received actual notice of OPM's position in February 2003 (DSOF ¶43); and a high ranking OPM official communicated the legal obligation directly to DHS' Chief Human Capital Officer in March 2003. DSOF ¶51.

Even as the Government finally admitted its initial misrepresentations, it made another. On May 6, 2003, the Government sent an e-mail to all employees working at the DHS, including Plaintiffs. This time it acknowledged that OPM, "the personnel policymaker for the federal government," had found that the FLSA required it to pay overtime wages for the 6th day of training. PX 6; DSOF ¶56. The Government claimed it could not begin making payment yet, but that it had "a complete listing of all employees who attended basic training since FLETC went to a 6-day training week." PX 6; DSOF ¶56. While it claimed it could not make payment immediately, the Government promised that it would make "prompt and complete payment as required." PX 6; DSOF ¶56.

Plaintiffs relied on the Government's misrepresentation that it would make complete payment of its FLSA responsibilities and did not bring suit to recover. Plaintiffs' Decl. ¶¶4-5,

PX 33. Indeed, relying on the Government's promise was Plaintiffs' only rational course of action. Once the Government had promised to make complete payment, there was nothing more for Plaintiffs to gain from a legal action. Further, bringing such an action risked legal costs and retaliation. Plaintiffs' reliance was the reasonable response to Defendant's promise.

Two months later, in July 2003, OPM posted on its website what it had been saying all along, that agencies were responsible for making retroactive payments for people who had not been paid FLSA overtime for a 6th day of entry level training at the FLETC. PX 11. But the Government still did not pay the Plaintiffs overtime.

Despite its promise, the Government's payment was neither prompt nor complete as required. Even though it had a "a complete listing of all employees who attended basic training since FLETC went to a 6-day training week" and the funds to pay them, the Government waited until December 2004 through June 2005, after the statute of limitations had run on most claims, to begin paying Plaintiffs. DSOF ¶¶61, 79. When it finally made the payments, they did not include the liquidated damages owed under the FLSA. Although the Government did not include liquidated damages, it listed the payment under the heading Liq.Damages/Int.Backpay, strongly suggesting that it was in fact paying liquidated damages. The Government included no other accounting with the payment, hiding the true nature of what it was paying.

The Government now argues that Plaintiffs could not rely on its promise to make "complete payment as required" because it did not explicitly promise to pay liquidated damages. The argument defies reason. In May 2003, the Government chose to use the words "complete payment as required" (PX 6) rather than describe the payment as a back pay "plus interest" as it began to do in July 2005, after the statute of limitations had run. PX 26. Complete means "lacking no component part; full; whole; entire". Webster's New World College Dictionary (3d

Ed. 1996). "As required" in this context means as required by law. The plain meaning of the Government's words is that it would pay all that it owed under the applicable law, the FLSA. The Government would have the Court find that it could promise "complete payment as required" and then later interpret the term to mean whatever it wanted. Under such an argument, it could have paid Plaintiffs any amount at all, called it complete payment and Plaintiffs would have no recourse. That cannot be what the law provides.

What Plaintiffs reasonably relied upon was the Government's misrepresentation to make "complete payment as required." Plaintiffs' Decl. ¶¶4&5, PX 33, 34. The Government acknowledges that the FLSA governed its overtime obligation. Complete payment of the FLSA liability is the wages owed plus an equal amount of liquidated damages. 29 U.S.C. §216(b). That complete payment is what the Government represented it would pay Plaintiffs. The Government's communications with Plaintiffs prior to beginning payment in December 2004 did not say that it would pay less than the full amount, or that it would not base payment on the governing law, or that it would be limited to back pay plus interest. PX 6; OPM Q&A, PX 11. It only took that position after it began payment and the statute of limitations had run on most claims. PX 23. Nor did the Government indicate with the payments that liquidated damages were not included.

All Plaintiffs joined this action to recover the balance of the compensation owed once they discovered that the Government was in fact not making the complete payment as it had promised. Plaintiffs' Decl. ¶8, PX 33-34. They joined at the first opportunity, during the Court proscribed opt-in period, from May 19, 2006 through July 18, 2006. Accordingly, the Court should toll the FLSA statute of limitations until Plaintiffs received the Government's incomplete payment.

Equitable tolling does not prejudice the Government in this case. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (per curiam) ("absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply . . ."); *Kale v. Combined Insurance Company of America*, 861 F.2d 746, 753 (1st Cir. 1988). "Limitations periods are intended to put the Governments on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352 (1983)(citations omitted)(class action case); *Delaware State College v. Ricks*, 449 U.S. 250, 256 (1980). Those policy concerns are not present here. The Government acknowledged that it owed people money as early as May 2003. It knew that thousands of claims existed, and even initiated a process to pay Plaintiffs the overtime due. There is no concern that evidence became stale because the Government took the steps to gather the necessary information for payment. DSOF ¶65. Further, the Government was on notice of the FLSA claims when Plaintiff Moreno commenced suit in the U.S. District Court on June 1, 2004, well within the statute of limitations. That action was brought on behalf of the class of similarly situated employees. The Government knew at that point of its duty to preserve evidence relevant to plaintiffs who were similarly situated. The only purpose of applying the statute of limitation to these Plaintiffs would be to short the employees the liquidated damages guaranteed them under the FLSA.

The Government's misrepresentations compel equitable tolling. Its argument that Plaintiffs should not have relied on its promise of complete payment is contrary to common sense and the law. Allowing the Government to avoid its legal obligations through a statute of limitations would allow it to take advantage of its own wrong, offending the equity principles "deeply rooted in our jurisprudence." *Glus*, 359 U.S. at 232-3.

A. **<u>The Government Misconstrues the Doctrine of Equitable Tolling</u>**

Faced with facts compelling equitable tolling under the law, the Government has misrepresented the law of equitable tolling. The Government's position that the "FLSA does not contemplate equitable tolling" is contrary to the overwhelming number of cases addressing the issue. *Kirkendall v. U.S.*, 479 F.3d 830, 837 (Fed. Cir. 2007); *Esch v. U.S.*, 2007 WL 2193881 (Fed. Cl. 2007); *Ewer v. U.S.*, 63 Fed. Cl. 396, 402 (2005)("Plaintiffs correctly note that the FLSA limitations period is [] not a statue of repose; thus, principles of equitable tolling apply"); *Corrigan v. U.S.*, 70 Fed. Cl. 665, 670 (2006)(recognizing that the Federal Circuit has recognized in dicta that congressional intent supports equitable tolling in FLSA cases); *Doyle v. U.S.*, 20 Cl. Ct. 495, 499-500 (1990)(recognizing that a FLSA claim may be revived); *U.S. v. Cook,* 795 F.2d 987 (Fed Cir. 1986); *Christofferson v. U.S.*, 64 Fed. Cl. 316, 326 (2005); *Hickman v. U.S.*, 43 Fed. Cl. 424, 427 (1999); *see, e.g.*, *Bailey v. West,* 160 F.3d 1360 (Fed. Cir. 1998)(allowing equitable tolling against the Board of Veterans Appeals). *See, also*, *Long v. Idaho Rural Water Assoc., Inc.*, 2007 WL 1366534, *10 (D. Idaho 2007)(summary judgment denied the Government based on statute of limitations argument because its misconduct warranted tolling); *Baden-Winterwood v.Life Time Fitness,*484 F.Supp.2d 822, 829 (S.D.Ohio 2007) (the Government informed Plaintiffs of FLSA lawsuit but not of filing requirement therefore reasonable for Plaintiffs to remain ignorant and thus statute of limitations tolled.); *Randle v. City of New Albany, Missippi,* 2006 W.L. 2085387 (N.D. Miss. 2006)(denying summary judgment due to dispute regarding posting of FLSA rights and employer misrepresentations.); *Olson v. Statewide Transfer Ambulance & Rescue Inc.*, 2005 WL 2373870, *3 (S.D. Ind. 2005) ("finding that misrepresentations plus a failure to inform employees of their FLSA rights can support equitable tolling); *Henchy v. City of Absecon*, 148 F.Supp.2d 435, 439

(D.N.J. 2001)(same); *see also Lawrence v. Cooper Communities, Inc.*, 132 F.3d 447, 452 (8th Cir. 1998)(Title VII sex discrimination case where statute of limitations tolled because of EEOC's misconduct); *Owens v. Bethlehem Mines Corp.*, 630 F.Supp. 309, 312 (S.D.W.Va. 1986)(class certification in ADEA/FLSA case before court on June 6, 1984 and not ruled upon until November 21, 1985 therefore tolled).

The Government's argument that Plaintiffs must show fraudulent misrepresentation to establish equitable tolling applies the wrong legal standard. Equitable tolling does not require fraud; only that the Government induced or tricked Plaintiffs into allowing the filing deadline to pass. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 458 (1990) (We have allowed equitable tolling in situations . . . where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass); *Weick v. O'Keefe,* 26 F.3d 467 (4th Cir. 1994); *see also, Corrigan v. U.S.*, 70 Fed. Cl. 665, 670 (2006); *Ewer v. U.S.*, 63 Fed. Cl. 396, 402 (2005); *Doyle v. U.S.*, 20 Cl. Ct. 495, 499-500 (1990); *U.S. v. Cook,* 795 F.2d 987 (Fed Cir. 1986); *Christofferson v. U.S.*, 64 Fed. Cl. 316, 326 (2005); *Hickman v. U.S.*, 43 Fed. Cl. 424, 427 (1999).

Not only is fraud not required, "equitable tolling does not require any misconduct on the part of the Government." *Browning v. AT&T Paradyne*, 120 F.3d 222, (11th Cir. 1997); *Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996) (same)(citing *Chakonas v. City of Chicago*, 42 F.3d 1132, 1135 (7th Cir.1994); *Casey v. U.S.*, 161 F.Supp.2d 86, 95 (D. Conn. 2001). For example, in *Bailey v. West,* the Federal Circuit allowed equitable tolling against the Board of Veterans Appeals, even where there was no misrepresentation by the Government. 160 F.3d 1360, 1365 (Fed. Cir. 1998). Whatever the Government's intent in this case, there can be no question that its conduct induced Plaintiffs to allow the filing deadline to pass.

The Government's argument that the other forms of tolling are not applicable also lacks merit. For example, courts have denied defendants summary judgment when they fail to post information about FLSA rights in the workplace. 29 C.F.R.§516.4, *Randle v. City of New Albany, Mississippi,* 2006 W.L. 2085387 (N.D. Miss. 2006); *Henchy v. City of Absecon*, 148 F.Supp.2d 435, 439 (D.N.J. 2001); *Ramirez v. CSJ & Co., Inc.,* 2007 WL 1040363 (S.D.N.Y. 2007); *Kamens v. Summit Stainless*, 586 F.Supp. 324 (E.D.Pa. 1984). It is undisputed that the Government failed to post the information at the worksite. PSOF ¶82.[7] The Government's claim that the *Doyle* Court rejected a failure to post notice as a basis for tolling the statute of limitations is false. The *Doyle* court found posting an irrelevant issue in that case because the plaintiffs had actual notice of their claims. Doyle, 20 Cl. Ct. at 501. The Government has not alleged that Plaintiffs had actual notice of their FLSA rights when they worked at FLETC, or that it did anything to provide notice to them. Therefore the statute of limitations must be tolled. *Randle,* 2006 W.L. 2085387; *Henchy*, 148 F.Supp.2d at 439; *Ramirez,* 2007 WL 1040363; *Kamens*, 586 F.Supp. 324.

The Government's claim that sovereign immunity limits equitable tolling in FLSA cases against it is contrary to Supreme Court jurisprudence. *Irwin,* 498 U.S. 89 (1990); *Franconia Assoc. v. U.S.*, 536 U.S. 129, 145 (2002). Even the case the Government cites for support recognizes that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Oja v. Dep't of the Army*, 405 F.3d 1349, 1357 (Fed Cir. 2005) *citing Irwin*, 498 U.S. at 95-96. The Supreme Court recently affirmed that holding in *John R. Sand Gravel Co. v. U.S.*, __ S.Ct. __, 2008 WL 65445, *5 (2008). There is nothing about the FLSA statute of limitations that rebuts the presumption.

[7] Contrary to The Government's claim, The Government's failure to post FLSA information is included in the Second Amended Complaint at ¶26.

Indeed, courts have repeatedly recognized that the FLSA statute of limitations and other similar statutes can be equitably tolled against the United States. *Scarborough*, 541 U.S. at 403-04; *Franconia Assoc.*, 536 U.S. at 145; *Irwin,* 498 U.S. 89 (1990), *Kirkendall*, 479 F.3d 830, 837 (Fed. Cir. 2007); *Esch*, 2007 WL 2193881 (Fed. Cl. 2007); *Ewer*, 63 Fed. Cl. 396, 402 (2005); *Corrigan*, 70 Fed. Cl. 665, 670 (2006); *Cook,* 795 F.2d 987 (Fed Cir. 1986); *Christofferson*, 64 Fed. Cl. 316, 326 (2005); *Hickman*, 43 Fed. Cl. 424, 427 (1999); *Bailey,* 160 F.3d 1360 (Fed. Cir. 1998).

The Government does not oppose Plaintiffs' application to toll the statute of limitations during the time that the collective action motion was pending. Court's have tolled the statute of limitations pending collective action certification. *Lee v. ABC Carpet and Home*, 236 F.R.D. 193, 200 (S.D.N.Y. 2006). Court's regularly toll the statute of limitation period for procedural delay. *See e.g., Faison v. Texas EZPawn, L.P.*, 2007 WL 1481047 (S.D.Tex. 2007); *Piper v. RGIS Inventory Specialists, Inc.*, 2007 WL 1690887, *2 (N.D. Cal. 2007)(citing *Johnson v. RGIS,* Case No. C-05-0389, which dismissed opt-in plaintiffs but tolled the statute of limitations so they could have time to re-file); *see also, Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 759 (9th Cir. 1981)(court tolled the statute of limitations so that potential collective action members could re-file). Through no fault of Plaintiffs, notice was not sent until more than six months had passed. The statute of limitations should not run during that period. *Id.*

The Government admits that "people should be paid what they're entitled to and to the extent the law permits and allows and requires it to be done." Mikowicz Depo at 172:23-25, PX 15. It is within the Court's equitable powers to toll the statute of limitations to allow Plaintiffs to recover the FLSA overtime pay they are entitled to. Plaintiffs ask that the Court do so.

B. **Disputed Facts Preclude a Denial of Equitable Tolling**

Even if the Court is disinclined to find equitable tolling applies at this stage of the litigation, material disputed facts prevent the Government from prevailing on a statute of limitations defense.

Equitable tolling depends on what the Government represented to Plaintiffs and whether Plaintiffs relied on those representations. Although the information shows that the Government represented to Plaintiffs that it would make complete payment of its FLSA obligations, PX 6; OPM Q&A, PX 11, and that it represented it had paid liquidated damages, PX 28, the Government failed to preserve many communications with individual Plaintiffs. More than 350 Plaintiffs have testified by declaration that the Government promised it would make complete payment under the law to them. Plaintiffs' Decl. ¶¶4-5, PX 33-34. Before denying equitable tolling to Plaintiffs, the Court must resolve the material issues regarding what the Government represented to individual Plaintiffs regarding its intention to pay. Similarly, while the Government claims that Plaintiffs did not rely on its representations of complete payment, more than 350 Plaintiffs have testified by declaration that they did. Plaintiffs' Decl. ¶ 5, PX 33-34. The Government cannot prevail on its statute of limitations defense until these issues of fact are resolved.

The Government's claim to have paid Plaintiffs is also in dispute. The Government did not include an accounting of the payment it did make, so Plaintiffs do not know how the payment was calculated or what it represented. Plaintiffs' Decl. ¶6, PX 33. The Government's claims that all Plaintiffs were paid their back overtime wages by June 2005 is refuted by its own memorandum of July 14, 2005, showing that at least some employees were not paid back wages until July 2005. PX 26. Moreover, e-mails from Wayne Coleman and Alethea Smalls show that

the Government invoked the statute of limitations to deny employees even payment of back wages after a 2-year period had run. PSOF 58; PX 23; PX 24.[8] Several Plaintiffs have testified by declaration that they were never paid at all. Plaintiffs' Decl. ¶¶6-7, PX 34. Plaintiffs who were not paid at all and joined the action within 2 years of the Government's payment have valid claims at least for their back wages under the doctrine of revival. *Doyle*, 20 Cl. Ct. at 502. Without resolving these factual disparities, the Court cannot find that the statute of limitations bars all Plaintiffs' claims.[9]

## III. A Three Year Statutory Period Applies

The FLSA applies a three year statute of limitations to claims where the employer's violation was willful.[10] *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988); *Bull v. U.S.*, 68 Fed. Cl. 212, 228 (2005) *aff'd in Bull v. U.S.*, 479 F.3d 1365 (Fed. Cir. 2007). To show willfulness, a plaintiff must show that the employer either knew or showed reckless disregard that its conduct was prohibited by the FLSA. *McLaughlin,* 486 U.S. at 133. The Government wrongly argues that Plaintiffs must establish some intentional or deliberate violation of the FLSA to prove willfulness.

---

[8] The Government produced these e-mails just prior to the close of discovery and after Mr. Coleman's 30(b)(6) testimony.

[9] Plaintiff Moreno's claims are timely on additional grounds. He trained at the FLETC from June 15, 2002 through August 20, 2002, PX, 3; 29, and filed his consent to sue in District Court of the District of Columbia on June 1, 2004, within even a two-year statute of limitations. Docket No. 1, *Moreno v. Bureau of U.S. Citizenship and Immigration Services, Department of Homeland Security*, 04 Civ. 0899. The statute of limitations did not run while the case was pending. 29 U.S.C. 256(a). The case was dismissed at the Government's request on November 5, 2004. Docket No. 13. Moreno re-filed the case in this Court on January 21, 2005. Docket No. 1. Moreno's prompt re-filing warrants tolling of the statute of limitations. *See e.g., Faison v. Texas EZPawn, L.P.*, 2007 WL 1481047 (S.D.Tex. 2007); *Piper v. RGIS Inventory Specialists, Inc.*, 2007 WL 1690887, *2 (N.D. Cal. 2007)(citing *Johnson v. RGIS,* Case No. C-05-0389, which dismissed opt-in plaintiffs but tolled the statute of limitations so they could have time to re-file); *see also, Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 759 (9th Cir. 1981)(court tolled the statute of limitations so that potential collective action members could re-file).

[10] 29 U.S.C. §255(a) states in part: Any action commenced ... after May 14, 1947 to enforce any cause of action for ... unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended[,] ... [on a] cause of action [that] accrues ... after May 14, 1947-may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

Willfulness does not require bad faith, only a showing of knowledge or recklessness. *McLaughlin,* 486 U.S. at 133; *Corrigan v. U.S.*, 68 Fed. Cl. 589, 593 at fn5 (2005); *Bull*, 68 Fed. Cl. at 272; *Angelo v. U.S.*, 57 Fed. Cl. 100, 108 (2003); *Adams v. U.S.*, 46 Fed. Cl. 616, 619 (2000). If the employer recklessly disregarded its FLSA obligations, a three-year statute of limitations is appropriate. *Id.* "'Reckless disregard' is . . . the 'failure to make adequate inquiry into whether conduct is in compliance with the Act.'" *Bull v. U.S.*, 68 Fed. Cl. at 272 - 73 *citing* 5 C.F.R. §551.104; *see Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 141-42 (2nd Cir.1999) (reliance on questionable authority is reckless disregard supporting a three-year statute of limitations); *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 40-41 (2nd Cir. 1995)(where the law is clear violations are willful, arguments to the contrary notwithstanding); *Martin v. Selker Bros., Inc.,* 949 F.2d 1286, 1296 (3rd Cir. 1991) (violation is willful where employer has information that practices violated the FLSA but disregarded it); *Dole v. Elliot Travel & Tours, Inc.,* 942 F.2d 962, 966-67 (6th Cir. 1991)(where employer receives notice of violation and continues illegal practice, violation is willful); *Reich v. Monfort Inc.*, 144 F.3d 1329, 1334-35 (10th Cir. 1998) (finding violations willful where employer has notice but raised a defense).

The Government here recklessly disregarded its FLSA obligations. In denying Plaintiffs overtime pay, the Government ignored its own clear regulations requiring FLSA overtime pay. 5 C.F.R. §551.421, 551.423. The regulations, that the Government had promulgated itself, addressed the very issue governing this case—whether regular scheduled training constituted overtime hours under the FLSA. *Id.* The Government has not ever argued that the regulations do not require FLSA overtime pay for the 6th day of training. Its argument is only that its agents did not read the regulations (DSOF ¶¶20, 37-39), and when they finally did, bureaucratic inertia prevented the Government from complying with the law. DSOF ¶¶40-57.

Reliance on FPM Letter 551-17 does not save the Government. The law is clear that reliance on questionable authority establishes reckless disregard under the FLSA. *Herman v. RSR Sec. Servs. Ltd.,* 172 F.3d 132, 141-42 (2nd Cir.1999). Certainly an FPM Letter pronounced obsolete a decade earlier and with "Obsolete" written across it face is questionable authority, and the Government's reliance on it was reckless. *Id.* Moreover, the Government's failure to continue its legal investigation rather than ending its search with a document marked obsolete is a further evidence of recklessness. *Bull*, 68 Fed. Cl. at 272 – 73; 5 C.F.R. §551.104.

The Government further acted recklessly by disregarding notice that the FLSA required overtime pay for the 6th day of training at the FLETC. Not only had it passed regulations dealing with the specific issue, the Government also knew from the very beginning that some agencies were paying overtime while others were not. PSOF 38; PX 18. Turning a blind eye to evidence of a violation establishes willfulness and a three-year statute of limitations. *Herman,* 172 F.3d at 141 (recklessly disregarding the possibility of FLSA violations establishes reckless disregard); *Martin,* 949 F.2d at 1296; *Bull*, 68 Fed. Cl. at 272 – 73; 5 C.F.R. §551.104

The Government's FLSA violations became intentional when it continued to deny Plaintiffs overtime even with actual knowledge of its obligations. Whatever the Government's actual knowledge in the summer of 2002, OPM had actual knowledge of the legal obligation in September 2002. In November 2002, OPM began instructing agencies to pay overtime both currently and retroactively. PSOF ¶¶55,56; PX 8 & 9. DHS had written notice of the legal obligation in February 2003. DSOF 43. By March 2003, top brass at DHS knew of the legal obligation. DSOF 51. Despite the knowledge, the Government continued to claim ignorance and did not begin paying overtime currently until September. DSOF 58, 59. Such actions cannot establish good faith. *Waldbaum, Inc.*, 52 F.3d at 35; *Martin,* 949 F.2d at 1296 (3rd Cir. 1991);

*Dole,* 942 F.2d at 966-67.

Whether the Government intentionally failed to pay Plaintiffs overtime or whether it did so recklessly does not matter; it willfully violate the FLSA and a three year statute of limitation is appropriate. At the very least, the Government was reckless in failing to make adequate inquiry into whether its conduct was in compliance with the Act. It compounded the problem by continuing to turn a blind eye to the truth throughout 2002 and 2003. As a matter of fact, the Government has a history of not paying its employees overtime while they worked at the FLETC. *See Bull*, 68 Fed. Cl. at 272-74 (finding that the Government recklessly disregarded the law in failing to pay canine enforcement officers overtime); *Porta, et al. v. U.S.*, 05-1420C & 05-759C (U.S. Court of Federal Claims)(Judge Firestone)(admitting to not paying DHS employees overtime for the 6th day of entry level training at the FLETC well into 2004); *see also Schiefer v. U.S.*, 2007 WL 2071264 (S.D. Ga. 2007).

IV. **The United States Is the Proper Defendant**

The Government's argument that its actions have to be judged only on the INS' actions is disingenuous. The Court should not "turn a blind eye to the context in which [the] policy arose.'" *McCreary County, Ky. v. American Civil Liberties Union of Ky.*, 545 U.S. 844, 846 (2005) *citing Santa Fe Independent School Dist. v. Doe,* 530 U.S. 290, 315 (2000). From the outset of this litigation, the Government has admitted that Plaintiffs were employees of the United States. PSOF ¶ 1; Pl Second Amended Compl. at ¶13; Def. Answer to Pl Second Amended Compl. at ¶13. The Government even corrected Plaintiffs when they sued the INS, claiming that it was not the proper defendant. Def. Answer at ¶¶ 11-12. Moreover, multiple parts of the U.S. Government were involved in Plaintiffs' employment during the 6th day of training at the FLETC. For example, the decision that Plaintiffs would train 6 days a week was independent

of the INS, which did not even learn of the policy until after it had been implemented. Coleman Depo. at 46:22-47:10, PX 37. FLETC even kept Plaintiffs' employment records for the training period. DSOF ¶¶63-66. Moreover, the Government claims that the INS wanted to pay overtime but was powerless to do so without permission from the Department of Justice ("DOJ"), its "parent agency". DSOF ¶¶33-36. By January 2003, INS did not even exist any more, but was broken into three new agencies within DHS, its new parent agency. DSOF ¶¶48. Nevertheless, in February 2003, when INS was informed in writing of the obligation to pay overtime to Plaintiffs, it was John Cahill of the DOJ who responded. DSOF 44-45. Moreover, the Government claims that INS and its successor agencies could not pay overtime without authority from OPM or the DHS. DSOF ¶56; PX 6. Even counsel participating in the Government's brief is from OPM, CBP and DOJ. One thing that is clear is that all of these entities had a role in determining whether Plaintiffs were paid overtime for the 6th day of training. Claiming INS acted independently is disingenuous. *McCreary*, 545 U.S. at 846.

Even so, evaluating the United State's actions solely from the perspective of the INS makes its actions all the more reckless. In refusing to pay overtime wages, the Government failed to consult the regulations that clearly defined regular working hours, and instead relied on an FPM letter that had been marked "Obsolete" for almost a decade. Moreover, the FPM Letter clearly requires overtime pay for training during regular working hours. Viewing INS independently of the U.S. adds another layer of recklessness—the INS did not even bother to consult OPM, the very agency responsible for promulgating the FLSA regulations and providing guidance with respect to them. Had the INS contacted OPM, that agency may have made a proper inquiry into its own regulations and discovered that the definition of regular working hours was on the same page as §551.423(a)(3). Moreover, INS had direct knowledge

that it was in violation of the FLSA. Although INS failed to consult with the OPM, it knew that Plaintiffs were entitled to overtime compensation at least by February 2003. Nevertheless, it continued to delay and failed to promptly correct its mistake. The Government did not begin paying overtime for the 6th day of training until September 2003. DSOF ¶59.

Through any lens, the Government had knowledge that Plaintiffs were entitled to overtime, failed to pay the overtime, and made repeated misrepresentations that induced Plaintiffs not to bring suit. The Court should not allow the Government's attempts at misdirection to deprive Plaintiffs of their FLSA rights.

## CONCLUSION

Equity demands that the Government make the "complete payment as required" it promised. Any other outcome would impermissibly allow the Government to take advantage of its own wrongs. *Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 232-3 (1959). The Court should find (1) that the Government is liable to Plaintiffs for liquidated damages; (2) that the statute of limitations on Plaintiffs' claims is equitably tolled from January 2002, when the Government began misrepresenting its FLSA obligations to Plaintiffs, to when the Government made the partial payments in December 2004, and June and July 2005, including tolling for the period that the Government misrepresented to Plaintiffs that they were not entitled to overtime and did not post FLSA notices, tolling for the period that the Government was aware of its FLSA obligations but continued to misrepresent the obligation to Plaintiffs, and tolling for the period that the Government promised "complete payment as required" but did not make payment; and

(3) that a three-year statute of limitations applies to Plaintiffs' claims based on the Government's willful FLSA violations.

Respectfully Submitted,

/s/ Michael J.D. Sweeney

Michael J.D. Sweeney, Esq.
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
Tel: (845) 255-9370
Fax: (845) 255-8649

Attorney for Plaintiffs