No. 05-142C
(Judge Firestone)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ARTURO MORENO, et al.,
Plaintiffs,

v.

THE UNITED STATES,
Defendant

**DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

MARTIN F. HOCKEY, JR.
Assistant Director

MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn:
Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Of Counsel:
ARTHUR RETTINGER
Senior Counsel
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229
Tel: (202) 344-2978
FAX: (202) 344-2950

MELANIE WATSON
Attorney-Advisor
Office of Personnel Management
1900 E Street, NW
Washington, DC 20415
Tel: (202) 606-1700
Fax: (202) 606-0082

February 8, 2008

Attorneys for Defendant

**TABLE OF CONTENTS**


TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I. Because The Applicable Statute Of Limitations Is Two Years, The Plaintiffs' Claims Are Time-Barred . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II. The FLSA Statute Does Not Permit Equitable Tolling Against The Government And The Plaintiffs Have Failed To Show Entitlement To Any Tolling In Any Event . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A. The FLSA Statute of Limitations May Not Be Tolled Against The Government . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B. The Plaintiffs Are Not Entitled To Equitable Tolling Simply For Failing To Ascertain What Their Potential Claims Were . . . . . . . . . . . . . . . . . . 12

III. The Plaintiffs Are Not Entitled To Liquidated Damages, Which Would Be A Windfall Not Contemplated By The Statute . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

A. Because The INS Acted In Good Faith And Upon Reasonable Grounds, Liquidated Damages Should Not Be Awarded . . . . . . . . . . . . . . . . . . . . 15

B. The Statute Does Not Contemplate A Windfall Payment Of Liquidated Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

IV. The Proper Focus Of The Inquiry Is The Employing Agency . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

APPENDIX

## TABLE OF AUTHORITIES

### CASES

Angelo v. United States,
57 Fed. Cl. 100 (2003) . . . . . . . . . . 4, 5

Astor v. United States,
79 Fed. Cl. 303 (2007) . . . . . . . . . . 18

Bailey v. West,
160 F.3d 1360 (Fed. Cir. 1998) . . . . . . . . . . 8, 12, 13

Bankers Trust New York Corp. v. United States,
225 F.3d 1368 (Fed. Cir. 2000) . . . . . . . . . . 4

Bell v. Fowler,
99 F.3d 262 (9th Cir. 1996) . . . . . . . . . . 12, 13

Bouley v. Sec'y of the Dept. of Health and Human Svcs.,
37 Fed. Cl. 227 (1997) . . . . . . . . . . 14

Bowles v. Russell,
127 S. Ct. 2360 (2007) . . . . . . . . . . 11

Brice v. Sec'y of Health and Human Svcs.,
240 F.3d 1367 (Fed. Cir. 2001) . . . . . . . . . . 7, 8, 11

Browning v. AT&T Paradyne,
120 F.3d 222 (11th Cir. 1997) . . . . . . . . . . 12

Casey v. United States,
161 F. Supp. 2d 86 (D. Conn. 2001) . . . . . . . . . . 12, 13

Bailey v. West,
160 F.3d 1360 (Fed. Cir. 1998) . . . . . . . . . . passim

Christofferson v. United States,
64 Fed. Cl. 316 (2005) . . . . . . . . . . 10, 14

Cook v. United States,
855 F.2d 848 (Fed. Cir. 1988) . . . . . . . . . . 4

Corrigan v. United States,
70 Fed. Cl. 665 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Doyle v. United States,
20 Cl. Ct. 495 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 17

Esch v. United States,
77 Fed. Cl. 582 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ewer v. United States,
63 Fed. Cl. 396 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Franconia Assocs. v. United States,
536 U.S. 129 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Frazer v. United States,
288 F.3d 1347 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Hickman v. United States,
43 Fed. Cl. 424 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Irwin v. Dep't of Veterans Affairs,
498 U.S. 89 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 10

Japanese War Notes Claimants Ass'n v. United States,
373 F.2d 356 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

John R. Sand & Gravel Co. v. United States,
128 S. Ct. 750 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Kirkendall v. Dep't of Army,
479 F.3d 830 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Marcinkowski v. United States,
206 F.3d 1419 (Fed. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

McLaughlin v. Richland Shoe Co.,
486 U.S. 128 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

RHI Holdings, Inc. v. United States,
142 F.3d 1459 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

Scarborough v. Principi,
541 U.S. 401 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Stone Container Corp. v. United States,
229 F.3d 1345 (Fed. Cir. 2000) . . . . . . . . . . 7

Udvari v. United States,
28 Fed. Cl. 137 (1993) . . . . . . . . . . 14

United States v. Brockamp,
519 U.S. 347 (1997) . . . . . . . . . . passim

United States v. Cook,
795 F.2d 987 (Fed. Cir. 1986) . . . . . . . . . . 9

**STATUTES AND REGULATIONS**

5 U.S.C. § 5596 . . . . . . . . . . 18

29 U.S.C. § 206 . . . . . . . . . . 17

29 U.S.C. § 216 . . . . . . . . . . 17

29 U.S.C. § 255 . . . . . . . . . . passim

29 U.S.C. § 256 . . . . . . . . . . 11

29 U.S.C. § 260 . . . . . . . . . . 18

5 C.F.R. § 551.104 . . . . . . . . . . 4

5 C.F.R. § 551.702 . . . . . . . . . . 17

5 C.F.R. § 551.703 . . . . . . . . . . 17

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARTURO MORENO, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 05-142C |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | (Judge Firestone) |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rules 7.2(c) and 56 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States hereby submits this reply to the brief filed by plaintiff Moreno and his co-plaintiffs in opposition to our cross-motion for summary judgment and in support of the plaintiffs' motion for summary judgment. In our brief, we established that summary judgment should be entered in favor of the United States and denied the plaintiffs.

With respect to the statute of limitations for the plaintiffs claims, we demonstrated that: (1) the plaintiffs' claims accrued when they attended training at the FLETC; (2) none of the plaintiffs filed suit within two years after attending training at the FLETC, thereby placing them outside the two-year statute of limitations for FLSA claims; (3) several of the plaintiffs failed to file suit within three years after attending training at the FLETC, thereby placing them outside the three-year statute of limitations for "willful" FLSA violations; and (4) none of the plaintiffs were entitled to the benefit of the three-year statute of limitations because the failure of the Immigration and Naturalization Service ("INS") to pay overtime for their training hours was not done with knowledge of, or with reckless disregard for, the law.

Similarly, with respect to the question of whether the plaintiffs were entitled to equitable tolling, we established that: (1) equitable tolling is not available against the Government for FLSA claims, which already carry an extended statute of limitations for willful violations; (2) even if equitable tolling were available, the plaintiffs would be required to show a fraudulent misrepresentation on the part of the Government; and (3) the plaintiffs are not entitled to equitable tolling as no representations were made to them regarding the subject of their lawsuit, namely, liquidated damages.

In addition, with respect to whether the plaintiffs were entitled to liquidated damages, we established that: (1) the plaintiffs were not entitled to liquidated damages as the INS had failed to pay them overtime in good faith and based upon reasonable grounds; and (2) liquidated damages would not be available in any event given that the plaintiffs were paid overtime and interest prior to initiating suit. Finally, we showed that the proper focus of the FLSA inquiry is the employing agency, namely INS.

In their response, the plaintiffs do not dispute that all of their claims fall outside the two-year statute of limitations, and that many of their claims fall outside even the three-year statute of limitations for willful violations. They contend, however, that the three-year statute of limitations should apply because INS demonstrated reckless disregard for the law when it misinterpreted the governing regulations. As demonstrated below, misinterpreting the regulations in the course of making a sincere attempt to ascertain the law's requirements does not constitute reckless disregard for the law giving rise to application of the three-year statute of limitations.

With respect to equitable tolling, the plaintiffs erroneously contend, by citation to two decisions of this Court, that equitable tolling is available against the Government in FLSA cases, completely disregarding contrary decisions of this Court and persuasive reasoning by other courts. As we establish below, in accordance with persuasive reasoning by this Court and consistent with the Federal Circuit's instructions on determining when equitable tolling can be applied against the Government, it does not apply in FLSA cases. The plaintiffs argue that although there may not have been fraud, they were "induced or tricked" into letting the filing deadline pass. As we demonstrate below, no matter how the equitable tolling standard is characterized, the plaintiffs do not meet it: they did not reasonably rely on any representations of the Government in deciding to forego bringing suit. Similarly, all the other bases they raise for tolling the statute of limitations are meritless.

The plaintiffs allege that the INS was not acting in good faith and did not have reasonable grounds for believing overtime was not owed; accordingly, they are entitled to liquidated damages. According to the plaintiffs, the Government "disregard[ed] the very regulations it had promulgated." Pl. Resp. 9. As established below, to make the entire Government the focus of the inquiry is inappropriate as the INS was the employing agency. Similarly, to hold Federal employers to a higher standard than that set forth in FLSA because they allegedly 'promulgated the very regulations' at issue is inappropriate and unsupported by law. The novelty of the question, the INS's desire to pay overtime, and its reliance on historical OPM guidance all demonstrated the good faith and reasonable grounds. [1]

[1] This motion is not being filed under seal as, upon review, none of the documents included in the Appendix are confidential.

## ARGUMENT

### I. Because The Applicable Statute Of Limitations Is Two Years, The Plaintiffs' Claims Are Time-Barred

The plaintiffs do not dispute that their claims accrued when they attended training at FLETC, and that all of their claims fall outside the two-year statute of limitations in the FLSA.[2] See Pl. Resp. 20-23. They also do not dispute that several of their claims fall outside the three-year statute of limitations for willful violations and therefore argue strenuously for various forms of tolling. See Pl. Resp. 10-20. They also allege that the three-year statute of limitations should apply because the INS failed to make "adequate inquiry" into the requirements of the law. Pl. Resp. 21 (citing 5 C.F.R. § 551.104). As this Court has already found, however, the definition of "reckless disregard" in a regulation, 5 C.F.R. § 551.104, cannot trump the Supreme Court's interpretation of the statute in McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988). See Angelo v. United States, 57 Fed. Cl. 100, 108-109 (2003) (citing Bankers Trust New York Corp. v. United States, 225 F.3d 1368, 1375 (Fed. Cir. 2000) (the Supreme Court's "interpretation of a

---

The plaintiffs' exhibits will be cited as "Pl. Ex. _." The plaintiffs' motion will be cited as "Pl. Mot. _," and their Response and Reply as "Pl. Resp. _." Our motion will be cites as "Def. Mot. _," and our Proposed Findings of Uncontroverted Fact will be cited as "Def. F. ¶ _." The exhibits set forth in the Appendix filed herewith have been consecutively numbered with the Appendix filed with our first brief and will be cited as "Ex. _."

[2] It is well-settled "a claim for unpaid overtime under the FLSA accrues at the end of each pay period when it is not paid." Cook v. United States, 855 F.2d 848, 851 (Fed. Cir. 1988). The plaintiffs do not dispute this but suggest that the doctrine of revival requires that any plaintiffs who did not receive back pay payments and joined the action within two years of the back pay payments to the other plaintiffs have valid claims, even if those claims are otherwise time-barred. Pl. Resp. 20 (citing Doyle v. United States, 20 Cl. Ct. 495, 502 (1990)). But Doyle dictates just the opposite result: where no part of the alleged back pay debt has been paid (as plaintiffs allege), there has been no acknowledgment of the debt and it cannot be revived. See Doyle, 20 Cl. Ct. at 502.

statutory provision trumps a subsequent agency interpretation that is inconsistent with the Court's precedent.").

Under the McLaughlin standard, "[i]f an employer acts unreasonably, but not recklessly, in determining its legal obligation," its actions are not willful, regardless of whether the employer made an "adequate inquiry" into the law. McLaughlin, 486 U.S. at 135. As established in our brief and in our Proposed Statement of Uncontroverted Facts, INS pay personnel made an extensive inquiry into the question of whether employees were entitled to overtime for training under FLSA. Def. Mot. 11-12; Def. F. ¶¶ 14-21. It is acknowledged that INS pay personnel came to the wrong conclusion about whether overtime pay was owed and that this error was due to their failure to realize that the common term "regular working hours" was defined in the regulations to include overtime outside the 40-hour workweek. Nevertheless, looking at the totality of the circumstances, the agency did not act in "reckless disregard" of the law, and the failure to consider one portion of the regulations, just like the failure to consider one criterion in Angelo, 57 Fed. Cl. at 109, does not constitute willfulness. The pay personnel relied upon their extensive experience, their understanding of the term "regular working hours," and historical guidance from OPM on the question of overtime pay for training.

The plaintiffs, in essence, ask this Court to hold the INS, as a Federal employer, to a higher standard because the regulations at issue were ones "that the Government had promulgated itself." Pl. Resp. 21. They argue that "the Government ignored its own clear regulations" in failing to pay overtime. Id. As discussed in Section IV below and in our opening brief, the proper focus of the FLSA inquiry is the employing agency. It is therefore inaccurate to describe the regulations as ones that the employer promulgated, and it is inappropriate to hold

the INS to a higher standard than one would hold a private employer. There is no support in the law for this two-tiered approach.

The plaintiffs allege erroneously that "[t]he Government's FLSA violations became intentional when it continued to deny Plaintiffs overtime even with actual knowledge of its obligations." Pl. Resp. 22. This allegation is simply not supported by the facts or any of the evidence in this case. As soon as DHS (the parent agency to INS's successor, ICE) received revised guidance from OPM on this issue, it informed the employees, and began the process of paying back overtime wages. Def. Mot. 12-13; Def. F. ¶¶ 43-47. In order to give the contrary impression, the plaintiffs distort the relationship among the various entities, and impute knowledge of OPM to INS. Pl. Resp. 22. Such imputation of knowledge is without support in the case law and illogical as a matter of common sense. INS, the employing agency, did not act willfully, and the two-year statute of limitations must stand.

## II. The FLSA Statute Does Not Permit Equitable Tolling Against The Government And The Plaintiffs Have Failed To Show Entitlement To Any Tolling In Any Event

### A. The FLSA Statute of Limitations May Not Be Tolled Against The Government

The statute of limitations set forth in FLSA cannot be equitably tolled against the Government, and there is no authority binding on this Court which holds otherwise. To be sure, the Supreme Court has held that a rebuttable presumption exists that a statute of limitations applicable to suits against the United States can be equitably tolled. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990); see also Frazer v. United States, 288 F.3d 1347, 1352 (Fed. Cir. 2002). That presumption is rebutted, however, if "there is good reason to believe Congress did not want the equitable tolling doctrine to apply." Frazer, 288 F.3d at 1352 (citing United

States v. Brockamp, 519 U.S. 347, 350 (1997)). Careful consideration of this question is imperative because a "statute of limitations is a condition on the waiver of sovereign immunity by the United States" and courts should therefore be "careful not to interpret [a waiver of sovereign immunity] in a manner that would extend the waiver beyond what Congress intended." Stone Container Corp. v. United States, 229 F.3d 1345, 1352 (Fed. Cir. 2000).

The Supreme Court has set forth various factors which, if present, indicate that Congress intended that equitable tolling should not apply. Brockamp, 519 U.S. at 350 (1997). As the Federal Circuit has held, not all factors need be present and even the presence of one factor can be dispositive. Kirkendall v. Dep't of Army, 479 F.3d 830, 837 (Fed. Cir. 2007). Those factors include whether the statute of limitations is repeated in the statute, whether it is stated in an "unusually emphatic" form, and whether the statute of limitations already includes explicit exceptions. See Brockamp, 519 U.S. at 350; Brice v. Sec'y of Health and Human Svcs., 240 F.3d 1367, 1372 (Fed. Cir. 2001). All three of these factors militating against equitable tolling are present in this case.

First, the two-year statute of limitations is set forth twice in the statute. 29 U.S.C. § 255(a). The statute states not only that an action "may be commenced within two years after the cause of action accrued," but also that "every such action shall be forever barred unless commenced within two years after the cause of action accrued." 29 U.S.C. § 255 (emphasis added). In addition, the statute of limitations is stated in an unusually emphatic form. As quoted above, the statute states that "every such action shall be forever barred unless commenced within two years after the cause of action accrued." 29 U.S.C. § 255 (emphasis added). This is akin to the language of the tax statute in Brockamp which was found to be "unusually emphatic."

Brockamp 519 U.S. at 350-352; see also RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461-63 (Fed. Cir. 1998) (analyzing a similar tax statute as that at issue in Brockamp and finding equitable tolling not permissible).

Further, FLSA sets for an explicit exception to this general 2-year rule: "every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a)(emphasis added). Because section 255 "sets forth explicit exceptions to its basic time limits, and those very specific exceptions do not include 'equitable tolling,'" any attempt at tolling would be inconsistent with the clear intent of Congress that tolling not be permitted. Brockamp, 519 U.S. at 351-52; see also Brice, 240 F.3d at 1373 ("When an Act includes specific exceptions to a limitations period, we are not inclined to create other exceptions not specified by Congress."); Marcinkowski v. United States, 206 F.3d 1419, 1421-22 (Fed. Cir. 2000) (applied to a tax statute of limitations); RHI Holdings, Inc., 142 F.3d at 1462 (prescription of a method for extending the statute of limitations in the statute "strongly implies that there are no other exceptions to the statutory period"); Doyle v. United States, 20 Cl. Ct. 495, 500 (1990) ("[I]n the case of willfulness, Congress eliminated the need for equitable tolling by expressly providing that the statute of limitations is extended to three years."). Cf. Bailey v. West, 160 F.3d 1360, 1365-66 (Fed. Cir. 1998) (finding equitable tolling in part because the statute did "not provide its own exceptions to the general rule" and because the limitations period was triggered by a fixed "mailing date" rather than when knowledge of a claim existed).

All of these factors clearly demonstrate Congress's intent to exempt FLSA from the possibility of equitable tolling. The cases cited by the plaintiffs to the contrary are unavailing. First, several of the cases cited by the plaintiffs concern claims by veterans. Pl. Resp. 18 (citing Kirkendall, 479 F.3d at 837; and Bailey, 160 F.3d at 1365). It is well-settled that Congress intended the system for administration of benefits to veterans to be paternalistic, and courts have found that equitable tolling of veterans claims is consistent with this Congressional intent. See Kirkendall, 479 F.3d at 841 (finding that the purpose of the veterans discrimination statute "makes it abundantly clear that the Irwin presumption [in favor of equitable tolling] is not rebutted" because the statute is "an expression of gratitude by the federal government to the men and women who have risked their lives in defense of the United States"); Bailey, 160 F.3d at 1365 (referring to "what Congress clearly intended to be a paternalistic means for addressing veterans' claims" and "the particular relationship between veterans and the government" as factors in favor of finding equitable tolling).

We note that a number of the cases plaintiffs cite explicitly decline to hold that equitable tolling is available against the Government. See Franconia Associates v. United States, 536 U.S. 129, 145 (2002) (determining when claims accrue, not whether statute of limitations can be equitably tolled); United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (explicitly holding that the Court's tolling order did not affect any of the plaintiffs and declining to issue an advisory opinion on whether equitable tolling is available against the Government in FLSA cases); Esch v. United States, 77 Fed. Cl. 582, 590 (2007) ("Assuming arguendo that equitable tolling is available under § 2501, the requirements of equitable tolling are not met in this case." (emphasis added)); Corrigan v. United States, 70 Fed. Cl. 665, 670 (2006) ("The court need not

decide whether the FLSA is subject to equitable tolling, however, because plaintiff has not pleaded facts that would entitle him to equitable tolling of the statute." (emphasis added)); Christofferson v. United States, 64 Fed. Cl. 316, 326 (2005) ("Nevertheless, we need not decide whether the limitations period for FLSA claims is subject to equitable tolling. Assuming for purposes of summary judgment that tolling is available, it is justified in only limited circumstances, which we find inapplicable here." (emphasis added)); see also Scarborough v. Principi, 541 U.S. 401, 403-404 (2004) (concerning the question of whether a timely filed Equal Access to Justice Act application could be amended after the deadline for filing the application, not whether the initial deadline could be equitable tolled).

Moreover, the Irwin case, cited by the plaintiffs, certainly does not hold that equitable tolling is available against the Government in FLSA cases, and predates Brockamp in which the Supreme Court sets forth the criteria to be used in determining whether equitable tolling can apply. Finally, the two Court of Federal Claims cases cited by the plaintiffs finding equitable tolling to be available against the Government in FLSA cases do so with very little reasoning and without grappling with Brockamp and its progeny. Ewer v. United States, 63 Fed. Cl. 396 (2005) and Hickman v. United States, 43 Fed. Cl. 424 (1999) are not binding on this Court and are not even persuasive authority given that they do not even consider the Brockamp factors. Rather, in both cases, the Court decides that equitable tolling can apply simply because the FLSA statute of limitations is not a statute of repose, namely one where all claims are cut off after a particular calendar date set forth in the statute. Ewer, 63 Fed. Cl. at 402 ("Plaintiffs correctly note that the FLSA limitations period is a not a statute of repose; thus, principles of equitable tolling apply."); Hickman, 43 Fed. Cl. at 427 (" The statute of limitations on 29 U.S.C.

§ 255(a) is not a statute of repose. The principles of equitable tolling apply to the limitations in 29 U.S.C. § 255(a).”). Clearly, Brockamp dictates that the fact that a given statute of limitations is not a statute of repose is an insufficient basis on which to determine that equitable tolling is available. Factors showing Congress's intent, such as those present in FLSA, are determinative. See Brockamp, 519 U.S. at 350-52; Brice, 240 F.3d at 1372-73; RHI Holdings, Inc., 142 F.3d at 1461-63. In this case, these factors point to the conclusion that Congress intended no other exception but the one set forth explicitly. No form of equitable tolling is available.[3]

Moreover, the reasoning of the Supreme Court in Bowles v. Russell, 127 S. Ct. 2360 (2007), and John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750 (2008), calls into question the validity of applying equitable tolling to statutes of limitations at all, particularly when they are set forth in a statute and when they concern suits against the United States, which implicate sovereign immunity and jurisdictional issues. The Supreme Court held in Bowles that statutory time constraints should be treated as jurisdictional, and that it "has no authority to create equitable exceptions to jurisdictional requirements." Bowles, 127 S. Ct. at 2364-66. Similarly, in Sand & Gravel, the Supreme Court reiterated these principles, finding that those statutes of limitations which "limit[] the scope of a governmental waiver of sovereign immunity" are treated as "more absolute" and "jurisdictional" and not subject to equitable tolling. Sand &

---

[3] Contrary to the assertions of the plaintiffs, the Government does oppose plaintiffs' request to toll the statute of limitations during the time the collective action motion was pending. To toll the statute of limitations for this reason would contravene the FLSA provision which explicitly states that an action has commenced for purposes of the statute of limitations only when the notice of consent to sue has been filed. 29 U.S.C. § 256.

The Government also opposes plaintiffs' request to toll the statute of limitations during the time between dismissal of the district court action and filing of the Court of Federal Claims action. Pl. Resp. 20 n. 9. Waiting two months to re-file cannot reasonably be termed "prompt re-filing."

Gravel, 128 S. Ct. at 753-754. Because the FLSA statute of limitations, as applied against the Government, implicates the scope of the Government's waiver of sovereign immunity, it too, should be treated as "more absolute" and "jurisdictional" and therefore an inappropriate candidate for equitable tolling.

**B. The Plaintiffs Are Not Entitled To Equitable Tolling Simply For Failing To Ascertain What Their Potential Claims Were**

Even if equitable tolling were available, the plaintiffs would be required to show fraudulent misrepresentation, namely that they were induced or tricked into letting the filing deadline pass. The plaintiffs take issue with our use of the term "fraudulent misrepresentation," alleging that no showing of fraud or any misconduct on the part of the Government is required. Pl. Resp. 16 (citing Browning v. AT&T Paradyne, 120 F.3d 222 (11th Cir. 1997); Bell v. Fowler, 99 F.3d 262, 266 (9th Cir. 1996); Casey v. United States, 161 F. Supp. 2d 86, 95 (D. Conn. 2001); Bailey v. West, 160 F.3d 1360, 1365 (Fed. Cir. 1998)).

Tellingly, none of the cases cited by the plaintiffs actually support this extreme position. Browning concerns an employment discrimination suit against a private employer. In that case, the right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC"), which triggers a plaintiffs ability to file suit in court, erroneously failed to set forth the statute of limitations for a claim and the EEOC erroneously advised the claimant's attorney that a two-year statute of limitations applied rather than the 90-day statute of limitations that did apply. Browning, 120 F.3d at 226-27. The court determined that it was reasonable for the claimant to rely upon the representations of the EEOC given the EEOC's unique role in employment discrimination litigation. In Bell, the Court examines federal and state equitable estoppel principles, and determines that federal law requires that "the defendants have engaged in

affirmative conduct . . . that was designed to mislead or was unmistakably likely to mislead a plaintiff" just as the state principle at issue required fraud. Bell, 99 F.3d at 268-69. The only case which permits equitable tolling against the Government where there has been no misrepresentation is a case involving veterans benefits, Bailey v. West, 160 F.3d 1360, 1365 (Fed. Cir. 1998). As the Federal Circuit made clear in that case and has made clear in other cases, the veterans benefits system is a peculiarly paternalistic system. The Bailey court found that in light of this paternalistic system, it was reasonable for the veteran to rely on the advice of agency personnel to his detriment. 160 F.3d at 1368. Similarly, in Casey, the court found that equitable tolling should apply because the Veterans Administration breached its statutory duty to inform the veteran of the filing requirements for his potential claim. Casey, 161 F. Supp. 2d at 95-96. Federal employees are not subject to this paternalistic system, and like other employees, must make themselves aware of the law applying to their claims.

In their response, the plaintiffs retreat from their earlier position that the Government represented to them that they would be receiving a liquidated damages award. Pl. Resp. 12. Instead they argue essentially that their ignorance of the potential for a liquidated damages claim and the Government's failure to inform them of the potential for such a claim entitles them to equitable tolling.[4] As this Court held under similar circumstances in Christofferson, one of the

---

[4] Plaintiffs cling to the Government's statement that it would "undertake prompt and complete payment as required" in the May 6, 2003 broadcast email (Pl. Ex. 6) as evidence that the Government reneged on a promise to pay "all that it owed," as "wages owed plus an equal amount of liquidated damages." Pl. Resp. 12-13. However, even if the terminology of the May 6, 2003 broadcast email could somehow be interpreted to create a promise to "pay all that it owed," as shown below, the Government fully met any such obligation when it paid the plaintiffs all earned back pay with Back Pay Act interest; under the circumstances, no liquidated damages were either required or authorized.

cases cited by the plaintiffs in favor of their equitable tolling claim, the plaintiffs' "[i]gnorance of rights which should be known," is insufficient grounds for equitable tolling. Christofferson, 64 Fed. Cl. at 327 (quoting Japanese War Notes Claimants Ass'n v. United States, 373 F.2d 356, 359 (1967)). See also Bouley v. Sec'y of the Dept. of Health and Human Svcs., 37 Fed. Cl. 227, 231 (1997) ("The essence of petitioner's argument [in favor of equitable tolling] is that she was not aware of the underlying law that gave rise to her cause of action. Ignorance of the law is not a ground for tolling a statute of limitations."). Accordingly, the fact that the plaintiffs may not have known that they could file a suit for liquidated damages pursuant to FLSA does not entitle them to equitable tolling. Further, the plaintiffs' reasoning is fatally flawed because there simply is no duty in FLSA or elsewhere for the employing agency to inform an employee of all of his potential FLSA claims. See, e.g., Christofferson, 64 Fed. Cl. at 327; Udvari v. United States, 28 Fed. Cl. 137, 140 (1993). The failure of the Government to lay out the potential claim for liquidated damages cannot give rise to equitable tolling.

The plaintiffs continue to argue that the failure of a Federal employer to post a FLSA notice gives rise to equitable tolling, although they acknowledge the poster is not required. Pl. Mot. 32, n. 4. This argument is without merit. As plaintiffs concede, they must at least show that they were induced or tricked into letting the filing deadline pass. Pl. Resp. 10. The FLSA notice they seek says nothing about the filing deadline for FLSA claims nor does it discuss the potential for liquidated damages claims. Ex. 37 (Department of Labor FLSA notice required of private employers). Therefore, the absence of such a notice cannot logically be the reason the plaintiffs failed to file their lawsuit on time. For this reason, the absence of such a notice cannot give rise to an equitable tolling claim.

The plaintiffs simply cannot show that they were induced or tricked into letting the filing deadline for their liquidated damages claim pass. No representations were made to them regarding the filing deadline for such a claim or the existence of such a claim, neither were any misrepresentations made.[5] Because the duty they seek to impose on Federal employers does not exist, their claim for equitable tolling must fail.

## III. The Plaintiffs Are Not Entitled To Liquidated Damages, Which Would Be A Windfall Not Contemplated By The Statute

### A. Because The INS Acted In Good Faith And Upon Reasonable Grounds, Liquidated Damages Should Not Be Awarded

As established in our brief, the plaintiffs are not entitled to liquidated damages as INS, the employing agency, acted in good faith and had reasonable grounds to believe it was not violating FLSA. The plaintiffs, in response, point to no cases assessing liquidated damages based upon a misinterpretation of a regulation of the type at issue here, and fail to address the other facts supporting a finding of good faith and reasonable grounds. Pl. Resp. 5-9. For example, the plaintiffs do not dispute that INS pay personnel (the very personnel it accuses of bad faith) tried an alternate means of paying overtime. See Def. Mot. 21-22. This certainly shows the agency's good faith. Similarly, several undisputed facts support a finding of reasonable grounds. The six-day training schedule was unprecedented. Def. F. ¶¶ 5-6. The plaintiffs do not dispute this, yet claim that the policy since 1976 was that a sixth day incurred

[5] The plaintiffs allege that the Government had all of the information it needed as of May 2003, but waited until December 2004 through June 2005 to begin payment. Pl. Resp. 12. As has already been established in our first brief and Proposed Findings of Uncontroverted Fact, the May 6, 2003 broadcast email representation that DHS had a "complete listing of all employees who attended," turned out to be incorrect as it was later learned that FLETC had not provided the agency with the necessary complete listing of attendees. See Def. F. ¶ 66.

overtime pay.[6] Pl. Resp. 6. Similarly, the plaintiffs have no response to our showing that the fact that OPM and other agencies came to the same conclusion is an indication that there were reasonable grounds for the conclusion. Pl. Resp. 7-9. They point, strangely, to "60 years of legal precedent" without identifying a single case. Pl. Resp. 8. Given the novelty of the question and plaintiffs inability to cite a single case, it is doubtful that there indeed is 60 years of legal precedent on the question of whether a sixth day of training gives rise to overtime pay. Finally, we established in our opening brief that the pay personnel consulted the FPM letter as evidence of historical OPM guidance. The plaintiffs nevertheless choose to ignore this, instead repeating that the FPM letter was "obsolete" at the time in question. Pl. Resp. 8.

The plaintiffs also argue for the creation of a higher standard for the INS as a Federal employer. They state repeatedly that the Government "disregard[ed] the very law it had promulgated." Pl. Resp. 9. As discussed in Section IV below, the proper focus of the FLSA inquiry is the INS, which did not promulgate the regulations at issue. To hold all Federal employers to a higher standard whenever any OPM regulation is at issue would grossly distort the clear requirements of FLSA. This case presents precisely the circumstances under which a court should decline to award liquidated damages: the employing agency acted in good faith and upon reasonable grounds.

**B. The Statute Does Not Contemplate A Windfall Payment Of Liquidated Damages**

The plaintiffs fail to address at all the reasoning of this Court in Doyle that liquidated damages are not available to compensate for delay where a plaintiff has already received back

[6] The document cited by the plaintiffs in support of this idea do not show that the sixth day question had ever been contemplated by OPM prior to 2001. See Pl. Ex. 17.

pay.[7] Doyle v. United States, 20 Cl. Ct. at 501. They take issue, however, with our position that liquidated damages are only available in court. The weight of the case law simply does not support the idea that liquidated damages are available outside of court and regardless of whether a back pay payment has been made. As a preliminary matter, as illustrated in our first brief, 29 U.S.C. §§ 216 and 260 speak only of a "court" awarding, or declining to award, liquidated damages. Further, the language of the liquidated damages provision is very different from that of the provisions setting forth the minimum pay standards. The liquidated damages provision states that the employer "shall be liable." 29 U.S.C. § 216. In contrast, the minimum wage statute states that the employer "shall pay." 29 U.S.C. § 206. Similarly, whereas one can obtain back pay (such as that which the employer "shall pay") in an administrative action, one cannot obtain liquidated damages in an administrative action. 5 C.F.R. §§ 551.702(c), 551.703(c) (permitting claims for "back pay" only); Janice R. Christian, OPM Decision No. 0201-07-01 (Dec. 29, 2006) (attached hereto as Ex. 38) ("[T]he FLSA administrative claims process does not provide for the award of liquidated damages."); Craig Galluzzo, OPM Decision No. F-1802-11-01 (Dec. 19, 2007) (attached hereto as Ex. 39) (same). Further, the Back Pay Act, which provides for pre-judgment interest where an employee has suffered a reduction in entitlements due to unjustified personnel action, does not permit this interest on a liquidated damages claim. 5 U.S.C. § 5596; see Astor v. United States, 79 Fed. Cl. 303 (2007) (agreeing with plaintiffs that

---

[7] The cases cited by the plaintiffs regarding waivers of future liquidated damages are irrelevant. See Pl. Resp. 3-4. This case does not concern a waiver of future liquidated damages (i.e., regarding hours not yet worked), nor does the Government argue that one would be appropriate. At the time the back pay payments at issue in this case were made, the overtime hours allegedly giving rise to the liquidated damages claim had necessarily already been incurred.

they are not entitled to Back Pay Act interest on their liquidated damages award). This further suggests that liquidated damages are not an entitlement. And what is perhaps the clearest evidence against viewing liquidated damages as an entitlement that automatically arises as soon as overtime wages are not paid, is the statutory language providing that the Court may decline to award liquidated damages at all.[8] 29 U.S.C. § 260.

## IV. <u>The Proper Focus Of The Inquiry Is The Employing Agency</u>

The plaintiffs do not deny that the INS is the employing agency, and hardly discuss the statutory language which focuses on the actions of the employing "agency." They merely contend that even if INS is the focus of the inquiry, it was reckless not to consult OPM. Pl. Resp. 24. The failure to consult OPM under these circumstances cannot be considered reckless. The INS pay personnel, having misinterpreted the regulations did not believe that a question remained. Moreover, they had already consulted historical OPM guidance on the issue. Given that they were pay specialists in their own right and erroneously though they had the right answer, it is reasonable that they did not further consult OPM. Consulting OPM is not a requirement of the law.

As we have shown, this Court should find that the actions of employing agency were in good faith, based upon reasonable grounds, and not willful.

---

[8]As this discussion of the statutory scheme demonstrates, it would be inappropriate to treat liquidated damages as an entitlement akin to wages themselves. Accordingly, the plaintiffs' argument that the alleged promise of "complete payment" meant back pay plus liquidated damages and therefore justifies equitable tolling is without merit. Pl. Resp. 13.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court enter summary judgment in its favor and deny the plaintiffs' motion for summary judgment.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

Of Counsel:
ARTHUR RETTINGER
Senior Counsel
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229
Tel: (202) 344-2978
FAX: (202) 344-2950

MELANIE WATSON
Attorney-Advisor
Office of Personnel Management
1900 E Street, NW
Washington, DC 20415
Tel: (202) 606-1700
Fax: (202) 606-0082

February 8, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 8th day of February 2008, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah