**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ARTURO MORENO, JR., individually and on behalf of others similarly situated,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **No. 05-142C** |
| **v.** | ) | **(Judge Firestone)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's July 3, 2008 and July 17, 2008 Orders, the plaintiffs and defendant, the United States, respectfully submit the following joint status report, stating their separate positions below as appropriate:

**a. Plaintiffs Remaining In The Litigation**

The parties agree that the 102 plaintiffs set forth in the attached list (Schedule A) would remain in the litigation if the three-year statute of limitation were to apply.

**Plaintiffs' Separate Statement:**

The Plaintiffs state that an additional 47 Plaintiffs have claims that remain in the litigation under the Court's July 3, 2008 ruling (Schedules B and C), and an additional 20 Plaintiffs may have claims, but the defendant has not provided the necessary information to determine if they do (Schedules D and E).

Information provided by the defendant indicates that 25 Plaintiffs were not paid overtime for the sixth day of training even after August 23, 2003, the date the Government represented that it began paying overtime for the six day of training at the FLETC. The Government sent notice of the lawsuit to each of these people, and each filed a consent to sue claiming that they

were not paid overtime for the sixth day of training. Although discovery of the individual plaintiffs has yet to begin, Plaintiffs' counsel has called a sampling of these opt-in Plaintiffs, and they confirm that they were not paid overtime while training for six days at the FLETC. The defendant has not yet produced payroll records for these Plaintiffs. The specific individuals are set forth in Schedule B.

The defendant refuses to include an additional 22 Plaintiffs in Schedule A that trained within the three-year statute of limitation period. When Plaintiffs asked why these people were excluded, the defendant did not provide an explanation. The defendant appears to exclude these Plaintiffs for one of two reasons: either (1) they did not provide their social security number; or (2) their training dates fell outside of the three-year statute of limitations but they were paid within the limitation period. For 18 of these Plaintiffs, the defendant provided records showing that they training at the FLETC within the three-year statute of limitations. The defendant apparently seeks to exclude them because Plaintiffs' counsel has not provided a social security number yet.[1] For eight Plaintiffs, the Government has provided records that it paid them for the training at the FLETC within the three-year statute of limitations.[2] Nevertheless, the Government seems to take the position that the FLSA statute of limitations should run from the work week during which the overtime was worked rather than the time when the employee was paid the wages for that work week. This position is contrary to the law, and those Plaintiffs have

---

[1] It should be noted that the Government employed these people, already paid them back wages plus interest, and sent notice of the lawsuit to them. Therefore, the Government had their social security numbers at some point. It is unclear if the Government is claiming it does not have the social security number or is simply unwilling to acknowledge the liability.

[2] Four Plaintiffs seem subject to both of the defendant's erroneous rationales, i.e., they were paid within the three-year statute of limitations and Plaintiffs' counsel has not yet provided a social security number for them.

claims that remain in the litigation under a three-year statute of limitations.[3] These individuals are included in Schedule C.

**Defendant's Separate Statement:**

In accordance with this Court's order, the defendant provided training dates and a statute of limitations analysis for those plaintiffs for whom counsel provided social security numbers. (redacted versions attached as Schedules F, G and H). Counsel has not provided social security numbers for all plaintiffs with potential claims, preventing resolution of the status of those claims. In addition, according to both parties' representations in the case and the plaintiffs' statement of uncontroverted facts, persons who attended FLETC after August 23, 2003, when FLSA overtime payments began on an ongoing basis, are not eligible to be plaintiffs in this action as they have already received FLSA overtime for the Saturdays worked. Contrary to the plaintiffs' statement, the defendant is unaware of any information it has provided "indicat[ing] that 25 Plaintiffs were not paid overtime for the sixth day of training even after August 23, 2003."

Finally, the defendant has expressly stated to the plaintiffs that the statute of limitations runs from the time when the employees were paid the wages for the work day at issue. There appears to be no dispute on this point.

**b. Status of Plaintiffs Alleging Non-Payment**

The parties agree that three of the nine Plaintiffs alleging non-payment do not have claims within the three-year statute of limitation.

The parties agree that if the remaining six Plaintiffs were criminal investigators at the time they trained, they would be ineligible to receive FLSA overtime for any Saturdays for

[3] *Beebe v. U.S.*, 640 F.2d 1283, 1293 (Ct.Cl. 1981).

which they received Law Enforcement Availability Pay ("LEAP") compensation. 5 U.S.C. §5545a, 29 U.S.C. § 213(a)(16) and 29 U.S.C. §213(b)(30).

**Defendant's Separate Statement:**

The defendant has provided the plaintiffs with Form SF50 documents showing that these six Plaintiffs were criminal investigators at the time they would have attended training at FLETC. These six Plaintiffs are included in Schedule D. The defendant is willing to provide documentation concerning their receipt of LEAP compensation within thirty days.

**c. Plaintiffs For Whom No Training Dates Given**

**Plaintiffs' Separate Statement:**

Plaintiffs state that the defendant has not provided sufficient information to determine whether 20 additional Plaintiffs have potential claims remaining under the Court's July 3, 2008 ruling. In addition to the six Plaintiffs included in Schedule D, the defendant has not provided training dates for 14 Plaintiffs. Those Plaintiffs are listed in Schedule E.

As the Court directed in its July 17, 2008 Order, Plaintiffs have provided to the defendant social security numbers for Plaintiffs who have potential claims remaining. Plaintiffs have provided to the defendant social security numbers for 137 of the 169 Plaintiffs listed in schedules A-E. Plaintiffs' counsel spent a considerable amount of work and time obtaining social security numbers. A copy of the Court's Order and summary judgment Opinion was posted on Plaintiffs' website. Plaintiffs were e-mailed, telephoned, and sent letters. With each written correspondence a copy of the July 17, 2008 Order was included to convince them that the communication was not fraudulent. Each person that did not respond was contacted approximately five times. Counsel continues to follow up with people who did not provide their social security number.

The Plaintiffs request that the Court conduct a conference to set a trial date and arrange a schedule for pre-trial proceedings. Plaintiffs will continue working to resolve the training dates for the 23 Plaintiffs in Schedule E and to obtain social security numbers for the 18 Plaintiffs in Schedule C. As the issue for trial—the defendant's good faith and willfulness—does not depend on any individual Plaintiffs' training dates, Plaintiffs request that the conference and trial be conducted for the earliest possible dates.

**Defendant's Separate Statement:**

Despite the Court's orders, the plaintiffs only provided social security numbers for 175 plaintiffs of the 736 named in the lawsuit. (There are 737 named plaintiffs, but one plaintiff, Danyang Zhang, has sought to have his claim dismissed.) Given the technical difficulties of searching the personnel records as well as the privacy concerns cited earlier by the defendant, the defendant has not provided training dates for the remaining plaintiffs. The defendant is willing to search for and provide training dates for the remaining plaintiffs once their social security numbers are provided, which will facilitate the searches and confirm their identity. In addition, the defendant was unable to locate training dates for three plaintiffs: Michael Paul Gendream, John Mirandona, Jr., and Mellissa B. Harper. Finally, the defendant has been unable to locate training dates for the seven plaintiffs identified as criminal investigators. In any event, as set forth above, these plaintiffs would not be eligible for FLSA overtime.

Respectfully submitted,

s/ Michael J.D. Sweeney
MICHAEL J.D. SWEENEY
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
Tel: (845) 255-9370
Fax: (845) 255-8649

Attorney for Plaintiffs

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk Manhardt for Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8640

September 8, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 8th day of September 2008, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah