**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **ARTURO MORENO, JR., individually and on behalf of others similarly situated, Plaintiffs,** | ) | |
| **v.** | ) | **No. 05-142C (Judge Firestone)** |
| **THE UNITED STATES, Defendant.** | ) | |

**MOTION TO COMPEL THE GOVERNMENT'S BEST EFFORTS TO PROVIDE PLAINTIFFS' EMPLOYMENT INFORMATION**

Plaintiffs respectfully request that the Court order the Government use its best efforts to provide the remaining training dates for Plaintiffs whose information remains outstanding and social security numbers that Plaintiffs' counsel has been unable to obtain. The missing information will help establish which Plaintiffs have potential claims under the Court's July 3, 2008 Order.

On June 9, 2008, Plaintiffs gave the Government an Excel spreadsheet containing the names of the 736 opt-ins and the date their consents to sue were filed. On June 12, 2008, the Government provided training dates for 657 opt-in plaintiffs in an Excel spreadsheet. Rather than provide the remaining training dates, the Government asked the Court to order Plaintiffs to produce social security numbers for its own employees. The Government claimed that without the social security numbers, it could not obtain employment information for the Plaintiffs. The claim is simply incredulous. The Government employed the individuals, made partial payment to them for the claims in this case, and it sent each of them notice of the opportunity to join the

case. The Government has offered no reason why it does not still have the training information and social security numbers for these people.

## I. Plaintiffs Used Best Efforts to Acquire Social Security Numbers

The Government's request required substantial additional work. The Court bifurcated discovery in this case between liability and individual claims, so Plaintiffs' counsel had not previously collected all of the Plaintiffs' social security numbers. And we did not solicit social security numbers on the consents to sue because they are filed as public documents.

On July 17, 2008, the Court ordered Plaintiffs' counsel to provide social security numbers for the Plaintiffs that have potential claims after its July 3, 2008 Order—those whose claims would fall within a three-year statute of limitations. Plaintiffs' counsel used its best efforts to obtain the social security numbers.[1] First, counsel sent an e-mail along with a copy of the July 17 Order to each Plaintiff for whom we have an e-mail address. Second, counsel posted the Court's Order on its website along with instructions for Plaintiffs to provide us with their social security numbers. Third, counsel mailed a letter and a copy of the July 17, 2008 Order to each Plaintiff for whom the Government did not provide training dates. Fourth, counsel called each Plaintiff that did not respond. Fifth, counsel sent a second e-mail, with another copy of the July 17, 2008 Order. Sixth, counsel mailed a second letter to each Plaintiff for whom the Government did not provide training dates.

As a result of counsel's efforts, Plaintiffs produced social security numbers for 136 of 168 Plaintiffs known to have potential claims under the July 3, 2008 Order, and social security

[1] Based on the Government's representation of opt-in training dates, many Plaintiffs do not have viable claims after the July 3, 2008 Order.

numbers for 9 of 19 Plaintiffs[2] for whom the Government did not provide training dates. Despite counsel's efforts, we have been unable to provide social security numbers for 32 Plaintiffs who are known to have potential claims, and 10 Plaintiffs for whom the Government has not provided training and pay records. The Government provided training dates for 149 of the 168 Plaintiffs.

There are many reasons that a Plaintiff would not respond to counsel's request for a social security number. Some will have moved during the pendency of the litigation and not provide a current address. Some will have personal circumstances that prevent them from receiving the requests, e.g., they may be serving in Iraq or Afghanistan. Moreover, many Plaintiffs were initially reluctant to provide social security numbers because they did not believe that the Government did not have their social security numbers.[3] Their disbelief is well founded. The Government employed each of these people, paid each of these people back pay plus interest for the hours at issue in this case, the Government sent the initial notice to them, many are still employed by the Government; and all had previously provided the Government with their social security number. Because they were suspicious of a request for social security numbers they knew the Government already had, many Plaintiffs did not respond until counsel spoke to them personally by telephone. Even after those conversations, at least four Plaintiffs have refused to provide social security numbers.

Counsel continues to try to provide the Government with the outstanding information so that the Government can locate the employment records of its own employees.

[2] There were 20 people, but one person decided to opt-out.
[3] Declaration of Kathy Weiss, ¶9

**II. The Government Should Be Required to Provide the Missing Information for Plaintiffs**

The Government has the missing information. The FLSA requires employers, including the Government, to "make, keep and preserve such records of the persons employed by him and of the wages, hours …"[4] The employer must maintain employment information such as name and any identifying number.[5] And if the employer makes a retroactive payment those records are required to be kept.[6] Thus the Government is required by law to maintain the training records.[7] The Government also has the social security numbers. Not only did the Government pay the Plaintiffs their regular wages, it paid them back pay plus interest for the claims in this case. In doing so, it would have had to use the Plaintiffs' social security numbers to record payroll taxes, and it listed the social security number on Statements of Earnings and Leave.[8]

The missing social security numbers will allow the Parties to identify the Plaintiffs who have potential claims under the Court's July 3, 2008 Order. They will allow the Government to provide the training information necessary to determine if a Plaintiffs falls within a three-year statute of limitations. The social security numbers will also allow Plaintiffs' counsel to re-establish contact with Plaintiffs who have not received our correspondence. In counsel's experience, the most effective way to locate those people is to perform a search using the person's social security number.

The Government cannot reasonably argue that it should not provide Plaintiffs with social

---

[4] 29 U.S.C. §211(c)
[5] 29 C.F.R. §516.2(a)(1)-(12)
[6] 29 C.F.R. §516.2(b).
[7] Moreover, the Government was on notice of these claims in 2004, before it made the back pay plus interest payments. It had an obligation to preserve any and all records.
[8] Declaration of Matt Dunn, ¶2.

security numbers because of privacy concerns. Courts frequently order employers to produce employees' social security numbers to facilitate notice in a FLSA collective action.[9] Although employers may object because of privacy concerns, an such concerns are easily resolved with a protective order.[10] Indeed, the Government has already produced plaintiffs pay statements containing their social security numbers.[11] The Parties have already taken measures to protect privacy through a protective order and by exchanging password protected documents via e-mail.

Plaintiffs respectfully request that the Court order the Government to use its best efforts to find and produce Plaintiffs' social security numbers, and to document those efforts for the Court. With the missing social security numbers, the Government will be able to provide the missing training dates and Plaintiffs' counsel will be able to re-establish contact with Plaintiffs who have moved. Plaintiffs are asking for information that the Government has, and has an obligation to produce. Allowing the Government to avoid its legal obligations by claiming it cannot locate records it is obligated by law to keep provides an incentive to misplace or destroy records.

---

[9] *Francis v. A & E. Stores, Inc.*, No. 06 Civ. 1638 (CLB)(GAY), 2008 WL 2588851, *3 (S.D.N.Y. June 26, 2008)(conditionally certifying a collective action); *Wong v. HSBC Mortg. Corp. (USA)*, No. C-07-2446 MMC, 2008 WL 753889, *4 (N.D. Cal. March 19, 2008)(ordering employer to produce last four digits of employees social security numbers in collective action); *Burch v. Qwest Communications Intern., Inc.*, 500 F.Supp.2d 1181, 1191 (D.Minn. 2007)(same); *Levy v. Verizon Information Services Inc.*, Nos. 06 CV 1583(NG)(SMG), 06 CV 5056(NG)(SMG), 2007 WL 1747104, *5 (E.D.N.Y. June 11, 2007); *Lynch v. United Services Auto. Ass'n*, 491 F.Supp.2d 357, 372 (S.D.N.Y. 2007)(last four digits); *Czubara v. Hamilton Mortg. Co*, No. CV-05-3438 PHX-DGC, 2006 WL 5526617, *2 (D.Ariz. June 5, 2006); *Reyes v. Carnival Corp.*, No. 04-21861-CIV, 2005 WL 4891059, *9 (S.D.Fla. May 25, 2005).

[10] *See*, *Gieseke v. First Horizon Home Loan Corp.*, Civil Action No. 04-2511-CM-GLR, 2007 WL 445202, *4 (D.Kan. Feb. 7, 2007)(ordering defendant to produce social security numbers because need outweighed privacy interests); *Rees*, 2006 WL 3251829, *2 (disclosure of social security numbers was appropriate given the ready ability to protect confidentiality through the use of a protective order); *E.E.O.C. v. Lexus of Serramonte*, No. 05-0962 SBA, 2006 WL 2567878, *1, 6 (N.D.Cal. Sept. 5, 2006)(overruling objections to magistrate judge's order requiring defendant to produce an employee list, with social security numbers, conditioned upon the parties entering into a suitable protective order).

[11] Declaration of Matt Dunn, ¶2.

**CONCLUSION**

Plaintiffs respectfully request the Court to order the Government to use and provide documentation of its best efforts to provide the social security numbers and training information for Plaintiffs whose information is outstanding. The Government is legally obligated to maintain the information and has used it recently. The information will allow the Parties to identify those Plaintiffs who have potential claims under the Court's July 3, 2008 Order.

Dated: September 11, 2008
New Paltz, New York

Respectfully submitted,

/s/ Michael J.D. Sweeney
MICHAEL J.D. SWEENEY
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
Tel: (845) 255-9370
Fax: (845) 255-8649

CERTIFICATE OF SERVICE

I hereby certify that on this day of September 11, 2008, a copy of the foregoing“MOTION TO COMPEL THE GOVERNMENT’S BEST EFFORTS TO PROVIDE PLAINTIFFS’ EMPLOYMENT INFORMATION” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

/s/ Michael J.D. Sweeney
MICHAEL J.D. SWEENEY
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
Tel: (845) 255-9370
Fax: (845) 255-8649